IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SONYA OWENS** | ) | |
| Plaintiffs, | ) ) ) | Case No. : CV-05-1729 (AK) |
| v. | ) ) | |
| **DISTRICT OF COLUMBIA** | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME TO FILE A DISPOSITIVE MOTION**

COMES NOW, Plaintiff, by and through their counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and hereby submit this Memorandum of Points and Authorities in support of Plaintiffs' Opposition to Defendant's Motion to extend time to file a dispositive motion. Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion because Defendant has failed to show good cause as required by Local Rule 16.4 or to show truly exceptional and compelling circumstances. Granting this motion would unfairly prejudice Plaintiff.

### BACKGROUND

This is Defendant's fourth consecutive motion to extend time to file a dispositive motion. In support of its motion, Defendant states that this is Defendant's **fourth** request for an extension of time to file a dispositive motion. Discovery closed in this case on July 14, 2006. This Court set the filing of dispositive motions for October 16, 2006. (Exhibit A) On October 16, 2006,

Defendant requested a 60 extension to file a dispositive motion which was granted by the court. **Plaintiff did not oppose the motion**. This court set a December 15, 2006 deadline to file dispositive a motion. On December 15, 2006, Defendant requested a 60 extension to file a dispositive motion which was granted by the court. **Plaintiff did not oppose the motion.** This court set a February 15, 2007 deadline to file dispositive a motion. On February 15, 2007, Defendant requested a 60 extension to file a dispositive motion which was granted by the court. **Plaintiff did not oppose the motion**.

This court set a April 15, 2007 deadline to file dispositive a motion. On April 13, 2007, Defendant requested a 60 extension to file a dispositive motion. **Plaintiff <u>opposed</u> the motion!** The court however, granted in part Defendant's third Request for an extension to file a dispositive motion (3 days after Defendant filed the motion before Plaintiff had an opportunity to file a written opposition as provided by the Federal Rules). This court set a May 4, 2007 deadline to file dispositive a motion. The court also wrote in the minute order, "***<u>No further extensions of time will be granted.</u>***" However, on May 4, 2007, Defendant filed this forth request for an extension to file a dispositive motion.

## ARGUMENT

**I. DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE DEFENDANT FAILS TO SHOW GOOD CAUSE OR TRULY EXCEPTIONAL AND COMPELLING CIRCUMSTANCES FOR AN EXTENSION OF TIME TO FILE A DISPOSITVE MOTION.**

Local Rule 16.4 states that, "The court may change the track assignment of a case, or modify the scheduling order, at any time upon a showing of good cause." In *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d 145, 149-153 (D.C. Cir. 1996), the court upheld the trial court's implementation of the scheduling order entered at the beginning of the case and insisting on its reasonable observance during litigation. That case,

quoting the Final Report of the Civil Justice Reform Act Advisory Group of the United States District Court for the District of Columbia states, " The parties and their counsel should be bound by the dates specified in any first scheduling order or other scheduling order, and that no extensions or continuances should be granted, except on a timely showing of good cause… Once the schedule is set at the scheduling conference, the presumption should be firmly against the granting of continuances…" *Id* at 152.

  The facts set forth by the Defendant also fail to show good cause or truly exceptional or compelling circumstances. *Local Rule 16.4; Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d at 152.  The Defendant's motion does not satisfy the good cause or truly exceptional and compelling circumstances standards because it fails to provide any legal or factual grounds for an extension under current case law. *Local Rule 16.4; Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d at 152. Defendant has had approximately **10 months** since the July 14, 2006 close of discovery to draft and file a dispositive motion.  **7 months** has passed since the **first** dispositive motion deadline (October 16, 2006). **5 months** has passed since the **second** dispositive motion deadline (December 15, 2006). **3 months** has passed since the **third** dispositive motion deadline (February 15, 2007). Almost **1 month** has passed since the **fourth** dispositive motion deadline (April 15, 2007). Moreover, when this court set a May 4, 2007 deadline to file dispositive a motion, the court also wrote in the minute order, "***No further extensions of time will be granted.***" Now the **fifth** dispositive motion deadline (May 4, 2007) has passed and Defendant still has not filed a dispositive motion even though, they have had had over **10 months** to daft and file it.

  The Defendant has failed to show good cause or truly exceptional and compelling circumstances to extend the deadline to file a dispositive motion. According to *Jackson v.*

3

*Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, " The parties and their counsel should be bound by the dates specified in any first scheduling order or other scheduling order, and that no extensions or continuances should be granted, except on a timely showing of good cause…Once the schedule is set at the scheduling conference, the presumption should be firmly against the granting of continuances…" *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d 145, 152 (D.C. Cir. 1996). Additionally, Defendant's Motion should be denied because it is devoid of any supporting case law.

## **CONCLUSION**

In conclusion, the Defendant failed to make a showing of good cause or truly exceptional and compelling circumstances and failed to include any case law to support their motion.

Respectfully submitted,

_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (FAX)
Bar # MD 14639