UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SONYA OWENS,
            Plaintiff,

v.

DISTRICT OF COLUMBIA,
            Defendant.

Civil Action No. 05-1729 (AK)

**MEMORANDUM ORDER**

Pending before this Court is Defendant's [Fifth] Motion to Extend Time to File Dispositive Motions [21], which was filed on May 8, 2007, four days after Defendant filed its [Fourth] Motion to Extend Time to File Dispositive Motions [19], which was opposed by the Plaintiff.[1] In considering the Defendant's Fifth Motion, the Court must first undertake a brief review of the docket sheet in this case, to track the various deadlines for dispositive motions, which were imposed in this matter. On July 14, 2006, approximately ten months ago, this Court entered a Scheduling Order [12] setting an October 16, 2006 due date for dispositive motions, a Pre-trial Conference date of January 8, 2007, and a Trial date of January 22, 2007. These dates were set pursuant to a telephonic status conference held on July 14, 2006, at the close of discovery. At that time, this Court also entered an Order Referring the Case for Mediation [13] for a period of thirty days. Mediation was later continued until November 20, 2006, pursuant to a joint request by the parties, and counsel were directed to contact chambers at the conclusion of the mediation period, to set a new date for filing dispositive motions.

On October 16, 2006, defense counsel filed a Consent Motion for Extension of Time to

---

[1] This Court did not rule on the Fourth Motion.

File a Dispositive Motion [15], which was granted by this Court in a Minute Order dated October 17, 2006. The deadline for filing dispositive motions was set for December 15, 2006, a full two months later, which was consistent with the request propounded by Defendant, and the Pre-trial and Trial dates were vacated in light of the new deadline for filing dispositive motions. (October 17, 2006 Minute Order.)[2] On December 15, 2006, Defendant moved for a 60-day extension of time in which to file its dispositive motion [16]. On December 18, 2006, the Court granted Defendant's unopposed motion and allowed Defendant another 60 days in which to file its dispositive motion, until February 15, 2007.

On February 13, 2007, Defendant requested a [Second] 60-day extension of time in which to file its dispositive motion [17]. The Court granted the 60-day extension, which was unopposed, and allowed Defendant until April 15, 2007, to file its dispositive motion. (February 15, 2007 Minute Order.) On April 13, 2007, Defendant filed its [Third] Request for Extension of Time in which to File Dispositive Motions [18], requesting a 30-day extension. Defendant did not indicate that Plaintiff consented to this request. Defendant's justification for the request included a statement that counsel was actively involved in other legal matters, including mediations, depositions, and "other court hearings and scheduled appointments." (Motion [18] at 1.) Counsel also indicated that she had "recently received additional discoverable material relevant to this action that relate to Plaintiff's employee appeal . . . [in the form of a] hearing transcript on Tuesday, April 3, 2007 . . . [which is] over 500 pages long."( *Id.*)

On April 16, 2007, this Court entered a Minute Order granting in part and denying in part Defendant's [Third] Request. The Court set a May 4, 2007 deadline for dispositive motions and

---

[2] It was anticipated by the Court that the Pre-trial Conference and Trial dates would be promptly rescheduled after the dispositive motions were filed.

indicated that "[n]o further extensions of time will be granted." (April 16, 2007 Minute Order.) On May 4, 2007, Defendant requested a [Fourth] Motion to Extend Time to File Dispositive Motions [19], asking for a two [business] day extension of the May 4, 2007 deadline, on grounds that "the above referenced action is a complex employment action [and] undersigned recently completed a review of additional discoverable material relevant to this action that relate to Plaintiff's employee appeal [including the hearing transcript and other exhibits.]" (Motion [19] at 1.) Counsel indicated that she had "almost completed the motion but was unable to devote the entire week to the motion." (*Id.*) Plaintiff opposed the Motion [19], arguing that "Defendant has failed to show good cause as required by Local Rule 16.4 or to show truly exceptional and compelling circumstances [for another extension.]" (Opposition [20] at 1.)[3] Plaintiff further asserted that "[g]ranting this motion would unfairly prejudice Plaintiff." (*Id.*)

Before the Court ruled on that [Fourth] Motion, Defendant filed its [Fifth] Motion to Extend Time to File Dispositive Motions [21], requesting a three day extension, from May 8, 2007 to May 11, 2007, indicating that "counsel was unable to complete the motion this past weekend due to continued personal matters . . . . ." ([21] at 3.) Counsel also asserted that she had other work commitments during May 7, 2007, which prevented her from focusing efforts on this case. ([21] at 4.)

Reviewing Counsel's pattern of repeatedly requesting continuances in this case [relating to the filing of a dispositive motion], the Court can only conclude that counsel has not made the preparation and filing of a dispositive motion in this case a priority. Nor has counsel proffered a

---

[3]Local Civil Rule 16.4 provides in relevant part that "[the court may modify the scheduling order at any time upon a showing of good cause." Fed. R. Civ. P. 16(b) similarly states that "[a]schedule shall not be modified except upon a showing of good cause and by leave of [court.]"

compelling reason for this Court to grant yet another in a long string of extensions.  While the Court is sympathetic to the workload carried by counsel and the importance of taking care of one's family matters, this does not excuse counsel's lack of diligence in preparing Defendant's dispositive motion, particularly when Defendant was granted several continuances, spanning from December 15, 2006 to May 2, 2007, and this Court stated in no uncertain terms, in its April 17, 2007 Minute Order  that "no further extensions of time will be granted."  *See generally Depippo v. Chertoff*, 453 F.Supp.2d 30, 35 (D.D.C. 2006) (declining to toll a filing deadline, after observing that the plaintiff had a "history of untimeliness which speaks to [his] diligence in pursuing these matters" and the court had already granted "numerous extensions of time."); *Zimmer Technology, Inc. v. Howmedica Osteonics Corp.*, No. 3:02-CV-425, 2007 WL 724833 *3 (N.D. Ind. 2007) (slip copy) (discussing the "good cause" standard under Rule 16(b) and finding that it focuses on a party's diligence); *Shewbridge v. El Dorado Irrigation District*, No. CIV. S-05-0740 FCD EFB, 2007 WL 1294392 *2 (E.D. Cal 2007) (slip copy) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th cir. 1992)  ("Although the existence or degree of prejudice to the party opposing the modification [to a pre-trail scheduling order] might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.")

     As of April 16, 2007, this Court had granted Defendant a total of 181 days of extensions to file a dispositive motion.  Thereafter, as noted above, counsel for Defendant filed two more motions seeking additional time.  Neither of the latter motions met the threshold of a good cause showing.  The Court made every attempt to accommodate counsel's repeated requests for additional time and for counsel to now tender as reasons for even more time that they "are involved in other legal matters including mediations and depositions" leaves the Court with the

conclusion that, at worst, counsel is treating this Court's deadlines with disrespect or, at best, cavalierly. There comes a time when the Court, in fairness to the other party and in compliance with the civil rules, must say to counsel "enough is enough - you are now abusing the judicial process." That time has now been reached. Accordingly, it is this 14th day of May, 2007,

ORDERED that Defendant's Motion to Extend Time to File Dispositve Motions [19] be and hereby is denied. It is further

ORDERED that Defendant's Motion to Extend Time to File Dispositive Motions [21] be and hereby is denied. Defendant's dispositive motion, filed on May 11, 2007, should be stricken from the docket, for being untimely filed.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE