**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SONYA OWENS, | : |
| | : |
|     **Plaintiff,** | : |
| | : |
| v. | : |
| | :    CV-05-1729 (AK) |
| DISTRICT OF COLUMBIA, | : |
| | : |
|     **Defendant.** | : |
| _____: | |

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR RECONSIDERATION OF THIS COURT'S MAY 14, 2007 ORDER, DENYING THE DISTRICT DEFENDANT'S MOTION TO EXTEND TIME TO FILE DISPOSITIVE MOTIONS**

      Defendant, the District of Columbia, by and through undersigned counsel, Assistant Attorney General Nicola N. Grey, hereby moves this Honorable Court to reconsider its May 14, 2007, Order striking Defendant's Motion for Summary Judgment, and denying the District Defendant's Motions to Extend Time to File Dispositive Motions.

      A Memorandum of Points and Authorities, along with a proposed Order, is attached hereto.

                                  Respectfully submitted,

                                  LINDA SINGER
                                  Attorney General for the District of Columbia

                                  GEORGE C. VALENTINE
                                  Deputy Attorney General,
                                  Civil Litigation Division

                                  _____/s/_____
                                  PHILLIP A. LATTIMORE, III [422968]
                                  Chief, General Litigation Sec. III

>       /s/
> NICOLA N. GREY [492150]
> Assistant Attorney General
> 441 Fourth Street, N.W.
> Sixth Floor South
> Washington, D.C. 20001
> (202) 724-6626; (202) 727-6295
> (202) 727-3625 (fax)
> E-mail:  nicola.grey@dc.gov

## **RULE 7(m) CERTIFICATE**

Plaintiff does not consent to the filing of this motion and the relief requested herein.

>       /s/
> NICOLA N. GREY
> Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SONYA OWENS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | **CV-05-1729 (AK)** |
| **DISTRICT OF COLUMBIA,** : | |
| : | |
| **Defendant.** : | |
| _____: | |

**DEFENDANT DISTRICT OF COLUMBIA'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF THE DEFENDANT'S
MOTION FOR RECONSIDERATION OF THIS COURT'S MAY 14, 2007,
ORDER DENYING THE DISTRICT DEFENDANT'S MOTION
TO EXTEND TIME TO FILE DISPOSITIVE MOTIONS**

On May 14, 2007, this Court issued a Memorandum Order (Document No.: 23), in which this Court struck Defendant's Motion for Summary Judgment, as untimely, denied Defendant's Motion for Extension of Time to File Dispositive Motion (Document No.: 19), and denied Defendant's Motion for Extension of Time to File Dispositive Motion (Document No.: 21). In its Order, this Court concluded that "[undersigned] counsel [had] not made the preparation and filing of a dispositive motion in this case a priority. Nor has counsel proffered a compelling reason for this Court to grant yet another in a long string of extensions." See Order dated May 14, 2007.

Respectfully, the Defendant requests that this Court reconsider its May 14, 2007, Order and allow the District leave to file Summary Judgment. By no means was undersigned counsel cavalier, intentionally disrespectful to this Court or its deadlines or intentionally abused the judicial process. In support of this Motion, Defendant respectfully submits as follows:

3

**I.**    **Background**

1.  On July 14, 2006, this Court entered a scheduling order setting an October 16, 2006, dispositive motion deadline, a Pre-trial Conference date of January 8, 2007, and a trial date of January 22, 2007.

2.  Additionally, this court entered an Order referring this case for mediation for a period of thirty days. The Mediation was continued until November 20, 2006.

3.  In mid-September, the undersigned was assigned to be co-counsel in *Wright v. D.C.* The *Wright* trial was scheduled to commence on October 17, 2007. *Wright* was an extremely complex employment whistleblower action that included over 450 exhibits and approximately 50 witnesses were noted in the pre-trial statement.

