IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONYA OWENS ) | |
| ) | |
| Plaintiffs, ) | Case No. : CV-05-1729 (AK) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER THE COURT'S MAY 14, 2007 ORDER**

COMES NOW, Plaintiff, by and through their counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., and hereby submit this Memorandum of Points and Authorities in support of Plaintiffs' Opposition to Defendant's Motion to extend time to file a dispositive motion. Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion because Defendant has failed to show good cause as required by Local Rule 16.4 or to show truly exceptional and compelling circumstances. Granting this motion would unfairly prejudice Plaintiff.

**BACKGROUND**

This is Defendant's fourth consecutive motion to extend time to file a dispositive motion. In support of its motion, Defendant states that this is Defendant's **fourth** request for an extension of time to file a dispositive motion. Discovery closed in this case on July 14, 2006. This Court set the filing of dispositive motions for October 16, 2006. (Exhibit A) On October 16, 2006,

Defendant requested a 60 extension to file a dispositive motion which was granted by the court. **Plaintiff did not oppose the motion**. This court set a December 15, 2006 deadline to file dispositive a motion. On December 15, 2006, Defendant requested a 60 extension to file a dispositive motion which was granted by the court. **Plaintiff did not oppose the motion.** This court set a February 15, 2007 deadline to file dispositive a motion. On February 15, 2007, Defendant requested a 60 extension to file a dispositive motion which was granted by the court. **Plaintiff did not oppose the motion**.

This court set a April 15, 2007 deadline to file dispositive a motion. On April 13, 2007, Defendant requested a 60 extension to file a dispositive motion. **Plaintiff <u>opposed</u> the motion!** The court however, granted in part Defendant's third Request for an extension to file a dispositive motion (3 days after Defendant filed the motion before Plaintiff had an opportunity to file a written opposition as provided by the Federal Rules). This court set a May 4, 2007 deadline to file dispositive a motion. The court also wrote in the minute order, "***<u>No further extensions of time will be granted.</u>***" However, on May 4, 2007, Defendant filed this forth request for an extension to file a dispositive motion.

## ARGUMENT

**I. THE MAGISTRATE JUDGE'S RULING SHOULD BE AFFIRMED.**

    **A. The decision of the Magistrate Judge may be modified or set aside only if it is either clearly erroneous or contrary to law.**

"A magistrate judge's ruling is entitled to deference and must be modified or set aside only if it is found to be 'clearly erroneous or contrary to law.'" Gluck v. Ansett Australia Ltd., 204 F.R.D. 217, 218 (D.D.C. 2001) (quoting Fed.R.Civ.P. 72(a)). See also Neuder v. Battelle Pac. Northwest Nat'l Lab., 194 F.R.D. 289, 292 (D.D.C. 2000); Arakelian v. National Western Life Ins. Co., 126

F.R.D. 1, 2 (D.D.C. 1989); L.Civ.R. 72.2(c). That is an exceptionally high standard that can only be satisfied when " 'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.' " Neuder, 194 F.R.D. at 292 (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 365 (1948). The Defendant has not even attempted to argue that the Magistrate Judges Order was erroneous or contrary to law. Therefore, Defendant's motion for reconsideration must be denied.

**B. Plaintiff did disclose the OEA appeal during discovery.**

Defense counsel stated in here motion that, "On or about January 26, 2007, undersigned counsel learned for the first time that the Plaintiff had filed an Office of Employee Appeals ("OEA") in November 2005." That is not true, Plaintiff disclosed this information during discovery and Plaintiff even pointed out at Plaintiff's deposition taken in Defense counsel conference room, how close the offices of Assistant Attorney General Andrea Comentale (who was handling the OEA appeal) and Defense counsel in this matter were to each other. Plaintiff finds it odd that months could go by without Defense counsel being able to find someone in her own office. If plaintiff had failed to provide any discovery Defendant would have filed a motion to compel. A quick check of the docket will reveals that no motion to compel was ever filed in this case.

Defendant's other arguments such as Defendant can make summary judgment arguments at the directed verdict stage of litigation only proves that Defendant's motion for reconsideration must be denied. The facts set forth by the Defendant fail to show good cause or truly exceptional or compelling circumstances.

**II. DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE DEFENDANT FAILS TO SHOW GOOD CAUSE OR TRULY EXCEPTIONAL AND COMPELLING CIRCUMSTANCES FOR AN EXTENSION OF TIME TO FILE A DISPOSITVE MOTION.**

The facts set forth by the Defendant also fail to show good cause or truly exceptional or compelling circumstances. *Local Rule 16.4; Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d at 152. The Defendant's motion does not satisfy the good cause or truly exceptional and compelling circumstances standards because it fails to provide any legal or factual grounds for an extension under current case law. *Local Rule 16.4; Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d at 152. Defendant has had approximately **10 months** since the July 14, 2006 close of discovery to draft and file a dispositive motion.  **7 months** has passed since the **first** dispositive motion deadline (October 16, 2006). **5 months** has passed since the **second** dispositive motion deadline (December 15, 2006). **3 months** has passed since the **third** dispositive motion deadline (February 15, 2007). Almost **1 month** has passed since the **fourth** dispositive motion deadline (April 15, 2007). Moreover, when this court set a May 4, 2007 deadline to file dispositive a motion, the court also wrote in the minute order, "***No further extensions of time will be granted.***" When the **fifth** dispositive motion deadline (May 4, 2007) passed and Defendant filed another motion to extend even though, they have had had over **10 months** to daft and file it.

In the motion Defense counsel states that she, "overlooked the April 16, 2007, Minute Order" which stated that no more extensions would be granted.  However she goes on to state that, "Even if the undersigned counsel had not overlooked the Courts April 16, 2007, Minute Order, undersigned counsel would have filed the motions for the requests for extensions because the Summary Judgment Motion was not complete by May 4, 2007." . As this Court Stated in it's May 14, 2007 order, "There comes a time when the Court, in fairness to the other party and in

compliance with the civil rules, must say to counsel "enough is enough - you are now abusing the judicial process." That time has now been reached.

The Defendant has failed to show good cause or truly exceptional and compelling circumstances to extend the deadline to file a dispositive motion. According to *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, " The parties and their counsel should be bound by the dates specified in any first scheduling order or other scheduling order, and that no extensions or continuances should be granted, except on a timely showing of good cause…Once the schedule is set at the scheduling conference, the presumption should be firmly against the granting of continuances…" *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d 145, 152 (D.C. Cir. 1996).  Additionally, Defendant's Motion should be denied because it is devoid of any supporting case law.

## CONCLUSION

In conclusion, the Defendant failed to make a showing of good cause or truly exceptional and compelling circumstances and failed to include any case law to support their motion.

Respectfully submitted,

_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (FAX)
Bar # MD 14639