UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONYA OWENS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CV-05-1729 (AK) |
| DISTRICT OF COLUMBIA, : | |
| : | |
| Defendant. : | |
| _____: | |

### DEFENDANT'S MOTION *IN LIMINE*

The Defendant District of Columbia ("the District"), by and through undersigned counsel and pursuant to Fed. R. Evid. 402 and 403, hereby moves this Court to preclude Plaintiff from introducing certain testimony or evidence in the October 4, 2007, trial relating to Plaintiff's claims under 42 U.S.C. § 1981 and the District of Columbia Human Rights Act ("DCHRA").

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, are attached hereto.

                Respectfully submitted,

                LINDA SINGER
                Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General,
                Civil Litigation Division

                */s/Phillip A. Lattimore*
                PHILLIP A. LATTIMORE, III [422968]
                Chief, General Litigation Sec. III

        */s/Nicola N. Grey*
NICOLA N. GREY [492150]
DAVID A. JACKSON [471535]
Assistant Attorneys General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  nicola.grey@dc.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SONYA OWENS, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : CV-05-1729 (AK) <br> DISTRICT OF COLUMBIA, : <br> : <br> Defendant. : <br> _____: | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE***

*Introductory Statement*

Plaintiff brings this lawsuit against the District of Columbia for violations of 42 U.S.C. § 1981 and the DCHRA §§ 2-1402.11 and 2-1402.61. *See* Plaintiff's Complaint ("Complaint"). Plaintiff Sonya Owens, a black female, is a former Captain of the Metropolitan Police Department ("MPD"). *Id*. at ¶ 4. She alleges that the District retaliated against her after she testified as a witness at an Equal Employment Opportunity Commission ("EEOC") hearing on behalf of two pregnant MPD officers in June 2001, in a civil deposition in June 2002, and at a civil trial for one of the officers in February 2005. *Id*. at ¶ 6 – 9, 23 - 29, 63 – 68.

In Count I, Plaintiff alleges retaliation in violation of 42 U.S.C. § 1981. In Count II, Plaintiff alleges discrimination based on race (Black) in violation of the DCHRA. In Count III, Plaintiff alleged discrimination based on gender (female) in violation of the DCHRA. In Count IV, Plaintiff alleges retaliation based on the DCHRA. In Count V, Plaintiff alleges unlawful interference with compliance with the DCHRA.

This Court should grant Defendant's Motion *in Limine* because Plaintiff cannot prove that she had an employment contract with the District as required under § 1981. Moreover,

3

Plaintiff has not alleged and cannot prove an unconstitutional policy or custom, and some of Plaintiff's claims under § 1981 are barred by the three year statute of limitations.

This Court should also grant Defendant's Motion *in Limine* relating to Plaintiff's claims under the DCHRA because Plaintiff has failed to comply with D.C. Code § 12-309. In addition, other claims are barred by the DCHRA's one year statute of limitations.

## I.     ARGUMENT

### A.     Plaintiff's 42 U.S.C. § 1981 Claims

**i.     Plaintiff was not a contract employee with the District, and pursuant to Fed. R. Evid. 402 and 403, she should be precluded from offering evidence or making statements at trial that the District violated § 1981 based on an employment contract.**

The Court should exclude evidence relating to Plaintiff's retaliation claim under § 1981 because as a government employee, Plaintiff was never in a contractual relationship with the District of Columbia. Section 1981 protects the equal right of "all persons within the jurisdiction of the United States" to "make and enforce contracts" without respect to race. 42 U.S.C. § 1981(a). The statute currently defines "make and enforce contracts" to "include the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship' under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 126 S. Ct. 1246, 1249 (2006).

As a matter of law, public employees do not have a contractual relationship with their employer. Because public employees serve by appointment, their rights "must be determined by reference to the statutes and regulations [governing their employment], rather than to ordinary contract principles." *Kizas v. Webster*, 707 F.2d 524, 535 (D.C. Cir. 1983). Instead of

4

employment based on a contractual relationship, District employees are appointed to public service, and their employment is governed by a comprehensive set of statues and regulations. *See, e.g.*, Comprehensive Merit Personnel Act, D.C. Code § 1-601.01 *et seq.*; D.C. Code § 5-105.01 ("The Mayor of said District shall appoint to office, assign to such duty or duties as he may prescribe, and promote all officers and members of said Metropolitan Police force. . . .").

