## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

**SONYA OWENS**

          Plaintiffs,

v.

**DISTRICT OF COLUMBIA**

          Defendant.

_____

)
)
)
)
)
)
)
)
)
)
)
)

**Case No. : CV-05-1729 (AK)**


## <u>PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS[1]</u>

       The Plaintiff's proposed jury instructions are attached.  Certain instructions may only become appropriate depending upon the proceedings at trial; those instructions have been marked with the notation "CONDITIONAL."  The Plaintiff reserves the right to amend the instructions based on the developments before or at trial.

---

[1] **All jury instructions are from the Faculty of Federal Advocates *Ad Hoc* Committee, MODEL EMPLOYMENT LAW JURY INSTRUCTIONS, August 21, 2006, unless otherwise noted.**

**Proposed Jury Instruction No. __**[1]

**(To be presented to the jury at the start of trial.)**

Members of the jury:

You are about to begin the trial of the case about which you heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

A party who brings a lawsuit is called the plaintiff. The plaintiff in this case is Sonya Owens. The party against whom the suit is brought is called the defendant. In this case, the defendants are the District of Columbia, being sued in its representative capacity for the Metropolitan Police Department and Commander Willie Dandridge.

This is a case involving a claim of sex and race discrimination as well as retaliation in the workplace. The plaintiff, claims that she was discriminated against by employees of the District of Columbia. The plaintiff claims the District's employees subjected her to a pattern of discriminatory treatment because she was black and female and she stood up for other women who had been discriminated against. She seeks compensatory damages as a result of this conduct.

The District denies the Plaintiff's allegations.

By your verdict, you will decide all disputed issues of fact. I will decide all questions of law that arise during the trial and, before you retire to deliberate at the end of the trial, I will instruct you on the law that you must follow and apply in deciding upon your verdict.

_____

[1]Adapted from Devitt, Blackmar & Wolff, 3 <u>Federal Jury Practice and Instructions</u> § 70.01 (4th ed. 1987).

Because you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that I will instruct you at the end of the trial concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given his or her testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law.

While the trial is in progress you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the lawyers. Counsel on each side has a duty to object when the other side offers testimony or other evidence that counsel believes is not properly admissible. You should not show prejudice against counsel or the client because counsel has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. In addition, if I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the Court alone. On some occasions, you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of

the matter you are here to resolve and should be patient even though the case may seem to go slowly at times.

**Proposed Jury Instruction No. __**

**General Introduction; Province of the Court and Jury**[2]

Members of the Jury:

Now that you have heard the evidence and the arguments of counsel, it is my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Nor are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by me in these instructions, you are, of course, to be governed by my instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. Both parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

---

[2] Adapted from Devitt, Blackmar & Wolff, 3 <u>Federal Jury Practice and Instructions</u> § 71.01 (4th ed. 1987).

**Proposed Jury Instruction No. ___**

**All Available Evidence Need Not Be Produced**[3]

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in a case, or who may appear to have some knowledge of the matters at issue in a trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

---

[3] Adapted from Devitt, Blackmar & Wolff, 3 <u>Federal Jury Practice and Instructions</u> § 73.11 (4th ed. 1987).

**Proposed Jury Instruction No. ___**

**Significance of Party Designations**[4]

During the course of the trial, you have heard references to the terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit, and the defendant is the person who is sued by the plaintiff.  During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that her evidence is entitled to greater weight than the defendant's evidence. A plaintiff must prove every element of her claim against a defendant by a preponderance of the evidence before she is entitled to prevail.

---

[4]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), Section 1-3, Significance of Party Designations.

**Proposed Jury Instruction No. _____**

**Juror's Duty to Deliberate** [5]

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

---

[5] Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), Section 1-4, Juror's Duty to Deliberate

**Proposed Jury Instruction No. _____**

**Attitude and Conduct of Jurors** [6]

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

---

[6]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), Section 1-5, Attitude and Conduct of Jurors

**Proposed Jury Instruction No. _____**

**Instructions to Be Considered as a Whole**[7]

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

---

[7]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), Section 1-6, Instructions to Be Considered as a Whole

**Proposed General Jury Instruction No. _____**

**Court's Commenting on the Evidence and Court's Questions to Witnesses**[8]

The law permits me to comment to you about the evidence in this case.  My comments are only my opinions about the facts, and you are not bound by my opinions.  If, during the course of this trial, or the giving of these instructions, I have made or make any comment on any evidence, you are free to disregard the comment.  Remember, you are the sole and exclusive judges of all questions of fact in this case.

During the course of the trial, I may have asked questions of a witness to obtain information or to bring out facts.  You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

---

[8]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), Section 1-7, 1-8.

**Proposed Jury Instruction No. ___**

**Jury Not to Take Cue From Judge**[9]

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication.  Nothing I have said or done should influence or suggest to you that I favor any party in this case.  I have not meant to express, or to suggest, any opinion about which witnesses should be believed or which facts are established.

---

[9]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), 1-9, Jury Not to Take Cue From Judge

**Proposed Jury Instruction No. ___**

**Rulings on Objections**[10]

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done.  While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations.  Those interruptions concerned legal matters, while your job is to decide the facts.  You should not be influenced by any lawyer's objections, no matter how I ruled upon them.

---

[10]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), 1-10, Ruling on Objections

**Proposed Jury Instruction No. ___**

**Equality of Litigants**[11]

Our system of justice requires that you decide the facts of this case in an impartial

manner. You must not be influenced by bias, sympathy, prejudice, or public opinion. It is a

violation of your sworn duty to base your verdict upon anything other than the evidence in the

case.  In reaching a just verdict, you must consider and decide this case as an action between

persons of equal standing in the community and of equal worth. A governmental entity, whether

large or small, has the same right to a fair trial as a private individual. All persons, including

governmental entities, stand equal before the law and are to be treated as equals in this court. In

other words, the fact that a plaintiff or defendant is a governmental entity must not affect your

decision.

---

[11]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), 1-11, Equality of Litigants (replaces "corporation" with "governmental entity')

**Defendant's Proposed General Jury Instruction No.**

**Evidence in the Case**[12]

You may consider only the evidence properly admitted in the case.  Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated to and agreed to by counsel.  You may consider any facts to which all counsel have agreed or stipulated to be undisputed evidence.

