UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SONYA OWENS,                    )
                                )
            Plaintiff,          )
                                )
       v.                       )        Case No. 05-CV-01729 (AK)
                                )
DISTRICT OF COLUMBIA,           )
                                )
            Defendants          )
_____)

## DEFENDANT'S PRETRIAL STATEMENT

Pursuant to LCvR 16.5 the Defendant District of Columbia hereby submits its Pretrial

Statement.

### Defendant and Counsels

For Defendant District of Columbia:

Nicola N. Grey [492150]
David A. Jackson, [471535]
Assistant Attorneys General
441 4th Street, NW, 6 South
Washington, D.C. 20001
Direct Line: (202) 724-6626
Direct line: (202) 724-6618
Fax: (202) 727-3625

## STATEMENT OF THE CASE

Plaintiff Sonya Owens filed this employment discrimination case alleging that she was

subjected to discrimination, unlawful retaliation and terminated because of her race and gender

and because she engaged in protected activity.   Specifically, Plaintiff alleges that she was

retaliated against in violation of 42 U.S.C. §1981 and the DC Human Rights Act, D.C. Code § 2-

1402.11, *et seq* as a result of testifying in an EEOC hearing in 2001, being deposed as a witness in an action against the Metropolitan Police Department (MPD) in 2003 and giving testimony against the MPD during a discrimination trial in 2005. (Counts I and IV, respectively). Plaintiff alleges that she was discriminated against because of her race (Black) and gender (Female), in violation of the DC Human Rights Act (DCHRA), D.C. Code § 2-1402.11, *et seq*. (Counts II and III, respectively). Lastly, Plaintiff alleges that the District interfered with her right to comply with the DCHRA by failing to notify Plaintiff her testimonial obligations. (Count V). Plaintiff filed this action on August 31, 2005.

## DEFENDANTS STATEMENT OF THE CASE

The District denies all allegations. Plaintiff was terminated for legitimate non-discriminatory reasons in that Plaintiff falsified a police report, made statement which she knew were untrue, refused to cooperate with an internal affairs investigation and was absent from duty without supervisory approval. Plaintiff's conduct was a violation of District of Columbia law, MPD rules and regulations.

### Defenses:

1. Plaintiff failed to allege and will not be able to establish that a custom or policy approved by a District policymaker was the moving force that caused her alleged injuries 42 U.S.C. § 1981.

2. Plaintiff's 42 U.S.C. § 1981 claim is time barred as it pertains to acts occurring prior to August 31, 2002 because Plaintiff failed to assert the claims within the three year statute of limitation.

3. Plaintiff's DCHuman Rights Act (DCHRA) claims are time barred as it pertains to acts occurring prior to August 31, 2002 because Plaintiff failed to assert the claims within the one year statute of limitation required by the DCHRA.

4. If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiff's own willful and unlawful conduct.

5.      All actions taken by defendant relating to Plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory, and/or non-retaliatory reasons.

6.      Plaintiff would have been subjected to the alleged employment actions even if she had not engaged in protected activities.

7.      Plaintiff has failed to mitigate any damages that she may have incurred.

8.      Plaintiff failed to comply with the mandatory notice provisions of D.C. Code § 12-309.

**Witness List:**

Defendant's Witness List is attached hereto as Attachment 1.

**Defendant's Exhibit List:**

Defendant's Exhibit List is attached hereto as Attachment 2.

**Defendant's Proposed Voir Dire Questions**

Defendant's proposed Voir Dire questions are attached hereto as Attachment 3.

**Defendant's Proposed Standard Jury Instructions**

1.      1.01 Function of the Court

2.      1.02 Function of the Jury

3.      1.03 Significance of Party Designations

4.      1.04 Juror's Duty to Deliberate

5.      1.05 Attitude and Conduct of Jurors

6.      1.06 Instructions to be Considered as a Whole

7.      1.07 Court's Questions to the Witnesses

8.      1.08 Court's questions to Witnesses

9.      1.09 Jury Not to Take Cue from Judge

10.     1.10 Rulings on Objections

11.    1.11 Equality of Litigants-Corporations (The Defendant Request "The District of Columbia be substituted for "corporation."

