UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONYA OWENS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CV-05-1729 (AK) |
| DISTRICT OF COLUMBIA, : | |
| : | |
| Defendant. : | |
| _____: | |

## DEFENDANT'S SECOND MOTION *IN LIMINE*

The Defendant District of Columbia ("the District"), by and through undersigned counsel and pursuant to Fed. R. Evid. 402 and 403, hereby moves this Court to preclude Plaintiff from introducing certain testimony or evidence in the October 4, 2007, trial relating to Plaintiff's claims under 42 U.S.C. § 1981 and the District of Columbia Human Rights Act ("DCHRA").

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, are attached hereto.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

    */s/Phillip A. Lattimore*
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III

        */s/Nicola N. Grey*
NICOLA N. GREY [492150]
DAVID A. JACKSON [471535]
Assistant Attorneys General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  nicola.grey@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SONYA OWENS, | : |
| | : |
|     **Plaintiff,** | : |
| | : |
| v. | : |
| | :    CV-05-1729 (AK) |
| DISTRICT OF COLUMBIA, | : |
| | : |
|     **Defendant.** | : |
| _____: | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S SECOND MOTION *IN LIMINE***

*Introductory Statement*

Plaintiff brings this lawsuit against the District of Columbia for violations of 42 U.S.C. § 1981 and the DCHRA §§ 2-1402.11 and 2-1402.61. *See* Plaintiff's Complaint ("Complaint"). Plaintiff Sonya Owens, a black female, is a former Captain of the Metropolitan Police Department ("MPD"). *Id*. at ¶ 4. She alleges that the District retaliated against her after she testified as a witness at an Equal Employment Opportunity Commission ("EEOC") hearing on behalf of two pregnant MPD officers, Sharon Ritchie and Tracy Miles, in June 2001, in a civil deposition, and at a civil trial for Ms. Ritchie in February 2005. *Id*. at ¶ 6 – 9, 23 - 29, 63 – 68.

Plaintiff also alleges in her Complaint that she engaged in a protected activity by speaking on behalf of two pregnant officers, Ms. Ritchie and Ms. Miles, as a result of the alleged discriminatory conduct of Assistant Chief Dandridge Willie Dandridge, who at the time was the Commander of the Sixth District, and Sixth District's Sergeant Luis Lovell.

Plaintiff now intends to call Ms. Ritchie and Ms. Miles as fact witnesses in her case.  See Plaintiff's Pre-Trial Statement dated September 24, 2007.  Plaintiff intends to call Ms. Miles to testify as to her "knowledge of the events that occurred between March through May of 2001-

2005," … that she was treated similarly to Sharon Ritchie, … [and] that a demand was made that she too submit a detailed letter from her physician." Id. p. 2.  Plaintiff intends to call Ms. Ritchie to testify "regarding her treatment during March through May of 2001 – 2005 and Plaintiff's actions to speak out against sex discrimination." Id. p. 2-3.

This Court should grant Defendant's Second Motion *in Limine* because neither Ms. Ritchie's nor Ms. Miles should be allowed to re-litigate their previous unfounded allegations of pregnancy discrimination and such evidence would be highly prejudicial to the District.

I.   **ARGUMENT**

**Plaintiff Should be Precluded from Calling Sharon Ritchie and Tracy Miles as Witnesses in Her October 4, 2005, Trial or Offering Any Testimony or Evidence Regarding Ms. Ritchie and Ms. Miles Claims.**

The Court should preclude Ms. Ritchie or Ms. Miles from testifying or offering any testimony or evidence offered by Plaintiff relating to any claims or allegations that the District discriminated against Ms. Ritchie and Ms. Miles because of their pregnancies.  On Ms. Ritchie filed a civil lawsuit alleging sex discrimination because of her pregnancy.  On February 15, 2007, Ms. Ritchie's case went to trial and on February 17, 2007, the Court entered Judgment as a Matter of Law at the close of Plaintiff's case in favor of the District.  See Exhibit A, Order dated February 17, 2005.

Under the doctrine of *collateral estoppel*, Ms. Ritchie is precluded from claiming that she was discriminated against.  Therefore, Plaintiff should not be allowed to elicit any testimony whatsoever from Ms. Ritchie that relates to Ms. Ritchie's past allegations of alleged discrimination.  In general, under the doctrine of collateral estoppel, "once an issue of fact or law has been actually and necessarily determined against a party by a court of competent jurisdiction that determination is conclusive on that party in any subsequent proceeding against

4

that party based on a different cause of action. Offensive use of collateral estoppel arises when a plaintiff seeks to estop a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff." *District of Columbia v. Gould,* 852 A.2d 50 (D.C. 2004).

In regards to Ms. Miles, she also alleged sex discrimination based of her pregnancy during the same time period as Ms. Ritchie. However, Ms. Miles decided not to bring a lawsuit. Based on the Court's finding in the Ritchie case, there is a high probability that if Ms. Miles' case had been brought, it would have suffered the same defeat as Ms. Ritchie. It would be highly prejudicial to the District to allow Ms. Miles to testify about the alleged sex discrimination that she chose not to pursue because in this case. Here, Plaintiff does not allege sex discrimination because of a pregnancy but rather race and gender discrimination and, therefore, Ms. Miles should be precluded from testifying about her alleged discrimination. The discriminatory acts in this case are different from the discrimination alleged by Ms. Ritchie and Ms. Miles.

## CONCLUSION

Therefore, this Court should grant this motion pursuant to Fed. R. Evid. 402 and 403.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

    */s/Phillip A. Lattimore*
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III

5

>	*/s/Nicola N. Grey*
> NICOLA N. GREY [492150]
> DAVID A. JACKSON [471535]
> Assistant Attorneys General
> 441 Fourth Street, N.W.
> Sixth Floor South
> Washington, D.C. 20001
> (202) 724-6626; (202) 727-6295
> (202) 727-3625 (fax)
> E-mail:  nicola.grey@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SONYA OWENS, | : |
| | : |
|     **Plaintiff,** | : |
| | : |
| v. | : |
| | :     CV-05-1729 (AK) |
| DISTRICT OF COLUMBIA, | : |
| | : |
|     **Defendant.** | : |
| _____ | : |

**ORDER GRANTING DEFENDANT'S SECOND MOTION *IN LIMINE***

Upon consideration of the District's Second Motion *in Limine*, opposition thereto, any reply, and the facts and law considered, it is this \_\_\_\_ day of _____, 2007,

**HEREBY ORDERED** that the District's Motion is **GRANTED**; and it is

**FURTHER ORDERED** that the Second Motion *in Limine* is granted in the District's favor.

_____
The Honorable Alan Kaye
United States Magistrate Judge