IN THE UNITED STATES DISRTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SONYA OWENS** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No.: 05-CV-01729 |
| v. | : | (AK) |
| | : | |
| **DISTRICT OF COLUMBIA, et al.** | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION IN LIMINE**

COMES NOW PLAINTIFF, Sonya Owens, by and through under signed counsel, Jimmy A. Bell Esq. and the Law Offices of Jimmy A. Bell, P.C. and hereby files this Opposition to Defendant's Second Motion in Limine.

As grounds, Plaintiff states the following:

**ARGUMENT**

**I.   DEFENDANT'S INSTANT MOTION MUST BE DENIED AS THE DOCTRINE OF COLLATERAL ESTOPPEL DOES NOT APPLY.**

"The very heart of the collateral estoppel doctrine is the requirement that the issue to be precluded must be substantially the same as the issue previously litigated." Montana v. United States, 440 U.S. 147, 153 (1980). In determining when collateral estoppel is appropriate, this Court must weigh the burden of repetitious litigation against the risk of denying Plaintiff her day in court. Id. Collateral estoppel protects against multiple lawsuits, the possibility of inconsistent decisions, and acts to conserve judicial resources. Material Supply International, Inc. v.

Sunmatch Industrial Co., Ltd., 146 F.3d 983 (1998).  In the instant case, Plaintiff is not asserting any claims of discrimination on behalf of Sharon Ritchie or Tracy Miles, nor is Plaintiff asking this Court to decide whether Ms. Ritchie or Ms. Miles suffered discrimination at the hands of Defendant.  Plaintiff's claims center around the retaliatory actions Defendant's took against Plaintiff after Plaintiff testified about allegations of discrimination against Ms. Ritchie and Ms. Miles.  Plaintiff seeks to introduce the testimony of Ms. Ritchie and Ms. Miles in support of Plaintiff's claims of discrimination against Defendant and is not asking this Court and/or any fact finder to determine whether or not Ms. Ritchie.  Precluding the testimony of Ms. Miles and Ms. Ritchie will prevent Plaintiff from fully litigating her claims against Defendant and ultimately hinder Plaintiff in the presentation of the merits of Plaintiff's case.

 Whether Ms. Ritchie and Ms. Miles were actually victims of discrimination is not at issue in this case and thus, their testimony cannot be precluded, simply because Defendant does not find Ms. Ritchie and Ms. Miles testimony credible or worthy of being heard.  The weight and credibility to be given any testimony and/or witness is to be determined by a jury, not by Defendant.  Furthermore, Defendant has not cited a single case, or other authority that has or would extended the doctrine of collateral estoppel from issue preclusion to preclusion of factual testimony.  Where, as here, Plaintiff is not seeking to re-litigate issues which Plaintiff has already litigated and is merely seeking to introduce testimony in support of Plaintiff's own claims of discrimination against Defendant, the doctrine of collateral estoppel does not apply and Defendant's instant Motion in Limine must be denied. Id.

 More importantly, Federal Rule of Evidence 701 permits a lay witness to provide opinion testimony that is: "(a) rationally based on the perception of the witness, (b) helpful to a clear

understanding of the witness testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge…" See United States v. Williams, 212 F.3d 1305,1310 n.6 (D.C. Cir. 2000). Rule 701 imposes limits on opinions and inferences given by a lay witness, it does not inhibit the jury from drawing its own inferences from witness testimony. United States v. Davis, 127 F.3d 68, 71 (D.C. Cir. 1997). Additionally, the structural cross check of cross examination will allow the Defense an opportunity to attack any testimony offered by Plaintiff in relation to health issues regarding Plaintiff's pregnancy. Williams, 212 F.3d at 1310 (stating that trial courts have broad discretion when allowing opinion testimony because opposing counsel can use cross examination to attack a weak foundation for said testimony). Here, as stated above, Plaintiff is not seeking to introduce the testimony of Ms. Ritchie or Ms. Miles in efforts to have this Court decide whether either was the victim of discrimination, however, both witness are fact witness and as such, according to Rule 701 must be permitted to testify regarding facts relevant to the circumstances surrounding Plaintiff's allegations. Whatever inferences or conclusions a jury draws from said testimony is for the jury itself to decide. Accordingly, the Defendant's instant Motion must be denied.

        Respectfully submitted,

        _____/s/_____
        Jimmy A. Bell, Esq.
        Law Office of Jimmy A. Bell, P.C.
        9610 Marlboro Pike
        Upper Marlboro, MD 20772
        (301) 599-7620
        (301) 599-7623 (Fax)
        Counsel for Plaintiff
        Bar No. MD 14639

Dated: October 15, 2007