IN THE UNITED STATES DISRTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SONYA OWENS** | : | |
| | : | |
| Plaintiff, | : | |
| | : | **Case No.: 05-CV-01729** |
| v. | : | (AK) |
| | : | |
| **DISTRICT OF COLUMBIA, et al.** | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW PLAINTIFF, Sonya Owens, by and through under signed counsel, Jimmy A. Bell Esq. and the Law Offices of Jimmy A. Bell, P.C. and hereby files this Opposition to Defendant's Motion to Dismiss.

As grounds, Plaintiff states the following:

**ARGUMENT**

**I.  DEFENDANT'S INSTANT MOTION MUST BE DISMISSED IN ITS ENTIRETY ACCORDING TO THE LAW-OF-THE-CASE DOCTRINE AS DEFENDANT IS MERELY ATTEMPTING TO RE-ARGUE ITS MOTIONF OR SUMMARY JUDGMENT ALREADY STRIKEN BY THIS COURT.**

The doctrine of law-of-the-case requires that: "the same issue presented a second time in the same case in the same court should lead to the same result." LaShawn A. v. Barry, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc). Accordingly, a "legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes

the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." <u>Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.</u>, 810 F.2d 243, 250 (D.C. Cir. 1987). The law-of-the-case may be revisited only if there is an intervening change in the law or if the previous decision was "clearly erroneous and would work a manifest injustice." <u>LaShawn A.</u>, 87 F.3d at 1393 (internal quotation marks omitted). Here, the law-of-the-case doctrine precludes Defendant's instant Motion as this Court has already ordered Defendant's Motion for Summary Judgment Striken from the record on May 14, 2007. Defendant is simply attempting to circumvent this Court's May 14, 2007 Order by re-submitting its summary judgment arguments, which this Court found to be untimely, under a new heading. Defendant cannot now, after having moved for reconsideration of this Court's May 14, 2007 Order and having reconsideration denied on July 5, 2007, circumvent this Court's Order with the instant Motion. Accordingly, this Court must deny Defendant's instant Motion as an improper attempt to have its summary judgment arguments considered once again.

    **II.    PLAINTIFF HAS ESTABLISHED A PRIMA FACIE CASE OF RETAILIATION AND DEFENDANT'S INSTANT MOTION MUST BE DISMISSED.**

In order to maintain claims of retaliation, the plaintiff must show that "(1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between the two." <u>Taylor v. Small</u>, 350 F.3d 1286, 1292 (D.C. Cir. 2003). In the instant case, Plaintiff : (1) testified against Defendant in proceedings involving claims of pregnancy discrimination; (2) Defendant, thereafter, denied Plaintiff training opportunities, transferred Plaintiff out of her District, gave Plaintiff lower performance ratings, changed Plaintiff's working hours, and subjected Plaintiff to disciplinary action; (3) Defendant's actions

are casually related to Plaintiff's engagement in protected activity as Plaintiff was only subjected to said treatment after her participation in protected activity.

"The causal connection component of the prima facie case may be established by showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity." <u>Mitchell v. Baldrige</u>, 759 F.2d 80, 86 (D.C. Cir. 1985); <u>Howard Univ. v. Green</u>, 652 A.2d 41, 45 (D.C. 1994) (standard for retaliation claims under DCHRA mirrors standard under Title VII). Here, Defendant knew Plaintiff testified in proceedings regarding claims of pregnancy discrimination as Defendant was responsible for ensuring Plaintiff received subpoenas requiring her appearance to give said testimony. <u>See</u> <u>generally</u>, <u>Plaintiff's Complaint; Plaintiff's Pretrial Statement</u>. Plaintiff must not be precluded from offering testimony regarding the factual foundation for Plaintiff's claims of discrimination against Defendant as Plaintiff can establish her claims of retaliation against Defendant.

Moreover, Defendant has not offered any valid evidentiary reasons for preclusion of said testimony and/or evidence, but instead has attempted to couch arguments presented in its Motion for Summary Judgment in the instant Motion. As this Court has already striken Defendant's Motion for Summary Judgment from the record, Defendant should not now be allowed to attempt to reassert said arguments in the form of a Motion in Limine. Defendant's Motion is an improper attempt to reassert arguments this Court has already declined to hear. Accordingly, this Court must deny Defendant's Motion as it relates to Plaintiff's Section 1981 claims.

