UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SONYA OWENS,                           :
                                       :
    Plaintiff,                         :
                                       :
v.                                     :
                                       :   CV-05-1729 (AK)
DISTRICT OF COLUMBIA,                  :
                                       :
    Defendant.                         :
_____:

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S FIRST AND SECOND MOTION *IN LIMINES***

*Introductory Statement*

Defendant District of Columbia (the "Defendant"), by and through undersigned counsel, hereby responds to the Plaintiff's Memoranda in Opposition to Defendant's First and Second Motion *in Limine* ("Motions") as follows;

**I.**     **ARGUMENT**

    **I.**     **Issues Raised in the Defendant's Motions are Not Barred by the Law-of-the-case Doctrine.**

Contrary to Plaintiff's assertions, the law-of-the-case doctrine does not preclude the Defendant's First and Second Motions *in Limine*. The law-of-the-case doctrine provides that "[w]hen there are multiple appeals taken in the course of a single piece of litigation . . . decisions rendered on the first appeal should not be revisited on later trips to the appellate court." *Crocker v. Piedmont Aviation*, Inc., 49 F. 3d 735, 739 (D.C. Cir. 1995). The doctrine is intended to make sure the same issue already decided in the same court leads to the same result. *LaShawn A. v. Barry*, 87 F. 3d 1389, 1393 (D.C. Cir. 1996). "'The law of the case [doctrine] turns on whether a court previously 'decided upon a rule of law' . . . - - not whether, or how well, it explained the

decision.'" *Horn v. United States Department of Army*, 284 F. Supp. 2d 1, 7 (D.D.C. 2003) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Thus, "[t]he law of the case doctrine presumes a hearing on the merits." *United States v. Hatter*, 532 U.S. 557, 566 (2001).

Here, this Court did not decide Defendant's Motion for Summary Judgment on the merits. This Court merely ordered Defendant's Motion for Summary Judgment stricken from the record because Defendant failed to timely file the motion. Additionally, this Court also denied Defendant's Motion for Reconsideration of the decision to strike Defendant's Motion for Summary Judgment. This Court did not deny Defendant's Motion for Reconsideration on the merits of Defendant's Motion for Summary Judgment. Therefore, Defendant should not be precluded from raising the issues as set forth in its Motions *in Limine*.

## II. Defendant's First Motion *in Limine*

### A. Plaintiff's 42 U.S.C. § 1981 Claims

i. **Plaintiff fails to rebut the District's showing that Plaintiff should be precluded from offering evidence or making statements at trial that the District violated § 1981 based on an employment contract.**

Plaintiff fails to rebut the Defendant's showing that Plaintiff's position with MPD was by public appointment. Plaintiff also has failed to rebut the Defendant's showing that Plaintiff does not have a contractual relationship with the District of Columbia and cannot establish that she suffered an impaired contractual relationship in violation of § 1981.

In her Opposition, Plaintiff incorrectly cites *McDonald v. Santa Fe Trail Transportation Co.,* 427 U.S. 273 (1976), for the proposition that Plaintiff can bring a claim under 42 U.S.C. § 1981. Contrary to Plaintiff's assertions, the issue in *McDonald* was not whether a government employee is covered by the protections § 1981, but whether § 1981 was applicable to all races.

In further support of her Opposition, Plaintiff incorrectly cites *Macklin v. Spector Freight Systems, Inc.,* 478 F.2d 979 (1973) and *Saad v. Burns international Security Services, Inc.,* 456 F.Supp 33 (D.D.C. 1978), to support the proposition that "state and local government employees" are covered by § 1981.  See Opposition, p. 3.  Neither *Macklin* nor *Saad,* find that "employees of the District of Columbia are counterparts to state and local government employees."  Unlike this case, the *Macklin* appellants' claims arose from provisions in their union contract.

In *Saad,* the Court did not dismiss Plaintiff discrimination Complaint, and permitted the Plaintiff to file a more definite statement with regard to his Title VII claims based on national origin and his § 1981 claim because Plaintiff, an Arabian, failed to alleged his race or color in his Complaint.  Unlike *Saad,* Plaintiff is alleging retaliation based on her alleged protected activities relating to Ms. Ritchie and Ms. Miles' pregnancy discrimination claims.  Section 1981 clearly concerns race discrimination and not pregnancy discrimination.

Since Plaintiff's employment arises from public employment rather than a contractual relationship and her § 1981 claim is based on a pregnancy discrimination claim, this Court should grant the Defendant's first Motion *in Limine*

     **ii.**  **Plaintiff fails to allege and cannot establish an unconstitutional District custom or policy violate her rights.**

Plaintiff has opposed the Defendant's Motion *in Limine* claiming that she can prove retaliation.  Plaintiff has misunderstood the Defendant's argument under § 1981.  Even if Plaintiff can prove retaliation, Plaintiff must show that the retaliation was caused by a District custom or policy.

Here, the Court should preclude any testimony or evidence relating to Plaintiff's claims under § 1981 because Plaintiff has failed to refute the Defendant's showing that Plaintiff has

not alleged and will not be able to prove that a custom or practice of the District was the moving force that caused her alleged injuries. *Jett v. Dallas Independent School District,* 491 U.S. 701, 710-737 (1989). In her Opposition, Plaintiff merely claims that the she has established a claim of retaliation under § 1981 and not that a District custom or policy violated her constitutional rights. The Defendant reincorporates its custom and policy argument as set forth in its first Motion *in Limine*.

