UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONYA OWENS, ) | |
|              ) | |
|     Plaintiff, ) | |
|              ) | |
| v.           ) | |
|              ) | CV-05-1729 (AK) |
| DISTRICT OF COLUMBIA, ) | |
|              ) | |
|     Defendant. ) | |
| _____) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Defendant District of Columbia (the "District"), by and through undersigned counsel and pursuant to F.R.C.P. Rule 6(b), hereby responds to the Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Opposition") as follows:

**I.  ISSUES RAISED IN A STRIKEN MOTION FOR SUMMARY JUDGEMENT ARE NOT BARRED BY THE LAW-OF-THE-CASE DOCTRINE.**

The law-of-the-case doctrine does not preclude the District's Motion to Dismiss. The law-of-the-case doctrine provides that "[w]hen there are multiple appeals taken in the course of a single piece of litigation . . . decisions rendered on the first appeal should not be revisited on later trips to the appellate court." Crocker v. Piedmont Aviation, Inc., 49 F. 3d 735, 739 (D.C. Cir. 1995). The doctrine is intended to make sure the same issue already decided in the same court leads to the same result. LaShawn A. v. Barry, 87 F. 3d 1389, 1393 (D.C. Cir. 1996). "'The law of the case [doctrine] turns on whether a court previously 'decided upon a rule of law' . . . - - not whether, or how well, it explained the decision.'" Horn v. United States Department of Army, 284 F. Supp. 2d 1, 7 (D.D.C. 2003) (quoting Christianson v. Colt Indus.

Operating Corp., 486 U.S. 800, 817 (1988).   Thus, "[t]he law of the case doctrine presumes a hearing on the merits." United States v. Hatter, 532 U.S. 557, 566 (2001).

Here, the court did not decide the District's Summary Judgment Motion on the merits. The Court merely ordered the District's Summary Judgment Motion stricken from the record because the District failed to timely file the motion.   Although, the Court denied the District's motion for reconsideration to its Motion for Summary Judgment, the District may still raise issues discussed in its Motion for Summary Judgment given that the Court did not decide the motion based on a rule of law.  Horn, 284 F. Supp. 2d at 7.   Therefore, the District should not be precluded from raising the issues as set forth in its Motion to Dismiss.

## II. PLAINTIFF'S RETALIATION CLAIM IS BARRED BECAUSE PLAINTIFF FAILED TO ALLEGE THAT THE DISTRICT'S CUSTOM OR POLICY VIOLATED HER CONSTITUTIONAL RIGHTS.

Plaintiff states that the District's motion should be dismissed as to Plaintiff's retaliation claim because Plaintiff establishes a prima facie case of retaliation and brought her retaliation claim within the four year statute of limitations applicable to 42 U.S.C. 1981 claims.  Pl.'s Opp. at 2-5.  Even if the Court were to accept Plaintiff's proposition, Plaintiff's claim would still fail because Plaintiff failed to show that the District's custom or policy was the moving force behind the alleged violation of Plaintiff's constitutional rights.   As stated in the District's Motion to Dismiss, in order to maintain a 42 U.S.C. § 1981 claim against the District, Plaintiff must allege and establish that a custom or policy of the District was the moving force that caused Plaintiff harm.  Jett v. Dallas Independent School District, 491 U.S. 701, 710-37 (1989). Because Plaintiff failed to allege that the District's custom or policy violated Plaintiff's constitutional rights, Plaintiff's retaliation claim must fail.

Moreover, contrary to Plaintiff's assertions, Plaintiff is unable to establish a retaliation claim under § 1981. Plaintiff concedes in her Oppositions to Defendant's First and Second Motion *in Limine* that she was retaliated against after she "testified against Defendant in proceedings involving claims of pregnancy discrimination" and not race discrimination as required under § 1981. See Opposition p. 3.

### III. THE DCHRA STATUTE OF LIMITATIONS AND THE MANDATORY NOTICE PROVISION OF D.C. CODE §12-309 PRECLUDE PLAINTIFF FROM OFFERING CERTAIN EVIDENCE IN SUPPORT OF HER DCHRA CLAIMS.

Plaintiff misstates in her Opposition that the District moves the court to exclude evidence pertaining to her DCHRA claims based on Federal Rule of Evidence 403. The District moves the court to exclude evidence regarding events that occurred prior to August 31, 2004 because the complaint, as it pertains to such events, is untimely. Plaintiff filed her complaint on August 31, 2005. The DCHRA statute of limitations requires that a plaintiff file a complaint within one year of the alleged discriminatory act to bring a claim under the DCHRA. D.C. Code § 12-309. Thus, all claims alleging acts occurring prior to August 31, 2004 should be barred.

Similarly, the Defendant moves to exclude all DCHRA claims occurring before February 12, 2005 because claims occurring before that date are barred by the mandatory notice provision of D.C. Code § 12-309. Again, D.C. Code § 12-309 requires that a plaintiff provide notice of suit to the Mayor within six months of the alleged injury. Plaintiff did not provide the Mayor with notice of her suit until August 12, 2005. Thus, all acts occurring six months prior to that date (prior to February 12, 2005) are barred.

For the foregoing reasons and the reasons set forth in Defendant's Motion to Dismiss, the Court should grant the Defendant's Motion.

**CONCLUSION**

Therefore, this Court should grant Defendant's motion to Dismiss.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General,
        Civil Litigation Division

        */s/Phillip A. Lattimore*
        PHILLIP A. LATTIMORE, III [422968]
        Chief, General Litigation Sec. III

        */s/Nicola N. Grey*
        NICOLA N. GREY [492150]
        DAVID A. JACKSON [471535]
        Assistant Attorneys General
        441 Fourth Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6626; (202) 727-6295
        (202) 727-3625 (fax)
        E-mail: nicola.grey@dc.gov