## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SONYA OWENS,

           Plaintiff,

          v.

DISTRICT OF COLUMBIA,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 05-1729 (AK)

FILED

JAN 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### JURY INSTRUCTIONS

MEMBERS OF THE JURY, WE HAVE NOW REACHED THE STAGE WHERE IT BECOMES MY DUTY TO INSTRUCT YOU ON THE LAW OF THE CASE, WHICH YOU ARE REQUIRED TO FOLLOW IN EXERCISING YOUR DUTY TO FIND THE FACTS OF THIS CASE AND RENDER YOUR VERDICT.

AS I TOLD YOU AT THE BEGINNING OF THE TRIAL, THIS IS A CIVIL CASE. PLAINTIFF SONYA OWENS IS AN AFRICAN-AMERICAN WOMAN WHO WAS EMPLOYED BY THE METROPOLITAN POLICE DEPARTMENT ("MPD") AS A CAPTAIN. SHE IS SUING DEFENDANT DISTRICT OF COLUMBIA, ON GROUNDS OF RACIAL AND GENDER DISCRIMINATION AND RETALIATION. DEFENDANT DISTRICT OF COLUMBIA DENIES THAT ANY ADVERSE ACTIONS WERE TAKEN AGAINST PLAINTIFF BECAUSE OF HER RACE OR GENDER OR AS RETALIATION FOR HER ENGAGING IN PROTECTED SPEECH.

[1-1] THE FUNCTION OF THE COURT IS TO CONDUCT THE TRIAL OF THE CASE IN AN ORDERLY, FAIR, AND EFFICIENT MANNER; TO RULE UPON QUESTIONS OF LAW ARISING IN THE COURSE OF THE TRIAL; AND TO INSTRUCT YOU AS TO THE LAW WHICH APPLIES TO THIS CASE.

[1-6]  IT IS YOUR DUTY TO ACCEPT THE LAW AS THE COURT STATES IT TO YOU. YOU ARE TO CONSIDER ALL OF THESE INSTRUCTIONS AS A WHOLE. YOU MAY NOT DISREGARD ANY ONE SENTENCE OR INSTRUCTION, OR GIVE SPECIAL ATTENTION TO ANY ONE SENTENCE OR INSTRUCTION, OR QUESTION THE WISDOM OF ANY RULE OF LAW OR ANY RULINGS BY THIS COURT.

[1-2] THE FUNCTION OF THE JURY, AS YOU NOW KNOW, IS TO DETERMINE THE FACTS.  YOU ARE THE SOLE AND EXCLUSIVE JUDGES OF THE FACTS.  YOU ALONE DETERMINE THE WEIGHT, THE EFFECT, AND THE VALUE OF THE EVIDENCE, AND THE CREDIBILITY OF THE WITNESSES YOU HAVE HEARD.

[1-12]  YOU SHOULD DETERMINE THE FACTS WITHOUT PREJUDICE, FEAR OR SYMPATHY IN FAVOR OF OR AGAINST EITHER SIDE, AND YOUR VERDICT SHOULD BE BASED EXCLUSIVELY ON A FAIR AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE.

OUR SYSTEM OF JUSTICE REQUIRES THAT YOU DECIDE THE FACTS OF THIS CASE IN AN IMPARTIAL MANNER.  IT IS A VIOLATION OF YOUR SWORN DUTY TO BASE YOUR VERDICT UPON ANYTHING OTHER THAN THE EVIDENCE IN THE CASE.

[1-3] DURING THE COURSE OF THE TRIAL, YOU HAVE HEARD REFERENCES TO THE TERMS "PLAINTIFF" AND "DEFENDANT."  SIMPLY PUT, THE PLAINTIFF IS THE PERSON WHO STARTS A LAWSUIT AND THE DEFENDANT IS THE PERSON WHO IS SUED BY THE PLAINTIFF.  DURING YOUR DELIBERATIONS, HOWEVER, YOU MUST NOT ATTACH ANY SIGNIFICANCE IN WEIGHING THE EVIDENCE TO THE TERMS PLAINTIFF AND DEFENDANT.  IN OTHER WORDS, THE FACT THAT THE PLAINTIFF HAS FILED A LAWSUIT AGAINST THE DEFENDANT DOES NOT MEAN THAT THE PLAINTIFF IS ENTITLED TO YOUR VERDICT OR THAT HER EVIDENCE IS ENTITLED TO GREATER WEIGHT THAN THE DEFENDANT'S EVIDENCE.  THE PLAINTIFF MUST PROVE EVERY ELEMENT OF HER CLAIMS AGAINST THE DEFENDANT BY A

2

PREPONDERANCE OF THE EVIDENCE BEFORE SHE IS ENTITLED TO PREVAIL.

[1-11,1-12] YOU MUST CONSIDER AND DECIDE THIS CASE AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY AND OF EQUAL WORTH. ALL PERSONS, INCLUDING THE DISTRICT OF COLUMBIA, STAND EQUAL BEFORE THE LAW AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.

WHEN A GOVERNMENTAL AGENCY IS INVOLVED AS A PARTY, OF COURSE IT MAY ACT ONLY THROUGH NATURAL PERSONS AS ITS AGENTS OR EMPLOYEES, AND IN GENERAL ANY AGENT OR EMPLOYEE OF A GOVERNMENTAL AGENCY MAY BIND THE GOVERNMENTAL AGENCY BY HIS OR HER ACTS AND DECLARATIONS WHILE ACTING WITHIN THE SCOPE OF HER OR HIS AUTHORITY OR DUTIES AS AN EMPLOYEE OF THE GOVERNMENTAL AGENCY.

[1-7] [1-8] THE ACTIONS OF THE COURT DURING THE TRIAL -- FOR INSTANCE, IN RULING ON MOTIONS OR OBJECTIONS BY COUNSEL, IN MAKING COMMENTS TO COUNSEL, IN DIRECTING QUESTIONS TO WITNESSES, OR IN SETTING FORTH THE LAW IN THESE INSTRUCTIONS -- ARE NOT TO BE TAKEN BY YOU AS ANY INDICATION OF THE COURT'S OPINION AS TO HOW YOU SHOULD DETERMINE THE ISSUES OF FACT, BECAUSE DETERMINING THE FACTS IN THIS CASE IS YOUR SOLE AND EXCLUSIVE RESPONSIBILITY.

[2-6] IF ANY REFERENCE BY THE COURT OR BY COUNSEL TO MATTERS OF EVIDENCE DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION OF THE EVIDENCE, IT IS YOUR RECOLLECTION THAT SHOULD CONTROL IN YOUR DELIBERATIONS REGARDING THE FACTS OF THIS CASE.