4.  On October 16, 2006, undersigned counsel filed a Consent Motion for Extension of Time to File Dispositive Motions for sixty (60) days. Though the motion was titled a "consent" motion, it should have been titled a "joint" motion. In support of that motion, undersigned included only information that was relevant to undersigned counsel's need for an extension.

5.  In hindsight, undersigned counsel should have stated in its October 16, 2006, motion request for an extension that the parties agreed to request that the dispositive motion deadline be rescheduled because the parties had entered into settlement discussions, counsel had scheduled a number of appointments to deal with outstanding issues that would aid the settlement negotiations, all of the appointments were canceled by Plaintiff's counsel and rescheduled, and undersigned counsel was preparing for an extremely complex employment whistleblower action, *Wright v. DC*. As a result of those discussions, the parties not only felt

that the dispositive motion deadline needed to be extended, but also felt that mediation needed to be rescheduled.

6. At the time of the filing of the October 16, 2006, motion, undersigned counsel was actively engaged in extensive trial preparation while simultaneously learning the *Wright* case.

7. The *Wright* trial did not commence on October 17, 2006, and the court rescheduled the commencement date to November 4, 2006. At all times, undersigned counsel continued to prepare for trial as well as handle other matters that undersigned scheduled prior to being assigned to the *Wright* case.

8. *Wright* settled on or about November 6, 2006. On November 9, 2006, the undersigned was assigned a personal injury case, *Chambers. v. DC*, that commenced trial on December 4, 2006. *Chambers* was yet another case that undersigned had to simultaneously learn and prepare for.

9. In November 2006, Plaintiff's counsel cancelled a November 16, 2006, meeting that the parties had scheduled to deal with outstanding issues that the parties believed would help with settlement discussions. The November 16, 2006, meeting was rescheduled to January 11, 2007, as a result of undersigned counsel's trial schedule and the holidays.

10. In addition to preparing for trial, the undersigned was also preparing a Motion for Summary Judgment in a Title VII case, *Banks v. DC*. The Motion was filed on November 29, 2006.

11. The *Chambers'* trial commenced on December 4, 2006, and concluded on December 13, 2006. On December 15, 2006, undersigned counsel filed a motion for an

extension of time to file dispositive motions. Again counsel stated in the motion only the issues that counsel at that time felt were relevant to undersigned counsel's trial schedule.

12. The undersigned should have also included that the extension was not only necessary because of undersigned counsel's trial schedule, but also that the parties had not completed their discussions regarding outstanding issues. The parties scheduled these discussions for January 2007.

13. Additionally, undersigned counsel should also have included in its December 15, 2006, request for another extension of time that as a result of the two extremely complex cases that undersigned counsel had been engaged in from September 2006 to December 2006, undersigned counsel had a number of matters that were scheduled and needed to be scheduled in other cases.

14. In fact, after the December 13, 2006, conclusion of the *Chamber* trial, undersigned counsel became actively engaged in discovery in four other cases, *Jones v. DC, Harrison v. Freightliner, Quander-Clemons v. DC,* and *Williams v. DC*. Undersigned counsel scheduled and prepared for twenty-eight depositions from December 18, 2006, to January 29, 2007. Of the twenty-eight depositions, only five were cancelled.

15. On or about January 26, 2007, undersigned counsel learned for the first time that the Plaintiff had filed an Office of Employee Appeals ("OEA") in November 2005. Plaintiff, who is not represented by counsel in her OEA appeal, failed to disclose this very important information during discovery. On that same date, undersigned counsel learned that a number of hearings had been conducted regarding Plaintiff's appeal, witnesses were produced and gave sworn testimony, and exhibits were filed. Plaintiff, however, never produced any of these documents to the Defendant though they had been requested during discovery.

16.     From February 6, 2007, to February 16, 2007, undersigned counsel had eight depositions scheduled in *Williams v. DC*. Although the undersigned prepared for all eight depositions, four were cancelled.