Plaintiff's position with MPD was by public appointment and, therefore, Plaintiff does not have a contractual relationship with the District of Columbia. Plaintiff cannot establish that she suffered an impaired contractual relationship in violation of § 1981. This Court should preclude any testimony or evidence that Plaintiff had a contractual relationship with the District and that the District violated such contract under § 1981.

  ii. **Plaintiff fails to allege and cannot establish an unconstitutional District custom or policy violate her rights.**

Even if Plaintiff could establish a contractual relationship between herself and the District, this motion should still be granted because Plaintiff has not alleged and will not be able to prove that a custom or practice of the District was the moving force that caused her alleged injuries. In order to maintain a claim against the District under 42 U.S.C. § 1981, Plaintiff must allege and establish that a custom or policy of the District was the moving force that caused her harm. *Jett v. Dallas Independent School District,* 491 U.S. 701, 710-737 (1989). In 1987, when *Jett* was decided, 42 U. S. C. § 1981 provided that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and no other."

The statute did not provide for liability against the government. *Jett, supra*.

5

In *Jett*, the Supreme Court addressed two critical issues relating to municipal liability under §1981. In *Jett*, an employment discrimination case, a white teacher sued the principal and school district claiming that his termination from his coaching job was because of his race. Plaintiff brought suit under §§1981 and 1983. First, the Supreme Court held that § 1983 was plaintiff's exclusive remedy for any alleged violations of his rights, and under §1983, the school district could not be held liable under a theory of *respondeat superior*. *Jett*, 491 U.S. at 731. Second, and on point with the issues in the instant case, the Supreme Court held that the "custom and policy" analysis announced in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), applies to municipal liability under §1981. *Jett*, 491 U.S. at 731.

In 1991, the Civil Rights Act of 1991, §101 amended §1981 by adding two subsections, one of which was § 1981(c). This new subsection provides that "the rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). Thus, the 1991 amendment to §1981 provided for direct liability against government entitles and reversed the Supreme Courts' holding in *Jett* as to this question only.

The amendment did not, however, effect the Supreme Court's holding as to the custom and policy requirement. *Powell v. City of Pittsfield,* 143 F. Supp. 2d 94, 110-114 (D.Mass. 2001). Since the 1991 amendment to §1981, courts have consistently applied the custom and policy analysis to §1981 claims against municipalities. *Medina v. District of Columbia* 2007 U.S. Dist. (Decided June 6, 2007) (Sullivan, J.) (custom and policy analysis applied to a violation of rights under §1981); *Taylor, et al. v. District of Columbia Water & Sewer Authority*, 241 F.R.D. 33, n5 (Decided March 13, 2007)( Kennedy, J) (The requirement of a common policy applies to intentional discrimination under Section 1981); *Federation of African Am.*

6

*Contractors*, *et al. v. City of Oakland, et al.,* 96 F.3d 1204, 1215 (Ninth Cir. 1996); *Johnakin v. City of Philadelphia*, 1996 U.S. Dist. LEXIS 445, No. Civ. A. 95-1588, 1996 WL 18821, at *4 (E.D. Pa. Jan. 18, 1996); *Gallardo v. Bd. Of County Comm'rs*, 857 F. Supp. 783, 786-87 (D. Kan. 1994); *see also Philippeaux v. N. Cent. Bronx Hosp.*, 871 F. Supp. 640, 654-56 (S.D.N.Y. 1994) (not resolving whether section 1981(c) overturns *Jett*'s first principal, but holding that "policy or custom" must yet be established). Thus, in order to maintain a claim against the District under §1981, Plaintiff must allege and prove that her injuries were caused by a custom or policy approved by a District policymaker in accordance with *Monell, supra.*

Since Plaintiff has failed to make such allegations and indeed cannot show that a District custom or policy approved by the Defendant's policymakers was the cause of her alleged injuries, the Court should preclude any testimony or evidence relating to Plaintiff's claims under § 1981.

Assuming *arguendo* that this court determines that Plaintiff § 1981 claims are relevant, Pursuant to Fed. R. Evid. 403, the court should preclude any testimony relating to Plaintiff's § 1981 claims because that testimony would be prejudicial. First, Plaintiff will not be able to establish that she had a contractual relationship with the District. Second, as argued above, Plaintiff will not be able to establish a *prima facie* case under § 1981 because plaintiff has not established that a District custom or policy was the cause of her alleged injuries.