---

[12]     Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), 2-1, Evidence in the Case

**Proposed Jury Instruction No.**

**Evidence in the Case - Judicial Notice[13] (CONDITIONAL)**

Another type of evidence includes facts of which I take judicial notice. I may take judicial notice of public acts, places, facts, and events that I regard as matters of common knowledge. When I take judicial notice of a particular fact, you may regard that fact as included in the evidence and proven

---

[13]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), 2-2, Judicial Notice (if applicable)

**Proposed Jury Instruction No. ___**

**Inferences**[14]

In arriving at your verdict, you are to consider only the evidence in the case. The evidence consists of the testimony you have heard and the exhibits admitted into evidence. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make.

---

[14]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), 2-3, Inferences

**Proposed Jury Instruction No. _____**

**Inadmissible and Stricken Evidence**[15]

It is the duty of the lawyers to object when the other side offers testimony or other materials that a lawyer believes are not properly admissible in evidence.  If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken. Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.

---

[15]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), 2-4, Inadmissible and Stricken Evidence (if applicable)

**Proposed Jury Instruction No. _____**

**Statements of Counsel**[16]

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are only intended to help you understand and interpret the evidence from each party's perspective. The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact

---

[16]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), 2-5, Statements of Counsel

**Proposed Jury Instruction No. ____**

**Jury's Recollection Controls**[17]

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

---

[17]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002) , 2-6, Jury's Recollection Controls

**Proposed Jury Instruction No. \_\_\_\_**

**Burden of Proof**[18]

The party who makes a claim or defense has the burden of proving it. This burden of proof means that the plaintiff must prove every element of her claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true. If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue. The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases. Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence. If you believe that the evidence is evenly balanced on an issue the plaintiff had to prove, then the plaintiff has not carried the burden of proof and your finding on that issue must be for the defendant. In this context, ladies and gentlemen, imagine a judicial scale. On one side of scale, place all of the evidence favoring plaintiff's case. On the other side, place all of the

---

[18]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), 2-8, Burden of Proof

evidence favoring the defendant's case.  If the scale tips ever so slightly in favor of

plaintiff, then the plaintiff has met her burden of proof.

**Proposed Jury Instruction No. _____**

**Evidence Produced by Adversary**[19]

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it.  A party is entitled to benefit from all evidence that favors that party whether that party produced it or it was produced by that party's adversary.

---

[19]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), 2-9, Evidence Produced By Adversary

**Proposed Jury Instruction No. _____**

**Direct and Circumstantial Evidence**[20]

There are two types of evidence:  direct and circumstantial.  Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness.  Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances.  For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow.  Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

---

[20]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), 2-10, Direct and Circumstantial Evidence

**Proposed Jury Instruction No. ____**

**Jury to Determine Credibility of Witnesses**[21]

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you.  You are the sole judges of the credibility of the witnesses.  In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed.  If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.  In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject.  You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.  You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate.  You may consider whether the witness has been contradicted or corroborated by other credible evidence.  If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that

---

[21]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), 3-1, Jury to Determine Credibility of Witnesses

bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.  You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

**Proposed Jury Instruction No. _____**

**Number of Witnesses**[22]

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side or the number of exhibits presented by either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief and which of the exhibits are worthy of greater credibility. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact. Similarly, you may find that the presentation of one exhibit on one side is more credible than the presentation of a greater number of exhibits on the other side. Indeed, the presentation of a single exhibit, if it is credible, is enough to prove any fact. If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, or the credibility of one or a few exhibits, then you may base your verdict on that testimony or that exhibit, even though a larger number of witnesses may have testified to the contrary or a large number of exhibits might have suggested otherwise.

---

[22]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), 3-2,Number of Witnesses

**Proposed Jury Instruction No. _____**

**Impeachment by Prior Inconsistent Statements[23] (CONDITIONAL)**

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements which are inconsistent with his or her present courtroom testimony.  It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.  If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with the witness's testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony the witness gave in court.  If the witness made the prior inconsistent statement under oath and subject to cross-examination at a deposition, then you may also treat the prior statement as evidence in this case -- that is, as testimony that what was said in the prior statement was true.  If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

---

[23]Standardized Civil Jury Instructions for the District of Columbia (Bar Association of D.C./LexisNexis 2002), 3-8, Impeachment By Prior Inconsistent Statement (if applicable)

**DISCRIMINATION BASED ON
[SEX]**

In order for Plaintiff to establish [his] [her] claim for discrimination based on [sex] [s]he

must prove the following by a preponderance of the evidence:

1. The Defendant [describe adverse employment action]; and

2. The Plaintiff's [color] [religion] [sex] [national origin] was a motivating

factor for the Defendant's action.

If you find that the Plaintiff has failed to prove either or both of these propositions by a

preponderance of the evidence, then you must find against [him] [her] on [his] [her]

discrimination claim and in favor of the Defendant. If, on the other hand, you find that

the Plaintiff has proved both propositions by a preponderance of the evidence, then you

must find in [his] [her] favor and against Defendant.

**Notes on Use**:
If the Plaintiff asserts a claim under Title VII for discrimination based on color, religion,
sex or national origin, this instruction should be given after the instruction entitled, "Title
VII – STATUTE INVOLVED." If the Plaintiff asserts a claim for discrimination based
on race under Title VII and/or 42 U.S.C. § 1981, the instructions entitled, "[Title VII
AND/OR 42 U.S.C. § 1981] – STATUTE INVOLVED" and "[TITLE VII AND/OR
42 U.S.C. § 1981] – DISCRIMINATION BASED ON RACE" should be given instead.

**Authority**:
Elmore v. Capstan, Inc., 58 F.3d 525, 529 (10th Cir. 1995). See also Tex. Dep't of Cmty.
Affairs v. Burdine, 450 U.S. 248, 256 (1981), citing McDonnell Douglas Corp. v. Green,
411 U.S. 792, 804-05 (1973).

**MOTIVATING FACTOR – DEFINED**

The Plaintiff is not required to prove that [his] [her] [insert protected status] was the sole

or exclusive motivating factor for the Defendant's decision(s). The Plaintiff must prove,

however, that [insert protected status] was a motivating factor. That is,

1. but for the Plaintiff's [protected status], the Defendant would not have

[describe adverse employment action],

OR

2. [The Plaintiff's [protected status] was the factor that made a difference in the

Defendant's decision to [describe adverse employment action.]