12.    2.01 Evidence in the Case

13.    2.02 Evidence in the Case-Judicial Notice (If applicable)

14.    2.03 Inferences

15.    2.04 Inadmissible & Stricken Evidence (If applicable)

16.    2.05 Statements of Counsel

17.    2.06 Jury's Recollection Controls

18.    2.08 Burden of Proof

19.    2.09 Evidence Produced by Adversary

20.    2.10 Direct and Circumstantial Evidence

21.    3.01 Jury to Determine Credibility of Witnesses

22.    3.02 Number of Witnesses

23.    3.05 Depositions as Evidence

23.    3.08 Impeachment by Prior Inconsistent Statements

24.    12.01 Damages-Jury Award

25.    12.02 Extent of Damages-Proximate Cause;

26.    12.03 Burden of Proof-Speculative Damages

27.    12.07 Duty to Mitigate Damages

28.    24.02 Text of the District of Columbia Human Rights Act  (Only §§(a) (1) and (2)

29.    24.10 Liability Instruction In DCHRA Cases

30.    24.11 Liability Instruction In DCHRA Unlawful Retaliation Cases

31.    24.13 Defendant's Legitimate Non-Discriminatory Reason's For Adverse Employment
       Action and Plaintiff's Burden of Proof

32.    24.14 Business Necessary Exception


**Defendant's Proposed Non-Standard Jury Instructions**

Defendant's proposed non-standard jury instructions are attached hereto as Attachment 4.

**Defendant's Verdict Form**

Defendant's proposed verdict form is attached hereto as Attachment 5.

**Designation of Deposition Testimony:**

The Defendant does not intend on using deposition testimony except that the deposition testimony of

Plaintiff will be used for impeachment, if necessary.

**Requested Stipulations:**

The Defendant Request that Plaintiff stipulate to the following:

1.  At all times relevant to this complaint, Plaintiff was a Captain with the Metropolitan
    Police Department (MPD).

2.  As a Captain, Plaintiff was not covered by the terms and provisions of the union contract
    between the Fraternal Order of Police and the MPD or the District of Columbia.

3.  Plaintiff did not have an employment contract with the MPD or District of Columbia.

4.  As a Captain, Plaintiff was an at-will employee.

5.  Plaintiff was transferred from the 6th District to the 5th District in September 2001.

6.  Plaintiff agreed to be transferred from the 6th District to the 5th District.

7.  Plaintiff was interviewed by the EEOC in April 2001 regarding the Sharon Ritchie
    matter.

5

8.  Plaintiff gave a deposition in the case of *Sharon Ritchie v. District of Columbia, et al,* C.A. No. 02-cv-00440 (PLF), on April 30, 2003.

9.  In *Sharon Ritchie v. District of Columbia, et al,* C.A. No. 02-cv-00440 (PLF) judgment on the verdict as a matter of law was entered by the Court in favor of the District of the Columbia.

10.  All documents set forth in the Defendant's Exhibit List are authentic.

**<u>Motions Pending:</u>**

Defendant's Motions *In Limine*

**<u>Estimated Time Trial For Trial:</u>**

Three (3) days for the Defendant.

**<u>Settlement Negotiations:</u>**

The parties have not been able to settle this case.

Respectfully submitted,

LINDA SINGER
Attorney General for
the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

PHILLIP A. LATTIMORE. III [422968]
Chief, Section II

/s/
_____
NICOLA N. GREY [492150]
DAVID A. JACKSON [471535]
Assistant Attorneys General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626
(202) 727-3625 (fax)
E-mail:  nicola.grey@dc.gov