> **A. The Supreme Court has Held that 28 U.S.C. §1658 Makes a Four Year Statute of Limitations Applicable to the Plaintiff's Section 1981 Claims.**

While Defendant is correct that Section 1981 itself does not contain a statute of limitations, Defendant has incorrectly stated the applicable statute of limitations in this case. In Goodman v. Lukens Steel Co., 482 U. S. 656, 660 (1987), the Supreme Court held that federal courts should apply "the most appropriate or analogous state statute of limitations" to claims based on asserted violations of §1981. Three years later, Congress enacted a catchall 4-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990. 28 U. S. C. §1658. Here, Plaintiff's allegations are based upon Section 1981, as amended in 1991, and thus, Section 1658(a) applies and Plaintiff's claims are subject to a four year statute of limitations, as opposed to the three year statute of limitations proposed by Defendant.

Prior to the 1991 Amendment, Section 1981 did not encompass the right to be free from harassing conduct occurring after the formation of a contract, nor did it include prohibitions against wrongful discharge or refusals to transfer. Accordingly, Plaintiff's allegations would not have amounted to violations of Section 1981 prior to the 1991 Amendments, thus Plaintiff's allegations arise under a statute enacted after Section 1658 and the four year statute of limitations therein applies to the instant case. Id.; 42 U.S.C. §1981(b). Because Plaintiff filed her instant Complaint on August 31, 2005, Plaintiff's Complaint can properly encompass claims of discriminatory and retaliatory conduct dating back to August 31, 2002 under Section 1658's four year statute of limitations.

Moreover, even if this Court finds the three year statute of limitations to apply in the instant case, Plaintiff must not be excluded from offering testimony regarding events occurring prior to August 31, 2002 because, although said events may not rise to the level of actionable discriminatory acts in and of themselves, said events demonstrate the environment surrounding

Plaintiff's allegations against Defendant and therefore, should properly be heard before a jury. Defendant has not attempted to argue that Plaintiff should not be allowed to present evidence supporting her claims of discrimination, but has apparently attempted to characterize Plaintiff's factual background information as discriminatory events.  Regardless of the applicable statute of limitations, Plaintiff must not be precluded from offering evidence which would tend to support her claims of retaliation and discrimination and Defendant cannot and has not offered any arguments to the contrary.

It is important to note that, Federal Rule of Evidence 403 "does not exclude evidence because it is strongly persuasive or compellingly relevant – the rule only applies when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate. The truth may hurt, but Rule 403 does not make it inadmissible on that account." In re Air Crash Disaster, 86 F.3d 498, 538 (6th Cir. 1996). In the instant case, the jury should be allowed to hear evidence relating to the background and circumstances surrounding Defendant's conduct and Plaintiff should not be precluded from hearing such evidence because it is harmful to the Defendant's case.

### III.    PLAINTIFF MUST NOT BE PRECLUDED FROM OFFERING EVIDENCE IN SUPPORT OF HER DCHRA CLAIMS.

Again, Federal Rule of Evidence 403 "does not exclude evidence because it is strongly persuasive or compellingly relevant – the rule only applies when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate. The truth may hurt, but Rule 403 does not make it inadmissible on that account." In re Air Crash Disaster, 86 F.3d 498, 538 (6th Cir. 1996).  In the instant case, the jury should be allowed to hear evidence relating to the background and circumstances surrounding Defendant's conduct and Plaintiff

should not be precluded from hearing such evidence because it is harmful to the Defendant's case.

Plaintiff must not be excluded from offering testimony regarding events occurring prior to August 31, 2004 and/or February 12, 2005, because, although said events may not rise to the level of actionable discriminatory acts in and of themselves, said events demonstrate the environment surrounding Plaintiff's allegations against Defendant and therefore, should properly be heard before a jury. Although Plaintiff has not characterized said events as discrete instances of discrimination, but has merely presented said facts as a factual background to and supporting evidence of Defendant's discriminatory conduct, Defendant has done so only in hopes of precluding Plaintiff from offering evidence which would tend to demonstrate discriminatory intent on part of Defendant. Defendant has not set forth any authority that would support the notion that Plaintiff should be foreclosed from presenting evidence in support of her claims against Defendant. Plaintiff must not be precluded from offering evidence which would tend to support her claims of retaliation and discrimination and Defendant cannot and has not offered any arguments to the contrary. Accordingly, Defendant's instant Motion must be denied.

Respectfully submitted,

_____/s/_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike

                                          Upper Marlboro, MD 20772  
                                        (301) 599-7620  
                                        (301) 599-7623 (Fax)  
                                        Counsel for Plaintiff  
                                        Bar No. MD 14639

Dated: October 15, 2007