Moreover, this Court could not find that the Defendant retaliated against Plaintiff under § 1981. Here, Plaintiff concedes that she was retaliated against after she "testified against Defendant in proceedings involving claims of pregnancy discrimination" and not race discrimination as required under § 1981. See Opposition p. 3.

### B.     Plaintiff's DCHRA Claims

Plaintiff does not refute the District's contention that Plaintiff should be precluded from offering evidence or testimony regarding her DCHRA claims that are either barred by the mandatory notice provision of D.C. Code § 12-309 or by the D.C. Code § 2-1403.16(a) one year statute of limitations for claims pursuant to DCHRA because the District is entitled to judgment as a matter of law on these issues. D.C. Code § 12-309, requires that a plaintiff provide notice to the Mayor within six months of the alleged injury. Thus, all testimony or evidence regarding acts occurring before February 12, 2005, should be precluded. Moreover, even if this Court were to determine that Plaintiff's claims are not barred by § 12-309, this Court should still grant this motion to preclude any evidence or testimony regarding Plaintiff's DCHRA claims prior to August 31, 2004.

### III.     Defendant's Second Motion *in Limine*

Ms. Ritchie's and Ms. Miles' testimony should be precluded.  Plaintiff in her second Opposition to Defendant's second Motion *in Limine* appears to argue that Ms. Ritchie and Ms. Miles should be permitted to testify in support of Plaintiff's claim of discrimination.  However, it cannot be determined from Plaintiff's Opposition exactly what Ms. Ritchie and Ms. Miles would testify to.  Plaintiff does not set forth any specific testimony that Ms. Ritchie and Ms. Miles would testify about.  Certainly neither Ms. Ritchie nor Ms. Miles could testify that Plaintiff was *discriminated and retaliated* against because those are questions of fact for the jury to decide.

Further, Plaintiff argues that under Fed R. Evid. 701, Ms. Ritchie and Ms. Miles should be permitted to offer lay opinion.  However, Plaintiff does not set forth the nature of the lay opinion that Ms. Ritchie and Ms. Miles will offer.  Again, neither Ms. Ritchie nor Ms. Miles can testify that it is their opinion that Plaintiff was discriminated or retaliated against.  Plaintiff goes on to say that "the structural cross check of cross examination will allow the defense an opportunity to attack any testimony offered by Plaintiff in relation to health issues regarding Plaintiff's pregnancy." See Second Opposition p. 3. The Defendant does not know what Plaintiff means in this regard because there are no allegations in this case that Plaintiff was pregnant.

In the Defendant's second Motion *in Limine*, Defendant seek to preclude Plaintiff from offering testimony from Ms. Ritchie and Ms. Miles that they were the victims of discrimination where it has already been judicially determined that Ritchie was not the victim of discrimination and/or retaliation.  In the case of Ms. Miles, she should also be precluded from testify that she was the victim of discrimination and/or retaliation because she either never made a formal complaint or withdrew her pregnancy discrimination and/or retaliation complaint.  This is the crux of the Defendant's Second Motion *in Limine* which the Plaintiff fails to adequately address.

5

Moreover, on October 2, 2007, during the pre-trial conference, and after Defendant filed its second Motion *in Limine* the Parties agreed to enter into a stipulation in lieu of the testimony of Ms. Ritchie and Ms. Miles.[1]

For the foregoing reasons and the reasons set forth in Defendant's Second Motion *in Limine*, the Court should grant the Defendant's Motion and exclude the testimony of Ms. Ritchie and Ms. Miles.

## CONCLUSION

Therefore, this Court should grant the motions pursuant to Fed. R. Evid. 402 and 403.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

_____/s/Phillip A. Lattimore_____
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III

_____/s/Nicola N. Grey_____
NICOLA N. GREY [492150]
DAVID A. JACKSON [471535]
Assistant Attorneys General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626; (202) 727-6295
(202) 727-3625 (fax)
E-mail: nicola.grey@dc.gov

---

[1] The Defendant proposed the following stipulation: Pursuant to Fed. R. Civ. P. 16(c), and L. Civ. Rs. 16.6 and 16.5(d)(1), the Parties Stipulate that Plaintiff Sonya Owens: 1) gave an interview with the Equal Employment Opportunity Commission on behalf of Sharon Ritchie and Tracey Miles as it related to both Sharon Ritchie's and Tracey Miles' pregnancy and gender discrimination cases, and 2) gave deposition and trial testimony on behalf of Sharon Ritchie as it related to her pregnancy and gender discrimination case. .

6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SONYA OWENS, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | CV-05-1729 (AK) |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**ORDER GRANTING DEFENDANT'S FIRST AND SECOND MOTION *IN LIMINES***

Upon consideration of the District's First and Second Motion *in Limines*, oppositions thereto, any reply, and the facts and law considered, it is this ____ day of _____, 2007,

**HEREBY ORDERED** that the District's Motions are **GRANTED**; and it is

**FURTHER ORDERED** that the First and Second Motion *in Limines* are granted in the District's favor.

_____
The Honorable Alan Kaye
United States Magistrate Judge