[2-1] YOU MAY CONSIDER ONLY THE EVIDENCE PROPERLY ADMITTED IN THE CASE. EVIDENCE INCLUDES THE SWORN TESTIMONY OF WITNESSES, FACTS STIPULATED TO BY COUNSEL, AND EXHIBITS RECEIVED INTO EVIDENCE IN THE TRIAL. THE LAW DOES NOT REQUIRE ANY PARTY TO CALL AS WITNESSES ALL

3

PERSONS WHO MAY HAVE BEEN PRESENT AT ANY TIME OR PLACE INVOLVED IN A CASE, OR WHO MAY APPEAR TO HAVE SOME KNOWLEDGE OF THE MATTERS AT ISSUE IN A TRIAL. NOR DOES THE LAW REQUIRE ANY PARTY TO PRODUCE AS EXHIBITS ALL PAPERS AND THINGS MENTIONED IN THE EVIDENCE IN THE CASE.

[2-3] IN YOUR CONSIDERATION OF THE EVIDENCE, YOU MAY DRAW, FROM THE FACTS WHICH YOU FIND HAVE BEEN PROVED, SUCH REASONABLE INFERENCES, OR CONCLUSIONS, AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR COMMON SENSE AND EXPERIENCE IN THE AFFAIRS OF LIFE.

[2-4] YOU NOW KNOW THAT LAWYERS OBJECT TO QUESTIONS ASKED BY OTHER LAWYERS. IF THE COURT SUSTAINED AN OBJECTION BY ONE COUNSEL TO A QUESTION ASKED BY ANOTHER COUNSEL, THAT MEANS IT IS LEGALLY CORRECT, AND YOU ARE TO DISREGARD THE QUESTION. YOU MUST NOT SPECULATE AS TO WHAT THE ANSWER WOULD HAVE BEEN.

LIKEWISE, IF THE COURT SUSTAINED AN OBJECTION TO ANY EXHIBITS OR ORDERED THEM STRICKEN, THEN THOSE STRICKEN EXHIBITS ARE NOT EVIDENCE AND YOU MUST NOT CONSIDER THEM.

IF, ON THE OTHER HAND, THE COURT OVERRULED AN OBJECTION AND PERMITTED A WITNESS TO RESPOND TO A QUESTION ASKED OF HIM OR HER, YOU MAY CONSIDER THE ANSWER IN YOUR DELIBERATIONS.

[2-5] PLEASE BEAR IN MIND THAT THE OPENING AND CLOSING STATEMENTS OF COUNSEL ARE NOT EVIDENCE. THEY ARE ONLY INTENDED TO ASSIST YOU IN UNDERSTANDING THE EVIDENCE THAT HAS BEEN PRESENTED, AND TO HELP YOU UNDERSTAND THE CONTENTIONS OF THE PARTIES.

[2-10] AS I TOLD YOU AT THE BEGINNING OF THE TRIAL, THERE ARE TWO TYPES OF EVIDENCE WHICH YOU MAY PROPERLY USE IN DECIDING WHAT THE

4

FACTS ARE IN THIS CASE:

ONE TYPE OF EVIDENCE IS CALLED DIRECT EVIDENCE. DIRECT EVIDENCE IS WHEN A WITNESS TESTIFIES TO WHAT HE OR SHE SAW, HEARD OR OBSERVED. IN OTHER WORDS, WHEN A WITNESS TESTIFIES ABOUT WHAT HE OR SHE KNOWS BY VIRTUE OF HIS OR HER OWN SENSES -- WHAT HE OR SHE SEES, FEELS, TOUCHES, OR HEARS -- THAT IS CALLED DIRECT EVIDENCE.

THE OTHER TYPE OF EVIDENCE IS CALLED INDIRECT OR CIRCUMSTANTIAL EVIDENCE. THIS IS EVIDENCE WHICH TENDS TO PROVE A DISPUTED FACT BY PROOF OF OTHER FACTS. CIRCUMSTANTIAL EVIDENCE IS EASIER TO ILLUSTRATE THAN IT IS TO DEFINE.

ASSUME THAT WHEN YOU GOT UP THIS MORNING AND LOOKED OUT YOUR WINDOW THAT THE STREETS WERE WET AND THE TREES WERE DRIPPING WITH WATER AND IT WAS NOT THEN RAINING. HOWEVER, ON THE COMBINATION OF FACTS THAT I HAVE ASKED YOU TO ASSUME, IT WOULD BE REASONABLE AND LOGICAL FOR YOU TO CONCLUDE THAT IT HAD BEEN RAINING. THAT IS ALL THERE IS TO CIRCUMSTANTIAL EVIDENCE. YOU MAY INFER ON THE BASIS OF REASON, EXPERIENCE, AND YOUR COMMON SENSE FROM AN ESTABLISHED FACT THE EXISTENCE OR NON-EXISTENCE OF SOME OTHER FACT.

[2-10] CIRCUMSTANTIAL EVIDENCE IS OF NO LESS VALUE THAN DIRECT EVIDENCE. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. NOR IS A GREATER DEGREE OF CERTAINTY REQUIRED OF CIRCUMSTANTIAL EVIDENCE THAN DIRECT EVIDENCE. HOWEVER, WHETHER THE EVIDENCE BE DIRECT OR CIRCUMSTANTIAL, THE PLAINTIFF MUST PROVE HER CLAIM BY A PREPONDERANCE OF THE EVIDENCE AS I SHALL LATER DEFINE THAT PHRASE FOR YOU. IN REACHING A VERDICT IN THIS CASE, YOU SHOULD WEIGH ALL OF THE EVIDENCE PRESENTED, WHETHER DIRECT

OR CIRCUMSTANTIAL.

[3-1] IN EVALUATING THE EVIDENCE AND DECIDING WHAT THE FACTS ARE, YOU MUST CONSIDER AND WEIGH THE TESTIMONY OF ALL THE WITNESSES WHO HAVE APPEARED BEFORE YOU. YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES. IN OTHER WORDS, YOU ALONE ARE TO DETERMINE WHETHER TO BELIEVE ANY WITNESS AND TO WHAT EXTENT ANY WITNESS SHOULD BE BELIEVED. IF THERE IS ANY CONFLICT IN THE TESTIMONY BETWEEN A WITNESS'S TESTIMONY AND OTHER EVIDENCE, IT IS YOUR FUNCTION TO RESOLVE THE CONFLICT AND DETERMINE WHERE THE TRUTH LIES. IN THIS REGARD, YOU MAY CONSIDER THE DEMEANOR AND THE BEHAVIOR OF THE WITNESS ON THE WITNESS STAND; THE WITNESS' MANNER OF TESTIFYING; WHETHER THE WITNESS HAS AN ACCURATE MEMORY AND RECOLLECTION; WHETHER THE WITNESS HAS ANY MOTIVE FOR NOT TELLING THE FACTS ACCURATELY; WHETHER THE WITNESS HAD A FULL OPPORTUNITY TO OBSERVE THE MATTERS CONCERNING WHICH HE OR SHE HAS TESTIFIED; WHETHER THE WITNESS MAY BENEFIT IN ANY WAY FROM THE OUTCOME OF THIS CASE, OR HAS A FRIENDSHIP OR ANIMOSITY TOWARD OTHER PERSONS CONCERNED IN THIS CASE.