17.     On February 13, 2007, undersigned counsel filed another 60 day request for an extension of time to file dispositive motions. In hindsight, this request should have been filed as a joint request because undersigned counsel did not have all of the documents necessary to file Defendant's motion for Summary Judgment because *Plaintiff* did not disclose this information enumerated in paragraph 16 until on or about January 26, 2007. The Court granted Defendant's February 13, 2007, motion and re-set the dispositive motion deadline to April 15, 2007.

18.     At the time that undersigned counsel filed the February 13, 2007, motion, the undersigned had not been able to locate the attorney at the Office of Attorney General who was handling the OEA appeal. The 60 day extension was necessary so that undersigned could contact the administrative appeal counsel, obtain the necessary documents, and copy and review the documents based on Plaintiff's representation that the appeal had concluded.

19.     Undersigned counsel was finally able to contact Assistant Attorney General Andrea Comentale in March 2007. AAG Comentale advised undersigned that the hearing transcript had not been completed and that she would contact the undersigned when she had a copy that was ready for pick up.

20.     Undersigned counsel received the Plaintiff's and OAG's OEA appeal documents on or about March 30, 2007, excluding the hearing transcript. The OEA submissions were over one thousand pages. Undersigned received the hearing transcript on or about April 3, 2007. The hearing transcript was approximately 500 pages.

21.     On April 13, 2007, undersigned counsel filed a thirty day request for another extension of time to file dispositive motions. Undersigned counsel advised the Court that additional time was needed to review the newly received and voluminous material. Undersigned included in the April 13, 2007, motion, undersigned counsel's schedule so that the Court would be apprised of the conflicts that existed with other scheduled matters.

22.     On April 16, 2007, the Court entered a Minute Order granting in part and denying in part Defendant's April 13, 2007, request. The Court also stated in that Minute Order that "[n]o further extensions will be granted." Upon receipt of this Court's April 16, 2007, Minute Order, undersigned counsel overlooked the fact that the Court stated in its Order that, "[n]o further extensions would be granted." *See* Order (Document No. 18).

23.     On May 4, 2007, and May 8, 2007, undersigned counsel requested two additional extensions of time of two days and three days respectively to file dispositive motions (Document No.s: 19 and 21).

24.     Undersigned counsel respectfully requested the extensions of time because undersigned counsel had not been able to complete Defendant's dispositive motion by the May 4, 2007, deadline.

25.     On May 6, 2007, Plaintiff filed an Opposition to Defendant's May 4, 2007, Motion (Document No. 20). Plaintiff argued that "Defendant has failed to show good cause as required by Local Rule 16.4 or to show truly exceptional and compelling circumstances" for another extension of the dispositive motion schedule.

26.     Plaintiff filed her Opposition on May 6, 2007. However, since May 6, 2007, was a Sunday, undersigned counsel did not receive the filing until Monday, May 7, 2007. After

8

quickly reviewing Plaintiff's Opposition, undersigned counsel intended to file a Reply once the Motion for Summary Judgment was completed.

27.    On May 11, 2007, undersigned counsel filed the Motion for Summary Judgment and intended to file a Reply to Plaintiff's Opposition, on May 14, 2007, five days after service of the Opposition.  Unfortunately, on May 14, 2007, this Court denied the May 4, and May 8, 2007, motions for extensions and struck Defendant's May 11, 2007, Summary Judgment Motion from the record before undersigned had an opportunity to reply.

28.    Had undersigned counsel had an opportunity to reply, undersigned would have advised the Court that the undersigned inadvertently overlooked the April 16, 2007, Minute Order.  Had undersigned counsel not overlooked the Minute Order, undersigned would have acknowledged this Court's order in its motions for extensions and would have provided a more descriptive explanation to support the Defendant's compelling reasons as to why the motion for an extension should have been granted.

29.    Since Plaintiff did not acknowledge her failure to disclose the information regarding the OEA appeal in her Opposition, undersigned counsel would have included in a Reply the history regarding the prior requests for extensions and the present issues that would have made an extension of the deadline necessary as opposed to a quick explanation as to why the extensions of time were necessary.