  **iii.** **This Court should preclude Plaintiff from offering any evidence or testimony relating to events occurring three years prior to August 31, 2005, because they are time barred by the three year statute of limitations.**

In order to bring a claim under 42 U.S.C. § 1981, an individual must file their complaint within three years of the alleged incident. See *Carney v. American Univ.*, 151 F.3d 1090, 1095 (D.C. Cir. 1998); *Welch v. Kelly*, 882 F. Supp. 177, 180 (D.D.C. 1995); *Saunders v. George*

7

*Washington Univ.*, 768 F. Supp. 854, 868 (D.D.C. 1991). Since plaintiff did not file her complaint until August 31, 2005, this Court should preclude Plaintiff from introducing any testimony or evidence related to her claims under 42 U.S.C. § 1981, that occurred prior to August 31, 2002.

**B.    Plaintiff's DCHRA Claims**

    **i.    Plaintiff's DCHRA claims prior to February 12, 2005, are barred by the mandatory notice provisions of D.C. Code § 12-309.**

D.C. Code § 12-309 provides;

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

The requirement of compliance with the time limit specified in § 12-309 is strict, absolute, and unqualified. In *District of Columbia v. Dunmore*, the D.C. Court of Appeals held that § 12-309 must be construed narrowly against claimants, writing:

> Section 12-309 is not, and does not function as, a statute of limitations. Rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and compliance with its terms is "mandatory as a prerequisite to filing suit against the District."

662 A.2d 1356, 1359 (D.C. 1995) (internal citations omitted).

In this case, Plaintiff's claims that arose prior to February 12, 2005, are barred by § 12-309 because they occurred over six months prior to Plaintiff giving her August 12, 2005 notice to the Mayor. *See* Exhibit A, Plaintiff's § 12-309 Notice dated August 12, 2005. Thus, Plaintiff's claims prior to February 12, 2005, cannot be maintained and are barred by the mandatory notice statute. As such, her DCHRA claims relying on these facts are subject to the requirements of § 12-309, and the Court should preclude any evidence or testimony that relies on those pursuant to

8

Fed. R. Evid. 402 and 403. The introduction of such evidence would be irrelevant and prejudicial. Additionally, the Court should exclude it because to allow the Plaintiff to introduce such evidence would be a waste because the District is entitled to judgment as a matter of law on this issue.

> ii. **Plaintiff's DCHRA claims prior to August 31, 2004, are also barred by the one year statute of limitations under the DCHRA.**

Even if this Court determines that Plaintiff's claims are not barred by § 12-309, this Court should still grant this motion to preclude any evidence or testimony regarding Plaintiff's DCHRA claims prior to August 31, 2004. D.C. Code § 2-1403.16(a) provides for a one year statute of limitations for claims pursuant to DCHRA.

In this case, Plaintiff filed her Complaint on August 31, 2005, and therefore any events that occurred prior to August 31, 2004, are barred by the one year statute of limitations specifically set forth in § 2-1403.16(a). Therefore, this Court should grant this motion pursuant to Fed. R. Evid. 402 and 403 because the introduction of such evidence would be irrelevant and prejudicial. Additionally, the Court should exclude it because to allow the Plaintiff to introduce such evidence would be a waste of time because the District is entitled to judgment as a matter of law on this issue.

Therefore, the Court should grant the District's Motion *in Limine*.

> Respectfully submitted,
>
> LINDA SINGER
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General,
> Civil Litigation Division
>
>     */s/Phillip A. Lattimore*
> PHILLIP A. LATTIMORE, III [422968]
> Chief, General Litigation Sec. III

9

    */s/Nicola N. Grey*
NICOLA N. GREY [492150]
DAVID A. JACKSON [471535]
Assistant Attorneys General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626; (202) 727-6295
(202) 727-3625 (fax)
E-mail: nicola.grey@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SONYA OWENS, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | CV-05-1729 (AK) |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER GRANTING DEFENDANT'S MOTION *IN LIMINE*

Upon consideration of the District's Motion *in Limine*, opposition thereto, any reply, and the facts and law considered, it is this \_\_\_\_ day of _____, 2007,

**HEREBY ORDERED** that the District's Motion is **GRANTED**; and it is

**FURTHER ORDERED** that the Motion *in Limine* is granted in the District's favor.

_____
The Honorable Alan Kaye
United States Magistrate Judge