In determining whether [protected status] was a "motivating factor" in the Defendant's
decision to [describe adverse employment action], you may consider any statements
made or act done or admitted by the Defendant, and all other facts and circumstances in
evidence indicating state of mind. An improper motive, if it exists, is seldom directly
admitted and may or may not be inferred from the existence of other facts.


**Notes on Use**:
This instruction is to be used in Title VII, § 1981 and ADEA cases. The Committee
could not reach a consensus on the appropriate "motivating factor" standard, as illustrated
by the two alternatives listed above. Cases supporting the "but for" test include Stover v.
Martinez, 382 F.3d 1064, 1076 (10th Cir. 2004); Hampton v. Dillard Dep't Stores, Inc.,

248 F.3d 1091, 1111 (10th Cir. 2001), citing, 534 U.S. 1131 (2002); McKenzie v. Renberg's Inc., 94 F.3d 1478, 1483 (10th Cir. 1996); James v. Sears, Roebuck & Co., 21 F.3d 989, 992 (10th Cir. 1994); and Perrell v. Financeamerica Corp., 726 F.2 654, 656 (10th Cir. 1984) (Age must "make a difference" in the sense that "but for" the factor of age discrimination, the employee would not have been adversely affected). Cases supporting the use of the "made a difference" standard include Desert Palace, Inc. v. Costa, 539 U.S. 90, 94 (2003) (recognizing a plaintiff may prevail on a discrimination case even when more than one factor motivated the employer's employment decision); Elmore v. Capstan, Inc., 58 F.3d 525, 530 (10th Cir. 1995); James v. Sears, Roebuck & Co., 21 F.3d 989, 992 (10th Cir. 1994); Cooper v. Asplundh Tree Expert Co., 836 F.2d 1544, 1547 (10th Cir. 1988).

**Authority**:
Stover v. Martinez, 382 F.3d 1064, 1076 (10th Cir. 2004); James v. Sears, Roebuck & Co., 21 F.3d 989, 992 (10th Cir. 1994); Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981), citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804-05 (1973).

**PRETEXT**

The Defendant claims that it had legitimate reasons for [describe adverse employment action]. The Plaintiff, on the other hand, claims that the Defendant's asserted reasons are a mere pretext to cover up a discriminatory motive.

The Plaintiff may show that the Defendant's stated reasons for its decisions are pretextual in several ways:

1. Evidence that the stated reasons for the decisions are false;

2. Evidence that the Defendant acted contrary to a written company policy prescribing the action to be taken by the Defendant under the circumstances; or

3. Evidence that the Defendant acted contrary to an unwritten policy or contrary to established company practice when making the [describe adverse employment action] affecting the Plaintiff.

In determining whether the Defendant's stated reasons for the decision are genuine or pretextual, you must examine the facts as they appeared to the person making the employment decision at the time the decision was made.

**Notes on Use:**

This instruction should be given when the plaintiff contends that the defendant's stated reason(s) for the adverse employment decisions are pretextual. Townsend v. Lumberman's Mut. Cas. Co., 294 F.3d 1232, 1241 (10th Cir. 2002). The three enumerated ways for a plaintiff to show pretext are typical but not exclusive. See, e.g., Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1230 (10th Cir. 2000). When assessing a contention of pretext, the facts must be examined as they appear to the person making the employment decision. See Id. at 1231; Bullington v. United Airlines, Inc., 186 F.3d 1301, 1318 (10th Cir. 1999) (the relevant inquiry is limited to whether the decision-maker honestly believed the proferred reasons and acted in good faith upon

those beliefs.) Pretext may also be inferred when the only criteria used to evaluate an employee, or potential employee, is entirely subjective in nature. Green v. New Mexico, 420 F.3d 1189, 1195 (10th Cir. 2005). In cases involving subjective evaluation of the plaintiff, a fourth paragraph may be added to this instruction as follows: "4. Evidence that the Defendant relied entirely on criteria which is subjective in nature in making [describe adverse employment decision.]"

**Authority:**
Green v. New Mexico, 420 F.3d 1189, 1195 (10th Cir. 2005); Townsend v. Lumbermen Mut. Cas. Co., 294 F.3d 1232 (10th Cir. 2002); Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1230 (10th Cir. 2000); Selenke v. Med. Imaging of Colo., Inc., 248 F.3d 1249, 1261 (10th Cir. 2001) (pretext must be resolved by reference to the person making the decision at the time the decision is made).

**MIXED MOTIVE**

You have heard evidence that the Defendant's treatment of the Plaintiff may have been motivated by a desire to discriminate [or retaliate] against the Plaintiff. If you find that discrimination [retaliation] was a motivating factor in Plaintiff's [insert challenged employment action], then Plaintiff is entitled to your verdict even if you find that the [challenged employment action] was also motivated by a non-discriminatory [nonretaliatory] reason.

However, if you find that the Defendant was motivated by both discriminatory [retaliatory] and non-discriminatory [non-retaliatory] reasons, you must decide whether the Plaintiff is entitled to damages. The Plaintiff is entitled to damages unless the Defendant proves by a preponderance of the evidence that the Defendant would have treated the Plaintiff similarly even if discrimination [retaliation] had played no role in the employment decision.

**Notes on Use**:

Since Desert Palace, Inc. v. Costa, 539 U.S. 90, 94 (2003), courts have struggled to distinguish a "mixed motives" case from a standard "pretext" case. The Committee agrees, however that the Fifth Circuit's definition of the distinction between the two types of cases is instructive. See Keelan v. Majestic Software, Inc., 407 F.3d 332, 341 (5th Cir. 2005) (a plaintiff must offer sufficient evidence *either* that the defendant's reason is not true, but is instead a pretext for discrimination, *or* that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic), citing Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004).

**Authority**:
42 U.S.C. § 2000e-2(m); Desert Palace, Inc. v. Costa, 539 U.S. 90, 94 (2003); Price Waterhouse v. Hopkins, 490 U.S. 228, 244-45 (1989); Davey v. Lockheed, 301 F.3d 1204, 1213-14 (10th Cir. 2002). See also Medlock v. Ortho Biotech, Inc., 164 F.3d 545,

550 (10th Cir. 1999); Kenworthy v. Conoco, Inc., 979 F.2d 1462, 1471 (10th Cir. 1992); Keelan v. Majestic Software, Inc., 407 F.3d 332, 340-41 (5th Cir. 2005).