# ATTACHMENT 1

## DEFENDANT'S WITNESS LIST

| 1 | MPD Agent Theresa Ostazeski, Office of Internal Affairs, 801 Shepherd Street, NW, Washington, DC 20011 (202) 576-6100 | Agent Ostazeski will testify as to her investigation relating to Plaintiff's claim that her dog was stolen and given up for adoption by the Animal Welfare league of Arlington, Virginia.  Agent   will also testify as to her conclusions based on the investigation. | 2 Hours | | | |
| 2 | Kay Speerstra, Executive Director of the Animal Welfare League of Arlington (AWLA), 2650 Arlington Mill Drive, Arlington, Virginia  (703) 931-9241 | Ms. Speerstra will testify Plaintiff' gave her a police report as proof that Plaintiff's dog had been stolen and subsequently placed for adoption by AWLA.  Ms. Speerstra will testify about her meeting with Plaintiff regarding Plaintiff's dog. | 30-45 Minutes | | | |
| 3 | Susan Sherman, Animal Welfare League of Arlington (AWLA), 2650 Arlington Mill Drive, Arlington, Virginia  (703) 931-9241 . | Ms. Sherman will testify about her interactions with Plaintiff at the time Plaintiff gave her dog up for adoption.  Ms. Sherman will also testify about her meeting with Agent Ostazeski | 30-45 Minutes | | | |
| 4 | Arthur Schwartz, Animal Welfare League of Arlington (AWLA), 2650 Arlington Mill Drive, Arlington, Virginia  (703) 931-9241 | Mr. Schwartz will testify about his interactions with Plaintiff at the time Plaintiff gave her dog up for adoption.  Mr. Schwartz will also testify about his meeting with Agent Ostazeski . | 30-45 Minutes | | | |

| 5 | Salvatore (Sully) Anastasia, (Address unknown) Last Known Telephone Number (571) 426-7525 | Mr. Anastasia is expected to testify about what he knows relating to the theft of Plaintiff's dogs. | 30 Minutes | | |
| 6 | Sergeant Sonja Flipping, MPD, School Safety Division | Sergeant Flipping is expected to testify about her knowledge concerning Plaintiff dogs. Sergeant Flipping is also expected to testify as to Plaintiff's work performance. | 45 Minutes | | |
| 7 | Commander Jennifer Greene, MPD Fifth District, 1805 Bladensberg, Road, NE, Washington, DC (202) 698-0150 | Commander Greene is expected to testify about her knowledge concerning Plaintiff dogs. Commander Greene is also expected to testify as to disciplinary action taken against Plaintiff. Commander Greene will testify as to Plaintiff work performance | 2 Hours | | |
| 8 | Assistant Chief Willie Dandridge, 3244 Pennsylvania Avenue, SE, Washington, DC (202) 645-5333 | Assistant Chief Dandridge will testify about Plaintiff's job performance and the reasons why she was transferred. | 2 Hours | | |

# ATTACHMENT 2

## DEFENDANT'S EXHIBIT LIST

|                   |        | Government |     | XX | SONYA OWENS |
|---|---|---|---|---|---|

**Plaintiff** _____

**Defendant** <u>XX</u>                vs.                                            Civil  No. <u>05-cv-1729(AK)</u>

**Joint** _____        <u>DISTRICT OF COLUMBIA</u>

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SE INTO JURY (date & time |
|---|---|---|---|---|---|
| EXHIBIT 1 | Plaintiff' s Notice to the mayor pursuant to §12-309, Dated August 12, 2005 | | | | |
| EXHIBIT 2 | Animal Welfare League of Arlington, Adoption Papers signed by Plaintiff Dated. June 17th | | | | |
| EXHIBIT 3 | Letter to Prospective Owner, Signed by Plaintiff Not Dated | | | | |
| EXHIBIT 4 | Plaintiff's Police Report Dated May 31, 2004 | | | | |
| EXHIBIT 5 | Letter from Kay Speerstra Dated November 11, 2004 | | | | |

| | | | | | |
|---|---|---|---|---|---|
| EXHIBIT 6 | MPD PD 77 Form Dated November 12, 2004 | | | | |
| EXHIBIT 7 | Kay Speerstra's Transcribed Statement Dated November 23, 2004 and Signed March 10, 2005 | | | | |
| EXHIBIT 8 | Arthur Schwartz's Transcribed Statement Dated November 23, 2004 and Signed March 10, 2005 | | | | |
| EXHIBIT 9 | Susan Sherman's Transcribed Statement Dated November 23, 2004 and Signed March 10, 2005 | | | | |
| EXHIBIT 10 | Plaintiff's Transcribed Statement Dated March 3, 2005 | | | | |
| EXHIBIT 10A | Plaintiff's Transcribed Statement Dated March 29, 2005 | | | | |
| EXHIBIT 11 | Memorandum Dated March 11, 2005 from Commander Green to Plaintiff | | | | |