IF YOU BELIEVE THAT ANY WITNESS HAS SHOWN HIMSELF OR HERSELF TO BE BIASED OR PREJUDICED, EITHER FOR OR AGAINST A PARTY IN THIS TRIAL, YOU MAY CONSIDER AND DETERMINE WHETHER SUCH BIAS OR PREJUDICE HAS COLORED THE TESTIMONY OF SUCH WITNESS SO AS TO AFFECT THE DESIRE AND CAPABILITY OF THAT WITNESS TO TELL THE FACTS.

YOU MAY CONSIDER THE REASONABLENESS OR UNREASONABLENESS, THE PROBABILITY OR IMPROBABILITY, OF THE TESTIMONY OF A WITNESS IN DETERMINING WHETHER TO ACCEPT IT AS ACCURATE. YOU MAY CONSIDER WHETHER HIS OR HER TESTIMONY HAS BEEN CONTRADICTED OR CORROBORATED

**6**

BY OTHER CREDIBLE EVIDENCE.

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED OR IMPEACHED BY SHOWING THAT HE OR SHE HAS PREVIOUSLY MADE STATEMENTS WHICH ARE INCONSISTENT WITH HIS OR HER PRESENT TESTIMONY. THE PRIOR STATEMENT IS ADMITTED INTO EVIDENCE SOLELY FOR YOUR CONSIDERATION IN EVALUATING THE CREDIBILITY, OR BELIEVABILITY, OF THE WITNESS. IN OTHER WORDS, YOU SHOULD CONSIDER IT ONLY IN CONNECTION WITH YOUR EVALUATION OF THE CREDIBILITY TO BE GIVEN TO THE WITNESS'S PRESENT TESTIMONY IN COURT. YOU MUST NOT CONSIDER THE PRIOR STATEMENT AS ESTABLISHING THE FACTS CONTAINED IN THAT STATEMENT. IF YOU BELIEVE THAT ANY WITNESS HAS BEEN DISCREDITED, IT IS YOUR FUNCTION TO GIVE HIS OR HER TESTIMONY SUCH WEIGHT, IF ANY, AS IN YOUR JUDGMENT IT IS FAIRLY ENTITLED TO RECEIVE.

[3-2] THE RELATIVE WEIGHT OF THE EVIDENCE ON A PARTICULAR ISSUE IS NOT NECESSARILY DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING ON EITHER SIDE OR THE NUMBER OF EXHIBITS. YOU SHOULD CONSIDER ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE TO DETERMINE WHICH OF THE WITNESSES ARE WORTHY OF GREATER CREDENCE AND WHICH EXHIBITS ARE MORE CREDIBLE. YOU MAY FIND THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES OR PRESENTATION OF FEWER EXHIBITS ON ONE SIDE IS MORE CREDIBLE THAN THE TESTIMONY OF A GREATER NUMBER OF WITNESSES ON THE OTHER SIDE OR THE PRESENTATION OF MORE EXHIBITS.

NOW, MEMBERS OF THE JURY, THE COURT SHALL INSTRUCT YOU ON THE BURDEN OF PROOF.

[2.8] THE PARTY WHO MAKES A CLAIM HAS THE BURDEN OF PROVING IT.

7

THIS BURDEN OF PROOF MEANS THAT THE PLAINTIFF MUST PROVE EVERY ELEMENT OF HER CLAIM BY WHAT IS CALLED A PREPONDERANCE OF THE EVIDENCE. THE PLAINTIFF IN THIS CASE, BY FILING HER COMPLAINT AGAINST THE DEFENDANT, HAS ASSUMED THE BURDEN OF PROVING, BY A PREPONDERANCE OF THE EVIDENCE, THE ELEMENTS OF HER CLAIMS OF RACIAL AND GENDER DISCRIMINATION AND RETALIATION, AND HER CLAIM FOR DAMAGES. THE TERM "PREPONDERANCE OF THE EVIDENCE" DOES NOT MEAN SUCH DEGREE OF PROOF AS PRODUCES ABSOLUTE OR MATHEMATICAL CERTAINTY. NOR DOES IT MEAN PROOF BEYOND A REASONABLE DOUBT, THAT IS, PROOF TO A MORAL CERTAINTY, AS IS REQUIRED IN CRIMINAL CASES.

PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE AS, WHEN WEIGHED AGAINST THAT OPPOSED TO IT, HAS THE MORE CONVINCING FORCE. IT IS A QUESTION OF QUALITY AND NOT OF QUANTITY, WHICH IS TO SAY THAT IT IS NOT NECESSARILY DETERMINED BY THE NUMBER OF WITNESSES OR DOCUMENTS BEARING ON A CERTAIN VERSION OF THE FACTS. TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE IS TO PROVE THAT SOMETHING IS MORE LIKELY SO THAN NOT SO. IN OTHER WORDS, A PARTY HAS SUCCEEDED IN CARRYING THE BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE ON AN ISSUE OF FACT IF, AFTER CONSIDERATION OF ALL THE EVIDENCE IN THE CASE, THE EVIDENCE FAVORING HER SIDE OF THE ISSUE IS MORE CONVINCING TO YOU, AND CAUSES YOU TO BELIEVE THAT ON THAT ISSUE THE PROBABILITY OF TRUTH FAVORS THAT PARTY.

LIKE CIRCUMSTANTIAL EVIDENCE, THIS IS A LEGAL PHRASE WHICH IS REALLY EASIER TO ILLUSTRATE THAN IT IS TO DEFINE. TO EXPLAIN TO YOU THE MEANING OR THE SIGNIFICANCE OF THIS PHRASE "PREPONDERANCE OF THE EVIDENCE," I ASK YOU TO VISUALIZE, WHEN YOU GO INTO THE JURY ROOM,

THAT YOU HAVE ON THE TABLE THE SCALES OF JUSTICE, ON WHICH TWO TRAYS ARE HANGING EVENLY IN BALANCE.  NOW, LABEL THE RIGHT HAND TRAY THE PLAINTIFF'S TRAY THEN PUT INTO THAT TRAY ALL OF THE EVIDENCE IN THE CASE WHICH YOU FEEL FAVORS THE PLAINTIFF'S CASE, GIVING TO THAT EVIDENCE THE WEIGHT THAT YOU BELIEVE IT IS FAIRLY ENTITLED TO RECEIVE IN ACCORDANCE WITH THESE INSTRUCTIONS.

THEN PLACE ON THE LEFT HAND TRAY ALL OF THE EVIDENCE IN THE CASE THAT FAVORS THE DEFENDANT'S SIDE OF THE CASE, AGAIN GIVING TO THIS EVIDENCE THE WEIGHT THAT YOU BELIEVE IT IS FAIRLY ENTITLED TO RECEIVE. IF THE PLAINTIFF'S TRAY GOES DOWN, IN OTHER WORDS, IF THE PLAINTIFF'S EVIDENCE OUTWEIGHS THE DEFENDANT'S EVIDENCE, THEN THE PLAINTIFF HAS SUSTAINED HER BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE AND YOUR VERDICT SHOULD BE FOR THE PLAINTIFF AGAINST THE DEFENDANT.