## II.    Standard of Review

Motions for reconsideration are committed to the sound discretion of the trial court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  "A motion for reconsideration need not be granted unless the district court finds that there is an intervening change in controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest

9

injustice." *Judicial Watch, Inc., v. United States Department of Energy, et al.*, 319 F. Supp. 2d 32, 34 (quoting *Firestone*, supra). "It is not simply an opportunity to reargue facts and theories upon which a court has already ruled. A motion to reconsider must establish more than simply the defendant's continued belief that the court's decision was erroneous. Instead, a motion for reconsideration will be granted only if the moving party presents new facts or a clear error of law which compels a change in the court's ruling." *Id.* (internal citation and quotations omitted)

**III.    Argument**

1.   **This Court should reconsider its decision striking the Defendant's summary judgment motion and denying its requests to enlarge the dispositive motions deadlines because Plaintiff failed to produce necessary information to defendant during discovery and has unclean hands.**

    Plaintiff does not come into this matter with clean hands. In this instance, Plaintiff knew that she failed to produce or disclose certain discoverable information and material. Had Plaintiff disclosed relevant and necessary information and material during discovery, there may not have been a need for the February 2007, April 2007, and May 2007, motions to extend the discovery deadlines. Instead, Plaintiff unfairly attributes the needs for extensions to the Defendant. Consequently, Plaintiff cannot argue that she will be prejudiced by the late filing of the Defendant's dispositive motion.

2.   **To avoid manifest injustice, the Defendant should be permitted to file its motion for summary judgment**

    The arguments set forth in the Defendant's Motion for Summary do not "expire" at the end of the summary judgment period. Assuming the District is correct in its legal analysis, and it is entitled to judgment as a matter of law, this analysis would hold equal force at the close of the Plaintiff's case-in-chief at trial. The standard for a Fed R. Civ. P. 56 motion for summary judgment is identical to the standard for a Fed R. Civ. P. 50 motion for a directed verdict—the

Defendant is entitled to judgment under such rules only if, after the record is viewed in the light most favorable to the Plaintiff, there is no legally sufficient evidentiary basis for a reasonable jury to grant a verdict in favor of the Plaintiff. Fed R. Civ. P. 50.

Undersigned counsel is responsible for failing to give a more descriptive explanation in support of the Defendants compelling reasons for why an extension of time was necessary. Since undersigned counsel is responsible for that failure, undersigned respectfully requests that the Court reconsider its May 14, 2007, Memorandum Order so that the District is not prejudiced by its counsel's inadvertent mistake.

Even if the undersigned counsel had not overlooked the Courts April 16, 2007, Minute Order, undersigned counsel would have filed the motions for the requests for extensions because the Summary Judgment Motion was not complete by May 4, 2007. Undersigned counsel would have acknowledged in the May 4, 2007, motion the Court's order that no further extensions would be granted. Undersigned counsel would have explained that it would have been more efficient to file a completed motion on May 11, 2007, rather than file a substandard motion on May 4, 2007, and then later amend, wasting counsel's and the Court's time.

Additionally, the summary judgment motion would not have received a proper supervisory review on May 14, 2007.[1] Assistant Attorney General's are not permitted to file substantive motions of this type without proper supervisor review. Undersigned counsel's supervisor was under a deadline to complete several days of continuing legal education training before the end of May 2007. Undersigned was unable to get the May 4, 2007, draft reviewed because undersigned's supervisor was in training on May 4, and 11, 2007.

---

[1] In fact, the May 11, 2007, summary judgment draft included nine (9) arguments as to why the District is entitled to judgment as a matter of law. After proper supervisory review, the final motion only contianed five (5) arguments.

11

Moreover, undersigned would not have wanted to deceive the Court or counsel by filing a document that undersigned knew would not have been the final product. While undersigned counsel recognizes that fatal mistake was made when counsel overlooked this Court's Minute Order, the undersigned respectfully requests that this Court not penalize the District. Defendant believes that most, if not all, of Plaintiff's claims will be dispositive on motion.