**RETALIATION – STATUTE INVOLVED –**

It unlawful for an employer to retaliate against a person because that

person has engaged in a protected activity under the statute.

To establish a claim of retaliation, Plaintiff must prove:

1. That [he][she] engaged in a protected activity under [insert statute];

2. Plaintiff suffered a materially adverse action contemporaneously with or

subsequent to that protected activity; and

3. There was a casual connection between such protected activity and the

adverse action.

If you find that Plaintiff has proved each of these elements by a preponderance of the

evidence, then you must find for Plaintiff and against Defendant on this claim. If, on the

other hand, you find that Plaintiff has failed to prove any one or more of these elements

by a preponderance of the evidence, then you must find against [him][her] on this claim

and in favor of Defendant.

**Notes on Use**:
This instruction should only be used in Title VII retaliation cases. Burlington Ne. &
Santa Fe Ry. Co. v. White, No. 05-259, 2006 U.S. LEXIS 4895 (U.S. 2006).
*Caveat:* Although included at length in the jury instructions, most Circuits, including the
Tenth Circuit, believe that it is *not* appropriate to instruct the jury on the McDonnell
Douglas burden-shifting analysis, including the elements of a *prima facie* case. See
Messina v. Droblin Transp. Sys., Inc., 903 F.2d 1306, 1308 (10th Cir. 1990) ("The
McDonnell Douglas inferences provide assistance to a judge as he addresses motions to
dismiss, for summary judgment, and for directed verdict, but they are of little relevance
to the jury. The district courts, therefore, to avoid potential jury confusion, should
prepare instructions that do not rely on technical legal distinctions likely to be understood
only by attorneys and judges.") Rather, the courts recommend use of instructions
regarding the ultimate question and applying a "motivating factor" standard. See
"Motivating Factor" instruction under Title VII section.
The Committee, however, acknowledges that treatises on jury instructions are excellent
sources for locating the required elements of various claims. And, of course, oftentimes a
particular element (or elements) of a *prima facie* case is or are at issue at trial. Therefore,

instructions articulating these elements have been included for use as an additional tool for a complete examination of the McDonnell Douglas analysis.

The above instruction is designed for use in cases where the Plaintiff alleges both a discrimination claim and a retaliation claim under the applicable statute. In cases where the Plaintiff does not assert a discrimination claim under the statute, and is instead bringing only a claim of retaliation, the Committee advises that an additional instruction be given to inform the jury as to the types of discrimination prohibited by the applicable statute. In this regard, the Committee notes that some judges prefer that the underlying discrimination statute be read verbatim as part of the instruction.

It should also be noted that although the alleged adverse action is often one taken against the Plaintiff by the Defendant employer, a Defendant may be held liable for retaliation committed by Plaintiff's co-workers if that retaliation is committed with the knowledge and acquiescence of the Defendant employer. Gunnell v. Utah Valley State College, 152 F.3d 1253, 1262-63 (10th Cir. 1998); Berry v. Stevinson Chevrolet, 74 F.3d 980, 985-86 (10th Cir. 1996).

**Authority**:

Burlington Ne & Santa Fe Ry. Co. v. White, No. 05-259, 2006 U.S. LEXIS 4895 (U.S. 2006); 42 U.S.C. § 2000e-3 (Title VII); 29 U.S.C. § 623(d) (ADEA); 42 U.S.C. § 12203(a) (ADA). See also Gunnell v. Utah Valley State Coll., 152 F.3d 1253, 1262-63 (10th Cir. 1998); Cole v. Ruidoso Mun. Schools, 43 F.3d 1373, 1381 (10th Cir. 1994). The Tenth Circuit has held that the *prima facie* elements of a retaliation claim under 42 U.S.C. § 1981 are identical to those for a retaliation claim under Title VII. See Roberts v. Roadway Express, 149 F.3d 1098, 1103 & 1103 n.1 (10th Cir. 1998).

**RETALIATION – STATUTE INVOLVED – NOT TITLE VII**

[U2 USCA Section 1981] makes it unlawful for an employer to retaliate

against a person because that person has engaged in a protected activity under the statute.


To establish a claim of retaliation, Plaintiff must prove:

1. That [he][she] engaged in a protected activity under [insert statute];

2. Plaintiff suffered an adverse [employment] action contemporaneously

with or subsequent to that protected activity; and

3. There was a casual connection between such protected activity and the

adverse action.


If you find that Plaintiff has proved each of these elements by a preponderance of the

evidence, then you must find for Plaintiff and against Defendant on this claim. If, on the

other hand, you find that Plaintiff has failed to prove any one or more of these elements

by a preponderance of the evidence, then you must find against [him][her] on this claim

and in favor of Defendant.


**Notes on Use**:
This instruction should only be used in cases involving claims for retaliation made under
statutes other than Title VII. Burlington Ne. & Santa Fe Ry. Co. v. White, No. 05-259,
2006 U.S. LEXIS 4895 (U.S. 2006).
*Caveat:* Although included at length in the jury instructions, most Circuits, including the
Tenth Circuit, believe that it is *not* appropriate to instruct the jury on the McDonnell
Douglas burden-shifting analysis, including the elements of a *prima facie* case. See
Messina v. Droblin Transp. Sys., Inc., 903 F.2d 1306, 1308 (10th Cir. 1990) ("The
McDonnell Douglas inferences provide assistance to a judge as he addresses motions to
dismiss, for summary judgment, and for directed verdict, but they are of little relevance
to the jury. The district courts, therefore, to avoid potential jury confusion, should
prepare instructions that do not rely on technical legal distinctions likely to be understood
only by attorneys and judges.") Rather, the courts recommend use of instructions

regarding the ultimate question and applying a "motivating factor" standard. See "Motivating Factor" instruction under Title VII section.

The Committee, however, acknowledges that treatises on jury instructions are excellent sources for locating the required elements of various claims. And, of course, oftentimes a particular element (or elements) of a *prima facie* case is or are at issue at trial. Therefore, instructions articulating these elements have been included for use as an additional tool for a complete examination of the McDonnell Douglas analysis.