| | | | | | |
|---|---|---|---|---|---|
| EXHIBIT 12 | Arthur Schwartz's Photo Id of Plaintiff Dated March 10, 2005 | | | | |
| EXHIBIT 13 | Susan Sherman's Photo Id of Plaintiff Dated March 10, 2005 | | | | |
| EXHIBIT 14 | Plaintiff's letter to Commander Green Dated march 11, 2005 | | | | |
| EXHIBIT 15 | Plaintiff's Request for Leave Dated March 11, 2005 | | | | |
| EXHIBIT 16 | Memorandum from Plaintiff to Commander Green | | | | |
| EXHIBIT 17 | AWOL Dated March 12, 2005 | | | | |
| EXHIBIT 18 | Email dated March 28, 2005 | | | | |
| | | | | | |

| EXHIBIT 19 | Police Report Regarding Attempt to Locate Dated October 25, 2004 | | | | |
|---|---|---|---|---|---|
| EXHIBIT 20 | MPD PD 73 Personnel Action Form Dated January 8, 2004 | | | | |
| EXHIBIT 21 | Injury/Illness Report Dated January 31, 2004 | | | | |
| EXHIBIT 22 | Time and Attendance Form Dated March 9, 2005 | | | | |
| EXHIBIT 23 | Warning to Plaintiff Dated March 3, 2005 | | | | |
| EXHIBIT 24 | Termination Letter Dated October 14, 2005 | | | | |
| EXHIBIT 25 | Memorandum Dated November 21, 2001 Regarding Plaintiff Testifying before the EEOC | | | | |
| EXHIBIT 26 | Notice of Proposed Termination Dated April 25, 2005 | | | | |

| EXHIBIT | | | | | |
|---------|--|--|--|--|--|
| EXHIBIT | | | | | |
| EXHIBIT | | | | | |
| EXHIBIT | | | | | |
| EXHIBIT | | | | | |
| EXHIBIT | | | | | |
| EXHIBIT | | | | | |

# ATTACHMENT 3

**DEFENDANT'S PROPOSED VOIR DIRE**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SONYA OWENS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CV-05-1729 (AK) |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |
| _____: | | |

**DEFENDANT THE DISTRICT OF COLUMBIA'S PROPOSED VOIR DIRE**

Defendant respectfully requests that the Court ask the following questions of all prospective jurors:

1.    Do you know the plaintiff, Sonya Owens?

2.    Do you know the plaintiff's lawyer, Jimmy A Bell or any of the defendant's lawyers, Nicola N. Grey or David A. Jackson?

3.    Have you or a family member ever worked for the law firm of Jimmy A. Bell?

4.    Have you or a family member ever worked for the District of Columbia Attorney General's Office (formerly the District of Columbia Corporation Counsel)?

        a.    When?
        b.    Where?
        c.    What capacity?
        d.    What were the circumstances of your or your family member leaving?

5.     Do you know any of the following witnesses that are expected to testify

through out this trial?

        a.     Sonya Owens
        b.     Agent Theresa Ostaseski
        c.     Kay Speerstra
        d.     Susan Sherman
        e.     Arthur Schwartz
        f.     Sergeant Sonja Flippings
        g.     Assistant Chief Willie Dandridge
        h.     Salvatore Anastasia
        i.     Commander Jennifer Greene

6.     Have you or a family member ever worked for the District of Columbia?

7.     Have you, a member of your family, or a close friend ever been involved

with the Metropolitan Police Department, or any other area of law enforcement?

        a.     When?
        b.     What circumstances?

8.      Have you ever served on a jury?

        a.     Civil/Criminal?
        b.     Were you the foreperson?
        c.     What was the nature of the charges against the defendant?
        d.     What was the verdict, if one was reached?
        e.     Does your prior experience in that case make you feel in any way
that you will be unable to be fair and impartial in this case?

9.     Will serving on this jury be a burden to you?

10.     Have you or any member of your family or close friend ever been a

plaintiff, a defendant, or a witness in a civil case?

        a.     Did you testify?
        b.     When?
        c.     Where?
        d.     What was the outcome of the lawsuit?