HOWEVER, IF THE DEFENDANT'S TRAY GOES DOWN, THAT IS, IF THE DEFENDANT'S EVIDENCE OUTWEIGHS THE PLAINTIFF'S, THEN YOUR VERDICT SHOULD BE FOR THE DEFENDANT. NOW, IF THE TRAYS REMAIN IN EQUAL BALANCE UPON ALL OF THE ISSUES IN THE CASE UPON WHICH THE PLAINTIFF HAS THE BURDEN OF PROOF, THEN YOUR VERDICT MUST BE FOR THE DEFENDANT BECAUSE, IF THE EVIDENCE WEIGHS THE SAME FOR BOTH SIDES, THE PLAINTIFF HAS NOT SUSTAINED HER BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE.

THESE ILLUSTRATIONS INDICATE WHAT YOU SHOULD DO, IN THE BEGINNING, AFTER YOU EVALUATE ALL OF THE EVIDENCE.

[2-9] IN DETERMINING WHETHER ANY QUESTION OR ISSUE HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE, YOU SHOULD CONSIDER ALL THE EVIDENCE BEARING UPON SUCH QUESTION; REGARDLESS OF WHO PRODUCED IT -- PLAINTIFF OR DEFENDANT. A PARTY IS ENTITLED TO THE SAME BENEFIT FROM THE

9

EVIDENCE THAT FAVORS HIM OR HER WHEN PRODUCED BY AN ADVERSARY AS WHEN PRODUCED BY HIMSELF OR HERSELF.

I WILL NOW GIVE YOU THE LAW REGARDING THE PRINCIPLES BY WHICH YOU SHOULD EXAMINE THIS CASE.

### §24.02 D.C. HUMAN RIGHTS ACT (DCHRA) CLAIMS, D.C. CODE §2-1402.11(a)

PLAINTIFF MAKES CLAIMS FOR RACIAL AND GENDER DISCRIMINATION AND RETALIATION PURSUANT TO THE D.C. HUMAN RIGHT ACT ("DCHRA"). THE DCHRA PROHIBITS EMPLOYMENT DISCRIMINATION AT D.C. CODE §2-1402.1(a), WHICH STATES IN RELEVANT PART:

(a) IT SHALL BE AN UNLAWFUL DISCRIMINATORY PRACTICE TO DO ANY OF THE FOLLOWING ACTS, WHOLLY OR PARTIALLY FOR A DISCRIMINATORY REASON BASED UPON THE RACE, COLOR, RELIGION, NATIONAL ORIGIN, SEX, AGE, MARITAL STATUS, PERSONAL APPEARANCE, SEXUAL ORIENTATION, FAMILY RESPONSIBILITIES, DISABILITY, MATRICULATION, OR POLITICAL AFFILIATION OF ANY INDIVIDUAL.

[DCHRA LIABILITY §24.10]

PLAINTIFF HAS BROUGHT CLAIMS FOR RACIAL AND GENDER DISCRIMINATION AGAINST THE DISTRICT OF COLUMBIA BASED ON THE DCHRA. IT IS UNLAWFUL UNDER THE DCHRA FOR AN EMPLOYER TO:

*      *      *      *

2. . . .DISCRIMINATE AGAINST A PERSON WITH RESPECT TO   TERMS, PRIVILEGES OR CONDITIONS OF EMPLOYMENT,

3. DENY A PERSON EMPLOYMENT OPPORTUNITIES,

10

4. OTHERWISE ADVERSELY AFFECT A PERSON'S STATUS AS AN EMPLOYEE, IF THAT EMPLOYMENT DECISION IS MADE WHOLLY OR PARTIALLY FOR A DISCRIMINATORY REASON BASED ON THE RACE, COLOR, RELIGION, NATIONAL ORIGIN, SEX, AGE, MARITAL STATUS, PERSONAL APPEARANCE, SEXUAL ORIENTATION, FAMILY RESPONSIBILITIES, DISABILITY, GRADUATION FROM SCHOOL, OR POLITICAL AFFILIATION OF THAT PERSON.

YOU MUST CONSIDER WHETHER THE EVIDENCE ESTABLISHES THE FOLLOWING THREE ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

1. THE PLAINTIFF IS A MEMBER OF A PROTECTED CLASS;

2. THE DEFENDANT IMPOSED AN ADVERSE EMPLOYMENT ACTION ON THE PLAINTIFF, AND

3. THE PLAINTIFF'S RACE OR GENDER WAS A SUBSTANTIAL MOTIVATING FACTOR IN THE DEFENDANT'S DECISION.

IF ANY OF THESE THREE ELEMENTS HAS NOT BEEN PROVED, THEN YOU MUST RETURN A VERDICT FOR DEFENDANT.

THE TERM "MOTIVATING FACTOR" AS USED IN THESE INSTRUCTIONS MEANS A CONSIDERATION THAT MOVED THE DEFENDANT TOWARD THE DEFENDANT'S DECISION, OR A REASON, ALONE OR WITH OTHER REASONS, ON WHICH THE DEFENDANT RELIED WHEN IT TOOK THE ADVERSE ACTIONS PLAINTIFF CLAIMS WERE TAKEN AGAINST HER.

AN "ADVERSE EMPLOYMENT ACTION" IS A SIGNIFICANT CHANGE IN EMPLOYMENT STATUS, SUCH AS HIRING, FIRING, FAILING TO PROMOTE, REASSIGNMENT WITH SIGNIFICANTLY DIFFERENT RESPONSIBILITIES, OR A DECISION CAUSING A

11

SIGNIFICANT CHANGE IN BENEFITS. AN "ADVERSE ACTION" ALTERS THE EMPLOYEE'S TERMS, CONDITIONS, OR PRIVILEGES OF EMPLOYMENT, OR OTHERWISE ADVERSELY AFFECTS HER STATUS AS AN EMPLOYEE. AN ADVERSE ACTION GIVES RISE TO A REBUTTABLE INFERENCE OF DISCRIMINATION.

NOT EVERYTHING THAT MAKES AN EMPLOYEE UNHAPPY IS AN ADVERSE EMPLOYMENT ACTION. AN ADVERSE EMPLOYMENT ACTION OCCURS ONLY WHEN THE PLAINTIFF HAS SUFFERED OBJECTIVELY TANGIBLE HARM. MERE IDIOSYNCRACIES OF PERSONAL PREFERENCE ARE NOT SUFFICIENT TO STATE AN ADVERSE EMPLOYMENT ACTION. AN ADVERSE ACTION DOES NOT INCLUDE A MERE INCONVENIENCE OR PERSONALITY CONFLICT IN THE WORKPLACE.