Thus, the interests of judicial economy clearly favor consideration of summary judgment, instead of waiting until after a costly jury trial or creating confusion for the jury before considering the same arguments under the same standard of review. The Defendant's Motion for Summary Judgment sets forth *five* independent legal bases on which the Plaintiff's claims are legally barred. Any *one* of these arguments is sufficient to entitle the Defendant to summary judgment. It would be a gross waste of everyone's time, money, and valuable resources to require a trial on the facts, even when there are threshold legal issues that must be determined before a trial would be merited. For example, in her lawsuit, Plaintiff brings claims under § 1981 and the D.C. Human Rights Act that date back to 2000 or 2001. Defendants argued in part in its motion that 1) Plaintiff's claims under § 1981, are barred because Plaintiff was appointed to her position with the Defendant and is not employed under contract, and 2) all of Plaintiff claims prior to February 12, 2005, are barred by the mandatory notice provision of D.C. Code § 12-309.[2] Simply put, the Plaintiff's claims that she has been prejudiced by the Defendant's delay in filing summary judgment are not supported by any rational argument. These arguments are not waived by the Defendant's failure to raise them at the summary judgment stage.

Thus, even if this Court denied this motion for reconsideration and refused to consider the Defendant's summary judgment motion, Defendant can still raise these arguments at trial.

---

[2] In its May 11, 2007, Motion, Defendant raised other claims. However, for purposes of this motion, Defendant has highlighted only two arguments that are dispositive and which the Defendant can raise at the close of Plaintiff's case in chief.

Assuming the Defendant's arguments are valid, the Defendant would then be entitled to judgment as a matter of law.  The Defendant's right to judgment as a matter of law does not depend on whether the scheduling order was enlarged, but will depend on the validity of the arguments that the Defendant has raised.  Whether they will be determined by this Court in a summary judgment motion, or in a motion for a directed verdict at trial, depends on whether this Court vacates its Order allowing the Defendant to file a summary judgment motion.  The material differences between the two options are whether the parties will bear the burden of preparing for and conducting a trial before such a determination is made, or whether the Court will consider this motion now, before any further expenses are accrued.

## IV.    Conclusion

Based on the above and the arguments set forth in the District's Memorandum of Points and Authorities in Response to This Court's Memorandum Order of May 14, 2007, the District respectfully requests that this Court reconsider its Order denying Defendant's motions for extensions of time dated May 4, and May 8, 2007, and striking Defendants May 11, 2007, Motion for Summary Judgment from the docket.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General,
        Civil Litigation Division

          /s/Phillip A. Lattimore
        PHILLIP A. LATTIMORE, III [422968]
        Chief, General Litigation Sec. III

        */s/Nicola N. Grey*
NICOLA N. GREY [492150]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  nicola.grey@dc.gov

14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONYA OWENS, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | :    CV-05-1729 (AK) |
| DISTRICT OF COLUMBIA, | : |
| | : |
|     Defendant. | : |
| _____ | : |

### ORDER GRANTING DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR RECONSIDERATION OF THIS COURT'S MAY 14, 2007, ORDER

Upon consideration of the District's Motion for Reconsideration of This Court's May 14, 2007, Memorandum Opinion and Order, the opposition, and case record, and the facts and law considered, it is this \_\_\_\_ day of _____, 2007,

**HEREBY ORDERED:** that based on the arguments asserted by the District in its motion, the District's Motion is **GRANTED**; it is

**FURTHER ORDERED:** that upon reconsideration of This Court's Memorandum Opinion and Order, the Opposition and Record, that the District's Motions for extensions of time to file dispositive motions on or about May 4th, and 8th, 2007 is **GRANTED**; and it is

**FURTHER ORDERED:** that the CLERK OF Court shall file the District's Motion for Summary Judgment.

_____
The Honorable Alan Kaye
United States Magistrate Judge

15