The above instruction is designed for use in cases where the Plaintiff alleges both a discrimination claim and a retaliation claim under the applicable statute. In cases where the Plaintiff does not assert a discrimination claim under the statute, and is instead bringing only a claim of retaliation, the Committee advises that an additional instruction be given to inform the jury as to the types of discrimination prohibited by the applicable statute. In this regard, the Committee notes that some judges prefer that the underlying discrimination statute be read verbatim as part of the instruction.

It should also be noted that although the alleged adverse action is often one taken against the Plaintiff by the Defendant employer, a Defendant may be held liable for retaliation committed by Plaintiff's co-workers if that retaliation is committed with the knowledge and acquiescence of the Defendant employer. Gunnell v. Utah Valley State College, 152 F.3d 1253, 1262-63 (10th Cir. 1998); Berry v. Stevinson Chevrolet, 74 F.3d 980, 985-86 (10th Cir. 1996).

**Authority**:
42 U.S.C. § 2000e-3 (Title VII); 29 U.S.C. § 623(d) (ADEA); 42 U.S.C. § 12203(a) (ADA). See also Gunnell v. Utah Valley State Coll., 152 F.3d 1253, 1262-63 (10th Cir. 1998); Cole v. Ruidoso Mun. Schs., 43 F.3d 1373, 1381 (10th Cir. 1994). The Tenth Circuit has held that the *prima facie* elements of a retaliation claim under 42 U.S.C. § 1981 are identical to those for a retaliation claim under Title VII. See Roberts v. Roadway Express, 149 F.3d 1098, 1103 & 1103 n.1 (10th Cir. 1998).

## PROTECTED [ACTIVITY] [ACTIVITIES] – PARTICIPATION – DEFINED

Protected activities include making a charge [of discrimination, harassment or retaliation], or testifying, assisting or otherwise participating in any manner in [his] [her] own [or someone else's] charge [of discrimination, harassment or retaliation], investigation, proceeding or hearing under [Title VII, ADEA, ADA, etc.]

In this case, Plaintiff asserts that [he] [she] engaged in the following protected [activity] [activities]: [insert activity or activities].

Plaintiff must prove that [he] [she] actually participated in [a] protected [activity] [activities], but Plaintiff does not have to prove that the underlying charge, investigation, proceeding or hearing was successful.

**Notes on Use**:
This instruction should only be given when the Plaintiff alleges that participation activity (rather than opposition activity) is the basis for the alleged retaliation claim.
It is important to note that even informal, internal complaints to management can be sufficient to invoke the participation clause for purposes of establishing a *prima facie* case of retaliation. In Jeffries v. State of Kansas, 147 F.3d 1220 (10th Cir. 1998), for example, the Plaintiff delivered a letter to the superintendent of her employer hospital describing the discrimination. Id. at 1231. That does not, however, mean that all such complaints will amount to participation activity. In Shinwari v. Raytheon Aircraft Co., 251 F.3d 1337, 2000 U.S. App. LEXIS 12816, *17-18 (10th Cir. 2000), overruled on other grounds, Crumpacker v. Kan. Dep't of Human Res., 338 F.3d 1163, 1171 (10th Cir. 2003) (citing Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 269 (2001)), the court held the Plaintiff's conclusory and nonspecific allegations of discrimination raised during his performance review did not rise to the level of participation in a protected activity.

**Authority**:
42 U.S.C. § 2000e-3(a) (Title VII); 29 U.S.C. § 623(d) (ADEA); 42 U.S.C. § 12203(a) (ADA). See also Robbins v. Jefferson County Sch. Dist., 186 F.3d 1253 (10th Cir. 1999), abrogated on other grounds, Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002); Jeffries v. State of Kansas, 147 F.3d 1220, 1231 (10th Cir. 1998); Sauers v. Salt Lake County, 1 F.3d 1122, 1128 (10th Cir. 1993).

**PROTECTED [ACTIVITY] [ACTIVITIES] – OPPOSITION – DEFINED**

Protected activities include opposing a practice made unlawful by [insert statute here, i.e., Title VII, ADEA, ADA, etc.], such as expressing a [reasonable good faith] belief that the employer has engaged in a discriminatory practice.

In this case, Plaintiff asserts that [he] [she] engaged in the following protected [activity] [activities]: [insert activity or activities].

Plaintiff must prove [he] [she] engaged in [this] [these] [activity] [activities] to oppose a practice made unlawful by the statute.

**Notes on Use**:
The Committee recognizes that opposition activity can take different forms, such as making complaints to management, writing critical letters to customers about discriminatory treatment by the employer, protesting against discrimination in general, and expressing support of co-workers who have filed formal charges. Accordingly, this instruction may be modified to identify the particular type of opposition activity at issue in the case.
This instruction may be given on its own without the bracketed term "reasonable good faith" if there is not a triable issue as to whether, at the time the Plaintiff engaged in opposition activity, he or she had a mistaken but reasonable good faith belief that Title VII (or the ADEA or the ADA) had been violated. If, however, there is a triable issue as to whether, at the time the Plaintiff engaged in opposition activity, he or she had such a mistaken but reasonable good faith belief, this instruction should be given, the bracketed term "reasonable good faith" should be inserted into it; and the next instruction – "Protected [Activity] [Activities] – Opposition (Mistaken but Reasonable Good Faith Belief)" – should be given also.

**Authority**:
42 U.S.C. § 2000e-3(a) (Title VII); 29 U.S.C. § 623(d) (ADEA); 42 U.S.C. § 12203(a) (ADA). See also, Shinwari v. Raytheon Aircraft Co., 215 F.3d 1337, 2000 U.S. App. LEXIS 12816, *15 (10th Cir. June 8, 2000) , overruled on other grounds, Crumpacker v. Kan. Dep't of Human Res., 338 F.3d 1163, 1171 (10th Cir. 2003) (citing Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 269 (2001)); Archuleta v. Colo. Dep't of Insts., 936 F.2d 483, 487 (10th Circ. 1991); Love v. Re/Max, 738 F.2d 383, 385 (10th Cir. 1984).

**PROTECTED [ACTIVITY] [ACTIVITIES] – OPPOSITION**
**(Mistaken But Reasonable Good Faith Belief)**

Plaintiff's [activity] [activities] in opposing a practice [he] [she] believed is unlawful

under [Title VII, ADEA, etc.] is protected activity even though it is based on a mistaken

but reasonable good faith belief that [the statute] has been violated.