11.     Have you or a member of your household or a good friend ever been

arrested or taken into custody by the police?

        a.     When?
        b.     What jurisdiction?
        c.     What were the charges?
        d.     What was the outcome?

12.     Have you or any member of your family or a good friend ever appeared

before a judge in a criminal proceeding?

        a.     When?
        b.     What jurisdiction?
        c.     What were the charges?
        d.     What was the outcome?

13.     Have you or a family member or a good friend ever had a lawsuit or a

claim for compensation against the Metropolitan Police Department?

        a.     When?
        b.     What court?
        c.     What were the claims?
        d.     What was the outcome?

14.     Have you or a family member or a good friend ever brought a claim of

discrimination against a present or former employer?

        a.     When?
        b.     What jurisdiction?
        c.     What were the claims?
        d.     What was the outcome?

15.     Have you or a family member or a good friend ever brought a claim of

retaliation against a present or former employer?

        a.     When?
        b.     What jurisdiction?
        c.     What were the claims?
        d.     What was the outcome?

16.     Have you or any of your family ever been a member of the armed forces?

        a.     What branch were you in?
        b.     What was your position?
        c.     When did you serve?

17.     Have you or a member of your family or a close friend ever filed a formal complaint against your supervisor?

        a.     What?
        b.     When?
        c.     What was the outcome?

18.     Have you or a member of your family or a close friend ever been accused of discrimination?

19.     Have you or a member of your family or a close friend ever been accused of retaliation?

20.     Have you or a member of your family or a close friend ever had a formal complaint filed against you, your family member or close friend by an employee?

21.     Is there any reason that you will be unable to serve as a juror throughout the duration of this trial.

# ATTACHMENT 4

## DEFENDANT'S NON STANDARD JURY INSTRUCTIONS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ | ) |
| **SONYA OWENS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DISTRICT OF COLUMBIA** *, et al.* | ) |
| | ) |
| **Defendants** | ) |
| _____) | |

Case No. 05-CV-01729 (AK)

### DEFENDANT'S NON-STANDARD JURY INSTRUCTIONS

Defendant District of Columbia submits the following non-standard jury instructions.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

PHILLIP A. LATTIMORE. III [422968]
Chief, Section II

/s/
_____
NICOLA N. GREY [492150]
DAVID A. JACKSON [471535]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626
(202) 727-3625 (fax)
E-mail:  nicola.grey@dc.gov

## DEFENDANT'S NON-STANDARD JURY INSTRUCTION NO. 1
## RETALIATION - ESSENTIAL ELEMENTS - 42 U.S.C. § 1981

It is unlawful for an employer to retaliate against one of its employees for opposing race discrimination, either informally or by making a formal complaint. Under the law, such opposition or complaint is considered protected activity, and an employee cannot be punished or disadvantaged for having raised concerns about race discrimination. It is irrelevant whether the employer considered the complaint to have merit. Whether or not the employer believed the complaint was justified, it may not retaliate against an employee because she opposed race discrimination or complained about it.

To prove retaliation under 42 U.S.C. § 1981, plaintiff must prove:

*First*, that she engaged in protected activity concerning race discrimination;

*Second*, that defendant took some action which disadvantaged or harmed her; and

*Third*, that defendant's action was taken because of the protected activity.

If plaintiff has not proved, by a preponderance of the evidence, that plaintiff's engaging in a protected activity concerning race discrimination was the motivating factor in defendant's decision, your verdict must be for defendant and you need not proceed further in considering this claim.

## DEFENDANT'S NON-STANDARD JURY INSTRUCTION NO. 1[*]
## RETALIATION - ESSENTIAL ELEMENTS
## DISTRICT OF COLUMBIA HUMAN RIGHT ACT

It is unlawful for an employer to retaliate against one of its employees for opposing discrimination, either informally or by making a formal complaint. Under the law, such opposition or complaint is considered protected activity, and an employee cannot be punished or disadvantaged for having raised concerns about discrimination. It is irrelevant whether the employer considered the complaint to have merit. Whether or not the employer believed the complaint was justified, it may not retaliate against an employee because she opposed discrimination or complained about it.