IT IS UNLAWFUL FOR AN EMPLOYER TO DISCRIMINATE AGAINST ANY INDIVIDUAL BECAUSE OF THE INDIVIDUAL'S GENDER OR RACE. IN ORDER FOR MS. OWENS TO ESTABLISH HER CLAIMS OF GENDER DISCRIMINATION AND RACIAL DISCRIMINATION AGAINST THE DISTRICT UNDER THE DCHRA, SHE HAS THE BURDEN OF PROVING BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT TOOK AN ADVERSE EMPLOYMENT ACTION AGAINST HER, AND SUCH ACTION WAS MOTIVATED BY HER GENDER, FEMALE, OR BY HER RACE, AFRICAN-AMERICAN. IF YOU FIND THAT THE PLAINTIFF HAS FAILED TO PROVE EITHER OR BOTH OF THESE PROPOSITIONS BY A PREPONDERANCE OF THE EVIDENCE , THEN YOU MUST FIND AGAINST HER ON HER DISCRIMINATION CLAIM AND IN FAVOR OF DEFENDANT. IF, ON THE OTHER HAND, YOU FIND THAT THE PLAINTIFF HAS PROVED BOTH PROPOSITIONS BY A PREPONDERANCE OF THE EVIDENCE, THEN YOU MUST FIND IN HER FAVOR AND AGAINST THE DEFENDANT.

THE PLAINTIFF IS NOT REQUIRED TO PROVE THAT HER GENDER OR RACE WAS

THE SOLE OR EXCLUSIVE MOTIVATING FACTOR FOR THE DEFENDANT'S DECISION(S). THE PLAINTIFF MUST PROVE, HOWEVER, THAT HER GENDER OR RACE WAS A MOTIVATING FACTOR, AS PREVIOUSLY DEFINED. THAT IS, 1. BUT FOR THE PLAINTIFF'S GENDER OR RACE, THE DEFENDANT WOULD NOT HAVE TAKEN AN ADVERSE EMPLOYMENT ACTION AGAINST HER OR 2. THE PLAINTIFF'S GENDER OR RACE WAS THE FACTOR THAT MADE A DIFFERENCE IN THE DEFENDANT'S DECISION TO TAKE AN ADVERSE ACTION AGAINST HER.

AN EMPLOYER HAS THE RIGHT TO MAKE SUBJECTIVE PERSONNEL DECISIONS FOR ANY REASON THAT IS NOT DISCRIMINATORY. YOU MAY NOT RETURN A VERDICT FOR PLAINTIFF JUST BECAUSE YOU MIGHT DISAGREE WITH THE DEFENDANT'S CONDUCT OR BELIEVE IT TO BE HARSH OR UNREASONABLE, OR THAT IT EXERCISED POOR OR ERRONEOUS JUDGMENT. HOWEVER, YOU MAY CONSIDER WHETHER DEFENDANT'S REASON IS MERELY A COVER-UP FOR DISCRIMINATION.

YOU ALSO MUST CONSIDER ANY LEGITIMATE, NONDISCRIMINATORY REASONS OR EXPLANATION STATED BY THE DEFENDANT FOR ITS CONDUCT. IF YOU DETERMINE THAT THE DEFENDANT HAS STATED SUCH A REASON, THEN YOU MUST DECIDE IN FAVOR OF THE DEFENDANT UNLESS THE PLAINTIFF PROVES BY A PREPONDERANCE OF THE EVIDENCE THAT THE STATED REASON WAS NOT THE TRUE REASON, BUT WAS ONLY A PRETEXT OR EXCUSE FOR DEFENDANT DISCRIMINATING AGAINST THE PLAINTIFF BECAUSE OF HER RACE OR GENDER.

WHEN YOU CONSIDER WHETHER DISCRIMINATION OCCURRED, YOU MUST

CONSIDER WHETHER THE DEFENDANT EMPLOYER HAS GIVEN A LEGITIMATE NONDISCRIMINATORY REASON FOR THE ADVERSE EMPLOYMENT ACTION. THE LAW DOES NOT REQUIRE THE DEFENDANT EMPLOYER TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT EMPLOYER'S NONDISCRIMINATORY REASON WAS THE ONLY REASON FOR THE ADVERSE CONSEQUENCE. IT ALWAYS REMAINS THE PLAINTIFF'S BURDEN TO PROVE THE DEFENDANT EMPLOYER TOOK THE ADVERSE EMPLOYMENT ACTION FOR AN UNLAWFUL DISCRIMINATORY REASON. IF YOU DO NOT FIND THE DEFENDANT EMPLOYER'S REASONS TO BE CREDIBLE OR TRUE, THEN YOU MAY CONCLUDE, BUT ARE NOT REQUIRED TO DO SO, THAT THE PLAINTIFF HAS SATISFIED HER BURDEN OF PROVING THAT THE DEFENDANT INTENTIONALLY DISCRIMINATED AGAINST THE PLAINTIFF. DEFENDANT HERE CLAIMS IT HAD LEGITIMATE REASONS FOR TAKING AN ADVERSE EMPLOYMENT ACTION AGAINST THE PLAINTIFF. THE PLAINTIFF, ON THE OTHER HAND, CLAIMS THAT THE DEFENDANT'S ASSERTED REASONS ARE A MERE PRETEXT TO COVER UP A DISCRIMINATORY MOTIVE. THE PLAINTIFF MAY SHOW THAT THE DEFENDANT'S STATED REASONS FOR ITS DECISIONS ARE PRE-TEXTUAL IN SEVERAL WAYS:

1. EVIDENCE THAT THE STATED REASONS FOR THE DECISION ARE FALSE;

2. EVIDENCE THAT THE DEFENDANT ACTED CONTRARY TO A WRITTEN MPD POLICY PROSCRIBING THE ACTION TO BE TAKEN BY DEFENDANT UNDER THE CIRCUMSTANCES; OR

3. EVIDENCE THAT THE DEFENDANT ACTED CONTRARY TO AN UNWRITTEN POLICY OR CONTRARY TO ESTABLISHED MPD PRACTICE WHEN MAKING THE ADVERSE EMPLOYMENT ACTION AFFECTING THE PLAINTIFF.

14

AN EMPLOYER'S VIOLATION OF ITS OWN PROCEDURES CAN BE EVIDENCE OF PRETEXT.

IN DETERMINING WHETHER THE DEFENDANT'S STATED REASONS FOR THE DECISION ARE GENUINE OR PRETEXTUAL, YOU MUST EXAMINE THE FACTS AS THEY APPEARED TO THE PERSON MAKING THE EMPLOYMENT DECISION AT THE TIME THE DECISION WAS MADE.

AN EMPLOYER HAS THE RIGHT TO MAKE SUBJECTIVE PERSONNEL DECISIONS FOR ANY REASON THAT IS NOT DISCRIMINATORY.  YOU MAY NOT RETURN A VERDICT FOR PLAINTIFF JUST BECAUSE YOU MIGHT DISAGREE WITH THE DEFENDANT'S CONDUCT OR BELIEVE IT TO BE HARSH OR UNREASONABLE.