**Notes on Use**:
This instruction should only be given in "opposition," not "participation" cases, as
reasonable good faith belief is only required in opposition cases. In addition, this
instruction should be given only when there is a triable issue as to whether, at the time the
Plaintiff engaged in the opposition activity, he or she had a mistaken but reasonable good
faith belief that Title VII (or the ADEA or the ADA) had been violated.
If the practice or action the Plaintiff opposes does not violate the statute, but the Plaintiff
engaged in the opposition activity based on a reasonable, good faith mistake of fact or
law, then s/he is entitled to protection from retaliation. Crumpacker v. Kan. Dep't of
Human Res., 338 F.3d 1163, 1171 (10th Cir. 2003) (citing Clark County Sch. Dist. v.
Breeden, 532 U.S. 268, 269 (2001)).
Obviously, whether or not the Plaintiff's mistake was reasonable and in good faith
depends greatly on the facts of a particular case.
However, protected conduct may not be found where, reasonably and in good faith, the
Plaintiff is legally wrong about what conduct is protected by the law. For example,
sexual favoritism does not violate Title VII. Taken v. Okla. Corp. Comm'n, 125 F.3d
1366, 1369-70 (10th Cir. 1997) (rejecting Title VII claim of paramour preference: "Title
VII's reference to 'sex' means a class delineated by gender, rather than sexual
affiliations"). See also Robben v. Runyon, No. 98-3177, 2000 U.S. App. LEXIS 1358,
*11-12 (10th Cir. Feb. 1, 2000) (unpublished) (affirming summary judgment as to
retaliation claim based upon the Plaintiff's expression of concerns about sexual
favoritism to a manager's paramour and claimed retaliation for complaints about it).

**Authority**:
Crumpacker v. Kan. Dep't of Human Res., 338 F.3d 1163, 1171-72 (10th Cir. 2003)
(citing Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 269 (2001)).

## ADVERSE ACTION – DEFINED

An "adverse action" is one that alters the employee's terms, conditions, or privileges of

employment, or otherwise adversely affects his or her status as an employee. An adverse

action, however, does not include a mere inconvenience or personality conflict in the

workplace.

**Notes on Use**:
This instruction should be used in retaliation cases brought under statutes other than Title
VII. In cases brought under Title VII, the instruction on "Materially Adverse Action --
Defined" should be used. Burlington Ne. & Santa Fe Ry. Co. v. White, No. 05-259, U.S.
LEXIS 4895 (U.S. 2006). It is not yet clear whether the decision in Burlington will be
applied in the context of retaliation claims other than Title VII. If the existence of an
adverse action is undisputed, this instruction may not be necessary.
An "adverse action" is not the same as "a tangible employment action," which has been
defined by the U.S. Supreme Court in Burlington Indus. v. Ellerth, 524 U.S. 742, 761
(1998), as entailing "a significant change in employment status, such as hiring, firing,
failing to promote, reassignment with significantly different responsibilities, or a decision
causing a significant change in benefits." See also Hillig v. Rumsfeld, 381 F.3d 1028,
1031-33 (10th Cir. 2004). To be sure, "adverse action" may include such actions, but also
"encompass[es] those acts that carry a 'significant risk of humiliation, damage to
reputation, and a concomitant harm to *future employment prospects*.'" See id. at 1032,
quoting Berry v. Stevinson Chevrolet, 74 F.3d 980, 986 (10th Cir. 1996) (emphasis added
by Hillig court). See, e.g., Hillig, 381 F.3d at 1035 (negative reference by former
employer was adverse action); Berry, 74 F.3d at 984-85 (filing of criminal charges of
theft and forgery against the plaintiff was adverse action). At the same time, the term
"adverse action" is not so broad to "encompass[] every action taken by a plaintiff's
employer … that may affect the plaintiff's future employment opportunities," particularly
those that have a *de minimus* effect. Hillig, 381 F.3d at 1033, quoting Aquilino v. Univ.
of Kan., 268 F.3d 930, 935 (10th Cir. 2001). See Aquilino, 268 F.3d at 935 (removal of
plaintiff from dissertation committee as a result of her legitimate denial of tenure was *de
minimus*); Tran v. Trs. of the States of Colls. in Colo., 355 F.3d 1263, 1268 (10th Cir.
2004) (reassignments requiring the development of new skills were *de minimus*).
In recent years, there has been much litigation over what actions rise to the level of
adverse action under the law. Compare Gunnell v. Utah Valley State Coll., 152 F.3d
1253, 1264 (10th Cir. 1998) (subjecting employee to retaliatory harassment was an
adverse action); Jeffries v. Kansas, 147 F.3d 1220, 1232-33 (10th Cir. 1998) (threatening
employee with lack of supervision was an adverse action); Corneveaux v. CUNA Mut.
Ins. Group, 76 F.3d 1498, 1507 (10th Cir. 1996) (requiring employee to "go through

several hoops" to obtain severance benefits was an adverse action); Sauers v. Salt Lake County, 1 F.3d 1122, 1128 (10th Cir. 1993) (reassigning employee against her wishes was an adverse action); and Deavenport v. MCI Commc'ns Corp., 973 F.Supp. 1221, 1227

(D. Colo. 1997) (taking away major assignments and forcing plaintiff to travel were adverse actions); with Amro v. Boeing Co., 232 F.3d 790, 798 (10th Cir. 2000) (arguably mediocre evaluations and salary raises were not adverse actions without a further demonstration that plaintiff's performance merited a higher ranking); Heno v. Sprint/United Mgmt. Co., 208 F.3d 847, 857 (10th Cir. 2000) (moving plaintiff's desk to a different location, monitoring her telephone calls, acting in a "chilly" manner toward her, refusing to investigate her race discrimination complaint once she filed her EEOC charge, and suggesting to her that she might want to move to a different department because her department was shifting to a commission sales format under which she had previously struggled were "[m]ere inconvenience[s] or alteration[s] of job responsibilities" that did not constitute adverse actions); and Sanchez v. Denver Pub. Schs., 164 F.3d 527, 533 (10th Cir. 1998) (requiring plaintiff to bring a doctor's note when sick, threatening to write up the plaintiff for insubordination, threatening to put the plaintiff on a plan for improvement, and failing to place her in a position that she requested were not adverse actions; unsubstantiated oral reprimands and unnecessary derogatory comments "are not included with the definition of adverse action absent evidence that they had some impact on the employee's employment status").