To prove retaliation under District of Columbia Human Rights Act, plaintiff must prove:

First, that she engaged in protected activity;

Second, that defendant took some action which disadvantaged or harmed her; and

Third, that defendant's action was taken because of the protected activity.

If plaintiff has not proved, by a preponderance of the evidence, that plaintiff's engaging in a protected activity was a motivating factor in defendant's decision, your verdict must be for defendant and you need not proceed further in considering this claim.

### *Citations*

42 U.S.C. § 2000e; *Waterhouse v. District of Columbia*, 298 F.3d 989, 992 (D.C. Cir. 2002); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761-62 (1998).

---

[*] This instruction was derived from Instruction No. 5.01 in the Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit. The excerpts from the committee comments also were taken from the Eighth Circuit Manual.

**DEFENDANT'S NON-STANDARD JURY INSTRUCTION NO. 2**
**RACE DISCRIMINATION (BLACK) - ESSENTIAL ELEMENTS**

It is unlawful for an employer to discriminate against any individual because of such individual's race.

To prove race discrimination under District of Columbia Human Rights Act, plaintiff must prove:

*First*, plaintiff is a member of a protected class;

*Second*, plaintiff suffered an adverse action [terminated, transferred, and denied tangible employment benefits].

*Third*, plaintiff's race was a motivating factor in defendant's decision to [terminate, transfer, and/ or deny tangible employment benefits].

If plaintiff has not proved, by a preponderance of the evidence, that plaintiff's race was a motivating factor in defendant's decision, your verdict must be for defendant and you need not proceed further in considering this claim.

## DEFENDANT'S NON-STANDARD JURY INSTRUCTION NO. 3
## SEX DISCRIMINATION (FEMALE) - ESSENTIAL ELEMENTS

It is unlawful for an employer to discriminate against any individual because of such individual's sex.

To prove sex discrimination under District of Columbia Human Rights Act, plaintiff must prove:

*First*, plaintiff is a member of a protected class;

*Second*, plaintiff suffered an adverse action [terminated, transferred, and denied tangible employment benefits].

*Third,* plaintiff's sex was a motivating factor in defendant's decision to [terminate, transfer, and/ or deny tangible employment benefits].

If plaintiff has not proved, by a preponderance of the evidence, that plaintiff's sex was a motivating factor in defendant's decision, your verdict must be for defendant and you need not proceed further in considering this claim.

## DEFENDANT'S NON-STANDARD JURY INSTRUCTION NO. 4[*]
### TANGIBLE EMPLOYMENT ACTION DEFINED

A "tangible employment action," also known as an "adverse employment action," is a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

Not everything that makes an employee unhappy is a tangible employment action. A tangible employment action occurs only when the plaintiff has suffered objectively tangible harm. Mere idiosyncracies of personal preference are not sufficient to state a tangible employment action.

Interlocutory or mediate decisions, having no immediate effect on the plaintiff's employment, cannot constitute a tangible employment action. *A decision that is rescinded before the employee suffers a tangible harm is not a tangible employment action.*[1]

### *Citations*

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761-62 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 808 (1998); *Russell v. Principi*, 257 F.3d 815, 819 (D.C. Cir. 2001); *Freedman v. MCI Telecommunications Corp.*, 255 F.3d 840, 848 (D.C. Cir. 2001); *Brown v. Brody*, 199 F.3d 446, 457 (D.C. Cir. 1999); *Taylor v. FDIC*, 132 F.3d 753, 764 (D.C. Cir. 1997); *Mungin v. Katten Muchin & Zavis*, 116 F.3d 1549, 1555 (D.C. Cir. 1997); *Raymond v.U.S. Capitol Police Board*, 157 F. Supp. 2d 50, 56 (D.D.C. 2001); *Childers v. Slater*, 44 F. Supp 2d 8, 19 (D.D.C. 1999); *Pennington v. City of Huntsville*, 261 F.3d 1262, 1267 (11th Cir. 2001).

---

[*] This instruction is derived from Instruction No. 171.43 in *Federal Jury Practice and Instructions*, by O'Malley, Grenig, Lee (West Group, 5th ed.).