**LIABILITY INSTRUCTION IN DCHRA UNLAWFUL RETALIATION CASES §24.11**

PLAINTIFF BRINGS A CLAIM AGAINST D.C., BASED ON THE D.C. HUMAN RIGHTS ACT, FOR RETALIATION.  IT IS UNLAWFUL FOR AN EMPLOYER TO RETALIATE AGAINST AN EMPLOYEE FOR ENJOYING OR EXERCISING ANY LEGAL RIGHT UNDER THE HUMAN RIGHTS ACT.  FOR EXAMPLE, THE ACT PROHIBITS AN EMPLOYER FROM RETALIATING AGAINST AN EMPLOYEE FOR SUPPORTING OTHERS WHO SPEAK OUT AGAINST DISCRIMINATION. YOU MUST CONSIDER WHETHER THE PREPONDERANCE OF THE EVIDENCE ESTABLISHES THE FOLLOWING THREE ELEMENTS:

1. THAT THE PLAINTIFF WAS ENGAGING IN AN ACTIVITY THAT THE DCHRA PROTECTS;

2. THAT THE DEFENDANT TOOK SOME ACTION WHICH DISADVANTAGED OR HARMED HER, AND

**15**

3. THAT THE DEFENDANT'S ACTION WAS TAKEN BECAUSE OF THE PROTECTED ACTIVITY.

IF PLAINTIFF HAS NOT PROVED, BY A PREPONDERANCE OF THE EVIDENCE, THAT PLAINTIFF'S ENGAGING IN A PROTECTED ACTIVITY WAS A MOTIVATING FACTOR IN DEFENDANT'S DECISION, YOUR VERDICT MUST BE FOR DEFENDANT AND YOU NEED NOT PROCEED FURTHER IN CONSIDERING THIS CLAIM.

PROTECTED ACTIVITIES INCLUDE THE MAKING A CHARGE OF DISCRIMINATION OR RETALIATION, OR TESTIFYING, ASSISTING OR OTHERWISE PARTICIPATING IN ANY MANNER IN SOMEONE ELSE'S CHARGE OF DISCRIMINATION OR RETALIATION, INVESTIGATION, PROCEEDING OR HEARING. PLAINTIFF MUST PROVE THAT SHE ACTUALLY PARTICIPATED IN A PROTECTED ACTIVITY BUT PLAINTIFF DOES NOT HAVE TO PROVE THAT THE UNDERLYING CHARGE, INVESTIGATION, PROCEEDING OR HEARING WAS SUCCESSFUL.

WITH RESPECT TO PLAINTIFF'S CLAIMS UNDER THE DCHRA, THE PROTECTED ACTIVITY IS LIMITED TO PLAINTIFF'S TRIAL TESTIMONY IN FEBRUARY 2005, ON BEHALF OF SHARON RICHIE IN HER PREGNANCY DISCRIMINATION CASE.

## STANDARD FOR RETALIATION UNDER TITLE 42 UNITED STATES CODE §1981

MS. OWENS ALSO MADE A CLAIM UNDER THE FEDERAL CIVIL RIGHTS STATUTE [TITLE 42 U.S.C. §1981(B)] THAT PROHIBITS EMPLOYERS FROM ILLEGALLY DISCRIMINATING AGAINST EMPLOYEES. SPECIFICALLY, MS. OWENS CLAIMS THAT SHE WAS SUBJECTED TO RETALIATION IN THE TERMS AND CONDITIONS OF HER EMPLOYMENT BECAUSE SHE ENGAGED IN PROTECTED ACTIVITY - - - OPPOSING

RACIAL DISCRIMINATION.   UNDER THE LAW, SUCH OPPOSITION IS CONSIDERED PROTECTED ACTIVITY, AND AN EMPLOYEE CANNOT BE PUNISHED OR DISADVANTAGED FOR HAVING RAISED CONCERNS ABOUT RACE DISCRIMINATION. IT IS IRRELEVANT WHETHER THE EMPLOYER CONSIDERED HER OPPOSITION TO HAVE MERIT. WHETHER OR NOT THE EMPLOYER BELIEVED THE OPPOSITION WAS JUSTIFIED, IT MAY NOT RETALIATE AGAINST AN EMPLOYEE BECAUSE SHE OPPOSED RACIAL DISCRIMINATION OR COMPLAINED ABOUT IT.  TO PROVE RETALIATION UNDER 42 U.S.C. §1981, PLAINTIFF MUST PROVE:

> FIRST, THAT SHE ENGAGED IN PROTECTED ACTIVITY;
>
> SECOND, THAT PLAINTIFF SUFFERED AN ADVERSE EMPLOYMENT ACTION CONTEMPORANEOUSLY WITH OR SUBSEQUENT TO THAT PROTECTED ACTIVITY; AND
>
> THIRD, THAT THERE WAS A CAUSAL CONNECTION BETWEEN THE PROTECTED ACTIVITY AND THE ADVERSE ACTION.

WITH RESPECT TO PLAINTIFF'S CLAIMS UNDER SECTION 1981, THE PROTECTED ACTIVITIES ARE LIMITED TO PLAINTIFF'S COMMENTS REGARDING ILLEGAL DISCRIMINATION AGAINST OFFICERS TRACEY MILES AND SHARON RITCHIE, MADE WHEN SHE ATTENDED THE HOWARD UNIVERSITY LAW SCHOOL MEETING IN THE SUMMER OF 2001; PLAINTIFF'S PROVISION OF A SWORN STATEMENT TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION [EEOC] IN DISCRIMINATION CASES INVOLVING SHARON RICHIE AND TRACEY MILES IN NOVEMBER 2001; AND PLAINTIFF'S DEPOSITION TESTIMONY IN APRIL 2003 ON BEHALF OF SHARON RITCHIE.

IN CONSIDERING PLAINTIFF'S SECTION 1981 CLAIM FOR RETALIATION, YOU MAY

17

FIND THAT AN ADVERSE EMPLOYMENT ACTION IS SUFFICIENT TO SUPPORT A CLAIM FOR DISCRIMINATION IF IT RESULTS IN MATERIALLY ADVERSE CONSEQUENCES AFFECTING FUTURE EMPLOYMENT OPPORTUNITIES OR A DENIAL OF TRAINING.

PLAINTIFF MAY ESTABLISH A CAUSAL CONNECTION BETWEEN THE PROTECTED ACTIVITY AND THE ADVERSE ACTION:

1. BY DEMONSTRATING BY DIRECT EVIDENCE THAT RETALIATION WAS A MOTIVATING FACTOR [AS HAS BEEN PREVIOUSLY DEFINED] IN THE EMPLOYER'S DECISION TO TAKE AN ADVERSE ACTION, OR

2. BY DEMONSTRATING CIRCUMSTANCES RAISING AN INFERENCE THAT RETALIATION WAS A MOTIVATING FACTOR IN THE EMPLOYER'S DECISION TO TAKE AN ADVERSE ACTION, SUCH AS

(A) PROTECTED CONDUCT FOLLOWED CLOSELY BY AN ADVERSE ACTION, OR

(B) PROOF OF ANY EMPLOYER EFFORTS TO CONCEAL THE ALLEGED RETALIATORY ACT.