**Authority**:
42 U.S.C. § 2000e-3(a) (adopting definitions in 42 U.S.C. § 2000e-2(a)); Amro v. Boeing Co., 232 F.3d 790, 798 (10th Cir. 2000); Heno v. Sprint/United Mgmt. Co., 208 F. 3d 847,

857 (10th Cir. 2000).

**MATERIALLY ADVERSE ACTION - DEFINED**

In order to show that [he][she] suffered a materially adverse action, the Plaintiff must

show that the Defendant's actions were harmful to the point that they could well

discourage a reasonable worker from making or supporting a charge of discrimination.


**Notes on Use:**
This instruction should only be used in Title VII retaliation cases. Burlington Ne. &
Santa Fe Ry. Co. v. White, No. 05-259, 2006 U.S. LEXIS 4895 (U.S. 2006). Courts
outside of the Tenth Circuit have extended the above definition of materially adverse
action to retaliation cases brought under other federal statutes. See, e.g., Hartzol v.
McDonald's Corp., No. 05 C 2120, 2006 U.S. Dist. LEXIS 46428 (N.D. Ill. July 5,
2005)(applying definition to Section 1981 retaliation claim); Browne v. Potomac Elec.
Power Co., No. 05-1177, 2006 U.S. Dist. LEXIS 45074 (D.D.C. July 3, 2006)(applying
definition to Section 1981 retaliation claim); Mason v. City of Chicago, No. 05 C 1515,
2006 U.S. Dist. LEXIS 45231 (N.D. Ill. June 23, 2006)(applying definition to ADEA
retaliation claim.)

**Authority:**
Burlington Ne. & Santa Fe Ry. Co. v. White, No. 05-259, 2006 U.S. LEXIS 4895 (U.S.

2006).

**CAUSATION**

Plaintiff may establish a causal connection between the protected activity and the adverse

action:

1. By demonstrating direct evidence that retaliation was a motivating factor

in the employer's decision to take an adverse action, or

2. By demonstrating circumstances raising an inference that retaliation was a

motivating factor in the employer's decision to take an adverse action,

such as

(a) protected conduct closely followed by an adverse action, or

(b) proof of any employer efforts to conceal alleged retaliatory

conduct.


**Note on Use**:
Please see Title VII instructions for instruction on "motivating factor."
Depending on the facts of the case, it may be appropriate to instruct the jury on the specifics of the Defendant's required state of mind. If the Defendant is claiming ignorance of the underlying facts that constitute the alleged protected activity, it may be appropriate to instruct the jury that the Plaintiff must prove Defendant knew of the protected activity before taking the adverse action and took that action based upon the Plaintiff's protected activity. See Peterson v. Utah Dep't of Corrs., 301 F.3d 1182, 1188 (10th Cir. 2002). But, because Defendant may not avoid knowledge of certain facts it should have known, it also may be appropriate to instruct the jury that it is only necessary for the Plaintiff to prove that Defendant knew, or should have known, of the facts constituting the alleged protected activity. See Foster v. Allied Signal, Inc., 293 F.3d 1187, 1193 (10th Cir. 2002).

**Authority**:
Clark County Sch. Dist. v. Breeden, 532 U.S. 268 (2001); Wells v. Colo. Dep't of Transp., 325 F.3d 1205, 1218 (10th Cir. 2003); O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1253 (10th Cir. 2001); Pastran v. K-Mart Corp., 210 F.3d 1201 (10th Cir. 2000);

Burrus v. United Tele. Co., 683 F.2d 339, 343 (10th Cir.), citing, 459 U.S. 1071 (1982).

**COMPENSATORY DAMAGES**

If you find that the Defendant unlawfully discriminated [or retaliated] against the Plaintiff on the basis of [his][her] [protected activity, race, sex, disability, etc.], then you must determine an amount that is fair compensation for Plaintiff's losses. You may award compensatory damages for injuries that the Plaintiff proved were caused by the Defendant's wrongful conduct. The damages that you award must be fair compensation, no more and no less.

*Insert bold provision only if the Court determines back pay is not a jury question*:

**[In calculating damages, you should not consider any back pay or front pay that the Plaintiff lost. The award of back pay and front pay, should you find the Defendant liable on the Plaintiff's claims, will be calculated and determined by the Court.]**

You may award damages for any emotional distress, pain, suffering, inconvenience or mental anguish [insert all other claimed damages, such as embarrassment, humiliation, damage to reputation, etc.] that Plaintiff experienced as a consequence of the wrongful conduct. No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for setting the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

*Insert bold provision if Plaintiff is seeking other consequential damages*.

**[You may also reimburse the Plaintiff for the value of other out-of-pocket losses or expenses, including expenses for past medical bills, expenses for counseling or mental health care, moving expenses, employment search expenses, and [insert all other quantifiable out-of-pocket expenses sought by the Plaintiff].]**

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in making an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on speculation or guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**Notes on Use**:

Under Title VII and the ADA, the amount of compensatory damages is capped by statute. The elements of compensatory damages that are subject to the statutory cap are (1) future pecuniary losses, and (2) all nonpecuniary losses, which includes emotional distress, anguish, loss of enjoyment of life, embarrassment, reputational damage, adverse effects on credit rating, physical harms caused by distress, etc. The statutory cap does not apply to past pecuniary losses that occurred prior to the date of trial. These losses may include 59

past medical bills, expenses for counseling or mental health care, moving expenses, employment search expenses, and other quantifiable out-of-pocket expenses. See also, EEOC Enforcement Guidance: Compensatory and Punitive Damage Available Under Section 102 of the Civil Rights Act of 1991 (July 1992).

**Authority**:

42 U.S.C. § 1981a.

**PUNITIVE DAMAGES**

If you find that the Defendant intentionally discriminated against Plaintiff, the law allows, but does not require, an award of punitive damages. The purpose of an award of punitive damages is to punish a wrongdoer for misconduct, and also to provide a warning to others.

You may award punitive damages if you find that the Defendant engaged in discrimination with malice or with reckless indifference to the right of the Plaintiff to be free from such intentional discrimination. In order to find the Defendant liable for punitive damages, you must find that the Defendant discriminated in the face of a perceived risk that its actions would violate federal law.