[1] This final clause should be read to the jury if the plaintiff is permitted to introduce evidence that her illness initially was classified as "non-performance of duty," a decision which was rescinded with no negative consequences.

## <u>DEFENDANT'S NON-STANDARD JURY INSTRUCTION NO. 5</u>[*]
### MOTIVATING FACTOR DEFINED

The term "motivating factor" means a consideration that moved the defendant

toward the defendant's decision.

### *Citations*

42 U.S.C. § 2000e; *Price Waterhouse v. Hopkins*, 490 U.S. 228, 241-42 (1989) (O'Connor, J., concurring) (equating "substantial factor" with "motivating factor"); *Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 287 (1977) (same).

### Committee Comments

The Committee recommends giving this definition.  A court may decide that the term "motivating factor" need not be defined expressly because its common definition is also the applicable legal definition. "Motivating" is often used in a direct evidence, mixed-motive case brought under *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), to signify the multiple factors, at least one of which is assertedly unlawful, which caused the adverse employment decision.  42 U.S.C. § 2000e-2(m); *Beshears v. Asbill*, 930 F.2d 1348, 1353-54 (8th Cir. 1991) (ADEA case); *Parton v. GTE North, Inc.*, 971 F.2d 150, 153 (8th Cir. 1992).  "Determining factor" is appropriate in an indirect evidence, pretext case brought under the decisional format of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Ryther v. Kare II*, 108 F.3d 832 (8th Cir. en banc 1997); *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1101-02 (8th Cir. 1988).

---

[*] This instruction appears as Instruction No. 171.42 in *Federal Jury Practice and Instructions*, by O'Malley, Grenig, Lee (West Group, 5th ed.).  The committee comments encouraging the use of such an instruction were taken from the Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit.

## DEFENDANT'S NON-STANDARD JURY INSTRUCTION NO. 6[*]
## LEGITIMATE NONDISCRIMINATORY REASONS FOR EMPLOYMENT DECISION

You also must consider any legitimate, nondiscriminatory reason or explanation stated by the defendant for its conduct.  If you determine that the defendant has stated such a reason, then you must decide in favor of the defendant unless the plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason, but was only a pretext or excuse for defendant's discriminating against the plaintiff because of her race, gender or because the plaintiff engaged in a protected activity.

### *Citations*

*Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981); *McDonnal Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

---

[*] This instruction appears as Instruction No. 171.77 in *Federal Jury Practice and Instructions*, by O'Malley, Grenig, Lee (West Group, 5th ed.).

## DEFENDANT'S NON-STANDARD JURY INSTRUCTION NO. 7[*]
## "SAME DECISION" INSTRUCTION

If you determine Plaintiff proved that her race, gender or engaging in a protected activity was a factor motivating or playing a part in defendant's decision to take a tangible employment action against the plaintiff, then you must find for the plaintiff unless you determined that the defendant showed it would have reached the same decision regardless of plaintiff's race, gender or her engaging in a protected activity.

### *Citations*

42 U.S.C. § 2000e-5(g)(2)(B); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 242 (1989) (in Title VII action, employer may not be held liable if it can prove that, even if it had not taken gender into account in making employment decision, it would have come to the same decision regarding particular person).

---

[*] This instruction appears as Instruction No. 171.76 in *Federal Jury Practice and Instructions*, by O'Malley, Grenig, Lee (West Group, 5th ed.).

## DEFENDANT'S NON-STANDARD JURY INSTRUCTION NO. 8[*]
### BUSINESS JUDGMENT INSTRUCTION

An employer has the right to make subjective personnel decisions for any reason that is not discriminatory.  You may not return a verdict for plaintiff just because you might disagree with defendant's conduct or believe it to be harsh or unreasonable.

### *Citations*

42 U.S.C. § 2000e; *Waterhouse v. District of Columbia*, 298 F.3d 989, 995 (D.C. Cir. 2002) ("courts are without authority to 'second-guess an employer's personnel decision absent demonstrably discriminatory motive'"); *Fishbach v. District of Columbia Dep't of Corr.*, 86 F.3d 1180, 1183 (D.C. Cir. 1996) (noting that to rebut the employer's nondiscriminatory explanation for its conduct, "it is not enough for the plaintiff to show that a reason given for a job action is not just, or fair, or sensible."); *Walker v. AT&T Technologies*, 995 F.2d 846 (8th Cir. 1993); s*ee Freedman v. MCI Telecommunications Corp.*, 255 F.3d 840, 845 (D.C. Cir. 2001).