IF YOU FIND PLAINTIFF PROVED THAT ENGAGING IN A PROTECTED ACTIVITY WAS A FACTOR THAT MOTIVATED OR PLAYED A PART IN DEFENDANT'S DECISION TO TAKE AN ADVERSE EMPLOYMENT ACTION AGAINST THE PLAINTIFF, THEN YOU MUST FIND FOR THE PLAINTIFF UNLESS YOU DETERMINE THAT THE DEFENDANT SHOWED IT WOULD HAVE REACHED THE SAME DECISION REGARDLESS OF PLAINTIFF'S ENGAGING IN A PROTECTED ACTIVITY.

IF YOU FIND THAT PLAINTIFF HAS PROVED EACH OF THESE ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE, THEN YOU MUST FIND FOR PLAINTIFF AND

AGAINST DEFENDANT ON THIS CLAIM. IF PLAINTIFF HAS NOT PROVED, BY A PREPONDERANCE OF THE EVIDENCE, THAT PLAINTIFF'S ENGAGING IN A PROTECTED ACTIVITY CONCERNING RACIAL DISCRIMINATION WAS A MOTIVATING FACTOR IN DEFENDANT'S DECISION, YOUR VERDICT MUST BE FOR DEFENDANT AND YOU NEED NOT PROCEED FURTHER IN CONSIDERING THIS CLAIM.

YOU HAVE HEARD EVIDENCE THAT THE DEFENDANT'S TREATMENT OF THE PLAINTIFF MAY HAVE BEEN MOTIVATED BY A DESIRE TO DISCRIMINATE OR RETALIATE AGAINST THE PLAINTIFF. IF YOU FIND THAT DISCRIMINATION OR RETALIATION WAS A MOTIVATING FACTOR, THEN PLAINTIFF IS ENTITLED TO YOUR VERDICT EVEN IF YOU FIND THAT THE ADVERSE EMPLOYMENT ACTION WAS ALSO MOTIVATED BY A NON-DISCRIMINATORY OR NON-RETALIATORY REASON.

[12-1]  I HAVE NOW GIVEN YOU ALL THE LAW REGARDING THE PRINCIPLES BY WHICH YOU SHOULD EXAMINE THIS CASE. NEXT, I WILL DIRECT YOU TO THE ISSUE OF DAMAGES, WHICH YOU SHALL CONSIDER IN  LIGHT OF WHAT I AM ABOUT TO TELL YOU.  AT THAT POINT, YOU WILL THEN DETERMINE THE AMOUNT OF DAMAGES THAT WILL FAIRLY AND ADEQUATELY COMPENSATE PLAINTIFF IN ACCORDANCE WITH THE EVIDENCE AND THESE INSTRUCTIONS.

THE FACT THAT I AM INSTRUCTING YOU ON DAMAGES SHOULD NOT BE CONSIDERED AS AN INDICATION OF THE COURT'S OPINION AS TO WHICH PARTY IS ENTITLED TO YOUR VERDICT IN THIS CASE. THE INSTRUCTIONS ON DAMAGES ARE FOR YOUR GUIDANCE, IF YOU SHOULD FIND THAT THE PLAINTIFF IS ENTITLED TO

DAMAGES.

[12-2] THE PLAINTIFF IS ENTITLED TO DAMAGES THAT WERE PROXIMATELY CAUSED BY THE DEFENDANT'S DISCRIMINATION ON THE BASIS OF GENDER OR RACE OR DEFENDANT's RETALIATION FOR PLAINTIFF HAVING ENGAGED IN A PROTECTED ACTIVITY.

FOR UNLAWFUL CONDUCT TO BE THE PROXIMATE CAUSE OF THE DAMAGES, THE PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE DISCRIMINATION OR RETALIATION PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING THE DAMAGES AND THAT THE DAMAGES WERE EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE DISCRIMINATION OR RETALIATION. CONDUCT BY THE DISTRICT THAT DOES NOT CAUSE HARM DOES NOT ENTITLE THE PLAINTIFF TO DAMAGES.  BY THE SAME TOKEN, HARM TO THE PLAINTIFF WHICH IS NOT THE RESULT OF UNLAWFUL CONDUCT BY THE DISTRICT OF COLUMBIA DOES NOT ENTITLE PLAINTIFF TO DAMAGES.

IF YOU FIND DEFENDANT DISCRIMINATED AGAINST THE PLAINTIFF BASED ON HER RACE OR GENDER OR RETALIATION AGAINST PLAINTIFF BECAUSE SHE ENGAGED IN A PROTECTED ACTIVITY, THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR MS. OWENS' DAMAGES.  YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT MS. OWENS PROVES WERE CAUSED BY DEFENDANT'S ALLEGEDLY WRONGFUL CONDUCT.

THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION TO THE PLAINTIFF FOR HER ACTUAL INJURIES CAUSED BY UNLAWFUL DISCRIMINATION OR

RETALIATION —NO MORE AND NO LESS.

YOU MAY AWARD DAMAGES FOR ANY PAIN, SUFFERING, EMBARRASSMENT, HUMILIATION OR MENTAL ANGUISH THAT PLAINTIFF EXPERIENCED AS A CONSEQUENCE OF DEFENDANT'S ALLEGEDLY UNLAWFUL ACT. NO EVIDENCE OF THE MONETARY VALUE OF SUCH INTANGIBLE THINGS AS PAIN AND SUFFERING HAS BEEN, OR NEED BE, INTRODUCED INTO EVIDENCE.  THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE.  ANY AWARD YOU MAKE SHOULD BE FAIR IN LIGHT OF THE EVIDENCE PRESENTED AT TRIAL.

IN DETERMINING ANY AWARD OF COMPENSATORY DAMAGES, YOU MAY NOT CONSIDER ANY COST TO PLAINTIFF OF HIRING AN ATTORNEY.  THOSE ATTORNEYS FEES ARE ALSO DETERMINED BY THE COURT AND MAY NOT BE INCLUDED IN YOUR DAMAGE AWARD.  YOU MAY NOT AWARD THE PLAINTIFF DAMAGES FOR ANY STRESS INDUCED BY THE PROSECUTION OF HER CLAIMS.  A DEFENDANT HAS THE RIGHT TO DEFEND ITSELF, AND THEREFORE A PLAINTIFF MAY NOT RECOVER FOR ANY STRESS CAUSED BY BRINGING, ASSERTING, ARGUING, OR OTHERWISE LITIGATING HER CLAIMS.

YOU MAY NOT AWARD PUNITIVE DAMAGES IN THIS CASE.  THUS, YOU MAY NOT BASE ANY MONETARY AWARD ON A DESIRE TO PUNISH THE DEFENDANT, OR TO WARN OTHER EMPLOYERS NOT TO ENGAGE IN UNLAWFUL DISCRIMINATION. RATHER, ANY MONETARY AWARD THAT YOU MAKE MUST BE CALCULATED SOLELY TO PROVIDE FAIR COMPENSATION TO THE PLAINTIFF FOR HER ACTUAL INJURIES CAUSED BY UNLAWFUL DISCRIMINATION AND RETALIATION AND NO OTHER BASIS.