In deciding the amount of punitive damages, you may consider the following:

1. The offensiveness of the conduct;

2. The amount needed, considering the Defendant's financial condition, to prevent the conduct from being repeated; **and**

3. Whether the amount of punitive damages bears a reasonable relationship to the actual damages awarded.

Where discriminatory acts on the part of the Defendant's managerial employees were contrary to the Defendant's good faith efforts to comply with the law by implementing and enforcing policies and programs designed to prevent unlawful discrimination, you shall not award punitive damages.

**Notes on Use**:
In appropriate cases, the following language may be added:
"You may infer 'malice' or 'reckless indifference' on the part of the Defendant where a manager responsible for setting or enforcing policy in the area of discrimination did not respond to

complaints, despite knowledge of serious harassment."
This additional language is supported by Baty v. Willamette Indus., Inc., 172 F.3d 1232, 1244-45 (10th Cir. 1999), abrogated on other grounds, Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), and is appropriate only in cases where liability for punitive damages is not sought on a vicarious liability basis. This imposition of liability is "premised upon direct liability, not derivative liability, according to the doctrine of *respondeat superior*." Deters v. Equifax Credit Info. Serv., Inc., 202 F.3d 1263, 1270-72 (10th Cir. 2000).
66

**Authority**:

42 U.S.C. § 1981a(b)(1); Kolstad v. American Dental Ass'n, 527 U.S. 526 (1999).

**TANGIBLE EMPLOYMENT ACTION – DEFINED**

A "tangible employment action" means a significant change in employment status, such

as hiring, firing, layoff, failure to promote, reassignment with significantly different

responsibilities, or a decision causing a significant change in wages or benefits.

A tangible employment action is not limited to monetary losses of benefits or wages, but

it must be more than a mere inconvenience or alteration of job responsibility.


**Authority**:
Burlington Indus. v. Ellerth, 524 U.S. 742, 761 (1998) (conduct is a tangible employment
action if it "constitutes a significant change in employment status, such as hiring, firing,
failure to promote, reassignment with significantly different responsibilities, or a
decisioncausing a significant change in benefits").

**Proposed Jury Instruction No. __**
**<u>Kennedy v. District of Columbia</u>, 654 A.2d 847 (D.C. App. 1994) – Emotional**
**Distress Naturally Flows From a Finding of Discrimination**

If you determine that Plaintiff has established the necessary elements for a finding

of pregnancy discrimination, as explained in Instruction No. _____, a finding of

emotional distress naturally flows from your finding of discrimination.

**Proposed Jury Instruction No. __**

**Compensatory Damages**[29]

I will now give you instructions about how to calculate damages. The fact that I do so does not in any way mean that I think you should award any damages; that is entirely for you to decide.

In the context of this case, if you find that defendant discriminated against the plaintiff, then you must determine an amount that is fair compensation for the plaintiff's damages. You may award compensatory damages only for injuries that the plaintiff proves were caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation – no more and no less.

If you find that the defendant acted unlawfully as to the plaintiff, you may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find these were caused by defendant's discrimination. No evidence of the precise monetary value of such intangible things as pain and suffering need be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may

---

[29]Adapted from Devitt, Blackmar & Wolff, § 104.05-.06 (Supp. 1999); 42 U.S.C. § 1981a(b)(1) (punitive damages); 42 U.S.C. § 2000e-5(g) (lost pay, attorneys fees); <u>Stoleson v. United States</u>, 708 F.2d 1217, 1223 (7th Cir. 1983) (plaintiff may not recover for stress brought on by litigation).

not award damages based on sympathy, speculation, or guess work.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

You may not consider the amount of lost wages or other benefits, if any, claimed by the plaintiff in this case.  Likewise, you may not consider any the cost to plaintiff of hiring an attorney.  Those attorneys fees and lost wages are determined by the Court and may not be included in your damages award.  You may not award the plaintiff damages for any stress induced by the prosecution of her claims.  A defendant has the right to defend itself, and therefore a plaintiff may not recover for any stress caused by brining, asserting, arguing, or otherwise litigating her claims.

You also may not award any punitive damages in this case.  Thus, you may not base any monetary award on a desire to punish the defendant, or to warn other employers not to engage in unlawful discrimination.  Rather, any monetary award that you make must be calculated solely to provide fair compensation to the plaintiff for his actual injuries caused by unlawful discrimination, and on no other basis.

**Proposed Jury Instruction No. ___**

**Damages – Proximate Cause**[30]

As I have previously instructed you, the Plaintiff must prove by a preponderance of the evidence that any injury or damage she suffered was "proximately caused" by the District's alleged unlawful actions.  An injury or damage is "proximately caused" by an act whenever it appears from a preponderance of the evidence in the case that the unlawful act or omission played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably probable consequence of the District's unlawful actions.  Conduct by the District that does not cause harm does not entitle Plaintiff to damages.  By the same token, harm to Plaintiff which is not the result of unlawful conduct by the District does not entitle Plaintiff to damages.

---

[30]Devitt, Blackmar & Wolff §§ 85.15; 80.18; 104.06

**Proposed Jury Instruction No. ___**

**Nominal Damages**[31]

If you find that the Plaintiff is entitled to a verdict in accordance with these instructions, but do not find that the Plaintiff has sustained substantial damages, then you may return a verdict for the Plaintiff in some nominal sum, such as one dollar.

---

[31] Devitt Blackmar & Wolff 85.18.

**Proposed Jury Instruction No. ___**

**Unanimous Verdict Required / Juror's Duty to Deliberate** [32]

The verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous. It is your duty, as jurors, to consult with one another and to deliberate expecting to reach an agreement or unanimous verdict. You must decide the case for yourself, but you should do so only after thoroughly discussing it with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember at all times that you are not partisans. You are judges– judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

---

[32]

**Proposed Jury Instruction No. __**

**Foreperson/Verdict Forms/Questions**[33]

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill it in, date and sign it, and then return to the courtroom. As you will note from the instructions on the verdict form, depending on how you answer a question, it may or may not be necessary to answer the next question. Follow the instructions provided.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will not communicate with any member of the jury on any subject touching the merits of this case other than in writing, or orally here in open court. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division or any part of the verdict at the time.

---

[33]See Devitt, Blackman & Wolff, §§ 74.05, 74.08

Respectfully submitted,


_____/s/_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, Maryland 20772
Telephone: (301) 599-7620
Fax: (301) 599-7623
Bar No. MD 14639