### Committee Comments

In *Walker v. AT&T Technologies*, 995 F.2d 846 (8th Cir. 1993), the Eighth Circuit ruled that it is reversible error to deny a defendant's request for an instruction which explains that an employer has the right to make subjective personnel decisions for any reason that is not discriminatory.  This instruction is based on sample language cited in the Eighth Circuit's opinion.  *See Walker*, 995 F.2d at 849; *cf. Blake v. J.C. Penney Co.*, 894 F.2d 274, 281 (8th Cir. 1990) (upholding a different business judgment instruction as being sufficient).

---

[*] This instruction is derived from Instruction No. 5.94 in the Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit.  The committee comments also were taken from the Eighth Circuit Manual.

## <u>DEFENDANT'S NON-STANDARD JURY INSTRUCTION NO. 9</u>
### COMPENSATORY DAMAGES

If you find that the defendant discriminated against the plaintiff based on the plaintiff's race, gender or because plaintiff engaged in a protected activity, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that the plaintiff proves were caused by defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation—no more and no less.

You may award damages for any pain, suffering or mental anguish that the plaintiff experienced as a consequence of defendant's allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the plaintiff prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

### *Citations*

42 U.S.C. § 1981a(a) (1994).

32

## <u>DEFENDANT'S NON-STANDARD JURY INSTRUCTION NO. 10</u>[*]
### NOMINAL DAMAGES

If you find in favor of the plaintiff, but you find that plaintiff's damages have no

monetary value, then you must return a verdict for the plaintiff in the nominal amount of

one dollar.

### *Citations*

*Bailey v. Runyon*, 220 F.3d 879, 882 (8th Cir. 2000) (nominal damages are appropriately awarded where a Title VII violation is proved even though no actual damages are shown); *see generally Availability of Nominal Damages in Action Under Title VII of Civil Rights Act of 1964*, 143 A.L.R. Fed. 269 (1998).

---

[*] This instruction appears as Instruction No. 171.93 in *Federal Jury Practice and Instructions*, by O'Malley, Grenig, Lee (West Group, 5th ed.).

# ATTACHMENT 5

## DEFENDANT'S PROPOSED VERDICT FORM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
SONYA OWENS,                          )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )          Case No. 05-CV-01729 (AK)
                                      )
DISTRICT OF COLUMBIA , *et al.*       )
                                      )
          Defendants                  )
_____)

## DEFENDANT'S PROPOSED VERDICT FORM

1.    Has the Plaintiff proven by a preponderance of the evidence that

Defendant District of Columbia retaliated against her for engaging in protected activity

relating to race in violation of 42 U.S.C. § 1981?

_____ YES


_____ NO


2.    Has the Plaintiff proven by a preponderance of the evidence that

Defendant District of Columbia discriminated against her because of her race in violation

of the DC Human Rights Act?

_____ YES


_____ NO

35

3.      Has the Plaintiff proven by a preponderance of the evidence that Defendant District of Columbia discriminated against her because of her gender in violation of the DC Human Rights Act?

_____ YES


_____ NO


4.      Has the Plaintiff proven by a preponderance of the evidence that Defendant District of Columbia retaliated against her for engaging in protective activity in violation of the DC Human Rights Act?

_____ YES


_____ NO


5.      Has the Plaintiff proven by a preponderance of the evidence that Defendant District of Columbia interfered with Plaintiff's right to  comply with the  DC Human Rights Act?

_____ YES


_____ NO


If all of your answers to Questions 1 through 5 are NO, your deliberation is over and the foreperson must date and sign this form.

If your answer to <u>any</u> of the Questions 1 through 5 is YES, then you must proceed with answering questions 5 below.

## **DAMAGES**

5. What amount of money will fairly and justly compensate Plaintiff for the damages her sustained?

$_____

Dated: _____          _____

                                          Signed:  FOREPERSON