IN DETERMINING THE AMOUNT OF ANY DAMAGES THAT YOU DECIDE TO AWARD, YOU SHOULD BE GUIDED BY COMMON SENSE. YOU MUST USE SOUND JUDGMENT IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES FROM THE FACTS IN EVIDENCE. [12-3] THE BURDEN OF PROOF IS UPON THE PLAINTIFF TO ESTABLISH ALL ELEMENTS OF HER DAMAGES BY A PREPONDERANCE OF THE EVIDENCE. THE PLAINTIFF MUST PROVE HER DAMAGES WITH REASONABLE CERTAINTY. YOU MAY NOT AWARD DAMAGES BASED ON SYMPATHY, SPECULATION, OR GUESS WORK. ON THE OTHER HAND, THE LAW DOES NO REQUIRE THAT PLAINTIFF PROVE THE AMOUNT OF HIS LOSSES WITH PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS CIRCUMSTANCES PERMIT.

IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO A VERDICT IN ACCORDANCE WITH THESE INSTRUCTIONS, BUT DO NOT FIND THAT THE PLAINTIFF HAS SUSTAINED SUBSTANTIAL DAMAGES, THEN YOU MAY RETURN A VERDICT FOR THE PLAINTIFF IN SOME NOMINAL SUM, SUCH AS ONE DOLLAR.

REMEMBER, THROUGHOUT YOUR DELIBERATIONS, YOU MUST NOT ENGAGE IN ANY SPECULATION, GUESS, OR CONJECTURE AND YOU MUST NOT AWARD DAMAGES UNDER THIS INSTRUCTION BY WAY OF PUNISHMENT OR THROUGH SYMPATHY.

YOU WERE PERMITTED TO TAKE NOTES IN THIS CASE. YOU ARE INSTRUCTED THAT YOUR NOTES ARE ONLY A TOOL TO AID YOUR OWN INDIVIDUAL MEMORY AND YOU SHOULD NOT COMPARE YOUR NOTES WITH OTHER JURORS IN DETERMINING THE CONTENT OF ANY TESTIMONY OR IN EVALUATING THE

IMPORTANCE OF ANY EVIDENCE. YOUR NOTES ARE NOT EVIDENCE, AND ARE BY NO MEANS A COMPLETE OUTLINE OF THE PROCEEDINGS OR A LIST OF THE HIGHLIGHTS OF THE TRIAL. YOUR MEMORY SHOULD BE YOUR GREATEST ASSET WHEN IT COMES TIME TO DECIDING THIS CASE.

MEMBERS OF THE JURY, WHEN YOU RETIRE TO THE JURY ROOM YOUR FIRST TASK WILL BE TO SELECT A FOREPERSON. THE FOREPERSON WILL ACT AS THE CHAIRPERSON DURING YOUR DELIBERATIONS AND WILL SIGN THE VERDICT FORM WHEN YOU HAVE REACHED A UNANIMOUS VERDICT.

THE MANNER IN WHICH JURORS CONDUCT THEMSELVES AT THE OUTSET OF YOUR DELIBERATIONS IS VERY IMPORTANT. FOR EXAMPLE, IT IS NOT APPROPRIATE UPON ENTERING THE JURY ROOM FOR A JUROR TO EMPHATICALLY EXPRESS HIS OR HER OPINION OF THE CASE OR STATE THEY ARE DETERMINED TO TAKE AND STAY WITH ONE POSITION OR ANOTHER.

REMEMBER, YOU ARE NOT PARTISANS OR ADVOCATES IN THIS CASE, YOU ARE IMPARTIAL JUDGES.

[1-4]   IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO WITHOUT DOING VIOLENCE TO YOUR INDIVIDUAL JUDGMENT. TO EACH OF YOU I WOULD SAY THAT YOU MUST DECIDE THE CASE FOR YOURSELF BUT YOU SHOULD DO SO ONLY AFTER DISCUSSING IT WITH YOUR FELLOW JURORS, AND YOU SHOULD NOT HESITATE TO CHANGE AN OPINION WHEN CONVINCED THAT IT IS ERRONEOUS. YOU SHOULD NOT BE INFLUENCED TO VOTE IN ANY WAY ON ANY QUESTION SUBMITTED TO YOU BY THE SINGLE FACT THAT A MAJORITY OF THE JURORS, OR ANY OF THEM, FAVOR A PARTICULAR DECISION OR HOLD AN

OPINION AT VARIANCE WITH YOUR OWN.  IN OTHER WORDS, YOU SHOULD NOT SURRENDER YOUR HONEST CONVICTIONS CONCERNING THE EFFECT OR WEIGHT OF EVIDENCE FOR THE MERE PURPOSE OF RETURNING A VERDICT OR SOLELY BECAUSE OF THE OPINION OF THE OTHER JURORS.

[1-5] THE FINAL TEST OF THE QUALITY OF YOUR SERVICE WILL LIE IN THE VERDICT WHICH YOU RETURN TO THIS COURTROOM, NOT IN THE OPINIONS ANY OF YOU MAY HOLD BEFORE AGREEMENT ON A VERDICT.  BEAR IN MIND THAT YOU WILL MAKE A DEFINITE CONTRIBUTION TO EFFICIENT JUDICIAL ADMINISTRATION IF YOU ARRIVE AT A JUST AND PROPER VERDICT IN THIS CASE. TO THAT END, THE COURT REMINDS YOU THAT IN YOUR DELIBERATIONS IN THE JURY ROOM YOUR PURPOSE SHOULD NOT BE TO SUPPORT YOUR OWN OPINION BUT TO ASCERTAIN AND DECLARE THE TRUTH.

A SPECIAL VERDICT FORM HAS BEEN PREPARED FOR YOUR CONVENIENCE. YOU WILL TAKE THIS FORM TO THE JURY ROOM.  YOU WILL NOTE THAT THE VERDICT FORM CONTAINS SEVERAL QUESTIONS.  THE ANSWER TO EACH QUESTION MUST BE THE UNANIMOUS ANSWER OF THE JURY.  YOUR FOREPERSON WILL WRITE THE UNANIMOUS ANSWER OF THE JURY IN THE SPACE PROVIDED AT THE END OF EACH QUESTION.  FOLLOW THE INSTRUCTIONS PROVIDED.  THE FOREPERSON WILL THEN DATE AND SIGN THE SPECIAL VERDICT FORM AS SO COMPLETED; AND YOU WILL THEN RETURN WITH IT TO THE COURTROOM.

IF IT BECOMES NECESSARY TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE BY THE MARSHAL, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH ME BY ANY MEANS OTHER THAN A SIGNED WRITING, AND

24

I WILL NOT COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THIS CASE OTHER THAN IN WRITING, OR ORALLY HERE IN OPEN COURT.

BEAR IN MIND ALSO THAT YOU ARE NEVER TO REVEAL TO ANY PERSON – NOT EVEN TO ME– HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTIONS BEFORE YOU, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.

THE JURY WILL NOW RETIRE TO DELIBERATE.